IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>QUALCOMM INC.; QUALCOMM TECHNOLOGIES, INC.,<br><br>    Defendants. | Case No. 7:24-cv-00231-ADA |

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.  FACTUAL BACKGROUND ........................................................................................... 1

III. LEGAL STANDARD ....................................................................................................... 3

    A.  Dismissal Under Rule 12(b)(6) ................................................................................3

    B.  Properly Pleading Direct Infringement ....................................................................4

IV.  ARGUMENT .................................................................................................................... 6

    A.  Redstone's Direct Infringement Allegations are Mere Speculation and Impermissibly Mix-and-Match Products, Relying on Support From a Non-Accused Product of Third Party ARM ......................................................................6

    B.  No Induced Infringement without Direct Infringement ...........................................9

V.   CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ak Meeting IP LLC v. Zoho Corp.*,
   No. 1:22-CV-1165-LY-DH, 2023 U.S. Dist. LEXIS 19142 (W.D. Tex. Feb. 6,
   2023) ............................................................................................................................5, 6

*Ak Meeting IP LLC v. Zoho Corp.*,
   No. 1:22-CV-01165-LY, 2023 U.S. Dist. LEXIS 71307, at *4 (W.D. Tex.
   Mar. 1, 2023)......................................................................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................................3, 4, 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................................3

*Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*,
   748 F.3d 631 (5th Cir. 2014) .............................................................................................4

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005)..........................................................................................5

*CTD Networks LLC v. Microsoft Corp.*,
   No. W-22-CV-01049-XR, 2023 U.S. Dist. LEXIS 147010 (W.D. Tex. Aug.
   22, 2023) ........................................................................................................................5, 7

*Fernandez–Montes v. Allied Pilots Ass'n*,
   987 F.2d 278 (5th Cir. 1993) .............................................................................................4

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009)...............................................................................................4

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
   No. 6:17-cv-00143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) .................................4

*LifeNet Health v. LifeCell Corp.*,
   837 F.3d 1316 (Fed. Cir. 2016)..........................................................................................4

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
   572 U.S. 915 (2014)...........................................................................................................9

*Mosaic Brands, Inc. v. Ridge Wallet LLC*,
   No. 2:20-cv-04556-AB, 2020 U.S. Dist. LEXIS 174997 (C.D. Cal. Sep. 3,
   2020) ..................................................................................................................................9

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)................................4

*Plotkin v. IP Axess Inc.*,
 407 F.3d 690 (5th Cir. 2005) ...................................................................................................4

*R2 Invs. LDC v. Phillips*,
 401 F.3d 638 (5th Cir. 2005) ...................................................................................................8

*Redstone Logics LLC v. NXP USA, Inc.*,
 Case No. 7:24-cv-00028, Dkt. 23 (W.D. Tex. 2024) ...............................................................7

*United States ex rel. Steury v. Cardinal Health Inc.*,
 735 F.3d 202 (5th Cir. 2013) ...................................................................................................8

*TeleSign Corp. v. Twilio, Inc.*,
 No. cv 16-2106-PSG, 2016 U.S. Dist. LEXIS 123516, 2016 WL 4703873
 (C.D. Cal. Aug. 3, 2016) ..........................................................................................................5

*Turner v. Lieutenant Driver*,
 848 F.3d 678 (5th Cir. 2017) ...................................................................................................8

**Rules and Statutes**

35 U.S.C. § 271(a) ...........................................................................................................................4

Federal Rule of Civil Procedure Rule 12(b)(6) .......................................................................3, 4, 9

I.   **INTRODUCTION**

Redstone's[1] Second Amended Complaint should be dismissed because Redstone fails to provide plausible allegations relating to infringement by any accused Qualcomm product. The Second Amended Complaint identifies two categories of accused products: Qualcomm's Snapdragon 8 Gen 2 Octa-Core and the Snapdragon 835 Mobile Platform (collectively "Accused Snapdragon Products"). But fatally, for both product categories, Redstone points to a ***different*** product sold by a completely ***different non-party company,*** Arm Limited ("ARM"). Without any reason, Redstone mixes-and-matches documentation for a variety of different products from companies other than Qualcomm to support its allegations against Qualcomm. That simply does not plausibly support a claim that Qualcomm's products directly infringe the asserted patent. As a consequence, all of Redstone's infringement allegations, both direct and indirect, fail to satisfy the requirements of *Iqbol/Twombly*, and the Complaint must be dismissed.

II.  **FACTUAL BACKGROUND**

On September 20, 2024, Redstone filed its Original Complaint (Dkt. 1), which alleged that the Accused Snapdragon Products infringe Claim 1 of the '339 patent and attached a claim chart purporting to support this claim. Dkt. 1 at ¶¶ 9, 12; Dkt. 1-2. On November 1, 2024, Redstone filed its Amended Complaint (Dkt. 13), which attached an amended claim chart (Dkt. 13-2). On November 26, 2024, Redstone filed its Second Amended Complaint (Dkt. 14), which amended allegations related to its claim of induced infringement but not the accompanying claim chart (Dkt. 14-2, "Claim Chart"). Like its Original Complaint, Redstone's operative Second Amended Complaint alleges (a) that the "Snapdragon 8 Gen 2 Octa-Core contains eight cores implementing

---

[1] As used herein, "Qualcomm" refers to Defendants Qualcomm Incorporated and Qualcomm Technologies, Inc., and "Redstone" refers to Plaintiff Redstone Logics LLC.

1

the ARM DynamIQ Shared Unit-110 architecture," and (b) that "the Snapdragon 835 Mobile Platform contains eight cores implementing the ARM big.LITTLE architecture." Dkt. 14-2 at 1.[2]

Although the Second Amended Complaint purports to accuse two separate Qualcomm products, each with a different alleged microarchitecture (DynamIQ and big.LITTLE), the Claim Chart lumps all allegations into a single table with no meaningful effort to identify whether a particular allegation relates to the accused Snapdragon 8 Gen 2 Octa-Core or the accused Snapdragon 835 Mobile Platform. What's worse than that, the Claim Chart principally cites to third-party ARM documents as the basis for Redstone's infringement allegations rather than any Qualcomm documents describing any Qualcomm product.[3]

ARM both licenses certain intellectual property and designs and sells its own physical products, including development boards. Redstone's Claim Chart relies upon three distinct ARM offerings to allege Qualcomm's Infringement: (1) ARM's big.LITTLE architecture, (2) ARM's DynamIQ architecture, and (3) a physical product designed, built, and sold by ARM called the *ARM® CoreTile Express A15×2 A7×3* (the "ARM Daughterboard"). *See generally* Dkt. 14-2; *see also* Ex. 1 (ARM Daughterboard reference manual). While the Claim Chart cites to ARM's big.LITTLE and DynamIQ documentation for a majority of the limitations in Claim 1 of the '339 patent, those materials are silent as to several elements of the asserted claims, including "a first phase lock loop (PLL) having a first clock signal as input" and "a second PLL having a second clock signal as input, … and the first clock signal is independent from the second clock signal." For these claim elements, Redstone proffers (a) a conclusory statement as to what was supposedly

---

[2] "Architecture" in this context refers to the microarchitecture of the accused products, namely the physical arrangement and electrical characteristics of the various circuitry contained within a semiconductor chip.

[3] In addition to ARM documents, the Claim Chart includes excerpts from two Wikipedia pages and a technology news website.

"typical" in the industry (*id.* at 8, 24), and (b) implausible inferences drawn from the ***ARM*** Daughterboard's documentation, with Redstone concluding it is "substantially likely that each" Accused Snapdragon Product uses the same PLL architecture as the ARM Daughterboard:

> ARM documentation for the big.LITTLE and DynamIQ architectures used in the Accused Products directly shows that each core cluster receives its own clock domain. At the time the Accused Products were designed, it was ***typical*** to produce this clock using a PLL that has a corresponding clock input. Furthermore, ARM documentation for an earlier, related device (the Cortex-A15_A7 MPCore test chip, which also has independent clock domains for different CPU clusters) shows each CPU cluster receiving an output clock signal from a PLL having a corresponding clock signal as input (e.g. from an oscillator). It is therefore ***substantially likely*** that each Accused Product specifically receives a first output clock signal of a first PLL having a first clock signal as input.

*Id.* at 8; *see* also *id.* at 24 (regarding the second PLL). No facts are alleged to plausibly support these statements.

Redstone's Second Amended Complaint fails to identify plausible support for Redstone's apparent contention that processor cores in the Accused Snapdragon Products are incorporated within Qualcomm's products in the same manner that ARM chose to implement its own cores within its own distinct test chip. *See id. generally*.

### III.    LEGAL STANDARD

#### A.    Dismissal Under Rule 12(b)(6)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Thus,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"When presented with a Rule 12(b)(6) motion, a court conducts a two-part analysis. First, the court separates the factual and legal elements, accepting 'all of the complaint's well-pleaded facts as true, [while] . . . disregard[ing] any legal conclusions.' Second, the court determines 'whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.''" *Parity Networks, LLC v. Cisco Sys., Inc.,* No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *1 (W.D. Tex. July 26, 2019) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)) (alterations in original).

"The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). But, a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir. 2005) (citation omitted); *see also Ashcroft*, 556 U.S. at 679 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). "Conclusory allegations, or legal conclusions masquerading as factual conclusions, will not suffice to prevent a motion to dismiss." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017) (citing *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)) (report and recommendation).

B.    **Properly Pleading Direct Infringement**

Under 35 U.S.C. § 271(a), a defendant directly infringes a patent by making, using, selling, or offering to sell a patented invention within the United States. Direct infringement "requires that each and every limitation set forth in a claim appear in an accused product." *LifeNet Health v.*

4

*LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016) (quoting *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005)). "An element-by-element pleading of fact for each asserted patent claim is not required, but: To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." *Ak Meeting IP LLC v. Zoho Corp.*, No. 1:22-CV-1165-LY-DH, 2023 U.S. Dist. LEXIS 19142, at *8-9 (W.D. Tex. Feb. 6, 2023) (internal quotation marks and citations omitted), report and recommendation adopted, No. 1:22-CV-01165-LY, 2023 U.S. Dist. LEXIS 71307, at *4 (W.D. Tex. Mar. 1, 2023). "A plaintiff does not satisfy this requirement by mixing and matching between different accused products in its claim charts, as infringement cannot be shown by a muddled hash of elements from different products." *CTD Networks LLC v. Microsoft Corp.*, No. W-22-CV-01049-XR, 2023 U.S. Dist. LEXIS 147010, at *12 (W.D. Tex. Aug. 22, 2023) (cleaned up); *see also TeleSign Corp. v. Twilio, Inc.*, No. cv 16-2106-PSG, 2016 U.S. Dist. LEXIS 123516, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) (finding plaintiff failed to state a claim for infringement when it neither plausibly alleged any one product performed all elements nor that multiple products were used conjunctively to infringe). Where a complaint fails to plausibly demonstrate that a single product meets all elements of an asserted claim, but instead mixes and matches support from multiple distinct products, dismissal is appropriate. *See CTD Networks*, 2023 U.S. Dist. LEXIS 147010, at *12 (dismissing a complaint that "mix[ed] and match[ed] software products to satisfy limitations of the variously infringed patent claims"); *see also Ak Meeting IP*, 2023 U.S. Dist. LEXIS 19142, at *11 (dismissing a complaint that "mixes and matches disparate features of three different [defendant] products and asserts these features collectively infringe").

## IV.  ARGUMENT

### A.  Redstone's Direct Infringement Allegations are Mere Speculation and Impermissibly Mix-and-Match Products, Relying on Support From a Non-Accused Product of Third Party ARM

Redstone's direct infringement allegations fail to meet the pleading requirements of *Iqbal/Twombly* because they implausibly hinge on the design of a **product designed, manufactured, and sold by ARM**—not Qualcomm.  *See* Dkt. 14-2 at 8, 23, 24, 40 (relying on an earlier ARM "test chip").  To properly plead Qualcomm's direct infringement, Redstone must plausibly allege that each accused Qualcomm product satisfies all elements of an asserted claim.  *See Ak Meeting IP*, 2023 U.S. Dist. LEXIS 19142, at *8-9 ("To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets **each limitation** of the asserted claim or claims.").  Redstone has not done so, warranting dismissal of its direct infringement allegations.

As detailed above, Redstone's argument regarding direct infringement primarily hinges on allegations that Qualcomm implements processor cores in its Accused Snapdragon Products according to ARM's big.LITTLE and DynamIQ architectures.  Dkt. 14-2.  However, the cited big.LITTLE and DynamIQ documentation never depict the first and second PLLs or their independent clocks required by Claim 1—a fact that Redstone does not appear to dispute.

Redstone impermissibly turns to documentation for the ARM Daughterboard and ARM's purported decision to use first and second PLLs with separate clock inputs in an ARM physical product, with no facts that plausibly suggest this documentation describes Qualcomm products.  *Id.* at 8, 23, 34, 40 (citing to the ARM Daughterboard documentation to allege infringement).  Specifically, the Amended Complaint relies upon the following image that Redstone excerpted from **ARM** documentation for a non-Qualcomm product:

6



*Id.* at 23, 40 (excerpted, annotated); *see also* Ex. 1 at 2-26. This figure appears in the "*ARM® CoreTile Express A15×2 A7×3 Technical Reference Manual*," and the image relates to the ARM "CoreTile Express A15×2 A7×3 daughterboard" (defined above as the "ARM Daughterboard"). *See* Ex. 1 at 2-26. The ARM Daughterboard is not one of the Accused Snapdragon Products, and Redstone provides no reason why it can plausibly rely upon documentation for a product that is wholly separate from any of the Accused Snapdragon Products to allege that the accused products meet the requirements of Claim 1.[4]

Redstone's direct infringement allegations are merely an impermissible "mixing and matching" of different products, including non-party products. An infringement claim cannot be shown "by a muddled hash of elements from different products," let alone party and non-party products. *CTD Networks LLC*, 2023 U.S. Dist. LEXIS 147010, at *12. The Amended Complaint never plausibly alleges that Qualcomm's products are somehow connected to the ARM Daughterboard or its particular arrangement of PLLs with separate clock inputs. Redstone does not and cannot contend that the ARM Daughterboard is designed, made, sold, or used by

---

[4] While Redstone contends in a related matter that the ARM Daughterboard implements ARM's big.LITTLE architecture (*Redstone Logics LLC v. NXP USA, Inc.*, Case No. 7:24-cv-00028, Dkt. 23 at 8 (W.D. Tex. 2024)), the technical reference manual for the product says nothing about the DynamIQ architecture alleged to be implemented in Qualcomm's Snapdragon 8 Gen 2 Octa-Core, making these allegations even less plausible for that product.

Qualcomm. Instead, the Amended Complaint refers to the ARM Daughterboard as "an earlier, related device." Dkt. 14-2 at 8, 24. Redstone engages in unfounded speculation that it "is therefore ***substantially likely*** that each Accused Product" has the same structure as the ARM Daughterboard. Dkt. 14-2 at 8, 24. This is not a reasonable inference, particularly when, as here, Redstone relies on a different product designed by a different engineering team at a different and unrelated company in a product released twelve years ago by ARM.[5] Ex. 1 at ii.

"Although a complaint 'does not need detailed factual allegations,' the 'allegations must be enough to raise a right to relief above the speculative level.'" *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) (quoting *Iqbol*, 555 U.S. at 678). A court should "not strain to find inferences favorable to the plaintiff" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal quotation marks and citation omitted). Redstone, however, bases its infringement allegations on mere speculation that Qualcomm's architecture is designed in the same manner as non-Qualcomm products—but, more is required. Redstone's "factual allegations must support a claim to relief that is plausible on its face and ***rises above mere speculation***." *See United States ex rel. Steury v. Cardinal Health Inc.*, 735 F.3d 202, 204 (5th Cir. 2013). Redstone's speculation as to the inclusion of PLLs with independent clock inputs within the Accused Snapdragon Products does not plausibly support a claim for infringement.

---

[5] Indeed, the two chips do not even contain the same processor cores. While the Accused Snapdragon Products are alleged to contain ARM Cortex-3, ARM Cortex-A715, ARM Cortex-A710, ARM Cortex-A510, as well as ARM Cortex-A73 and ARM Cortex-A53 processing cores (Dkt. 13-2 at 2, 3, 9, 10, 25, 26), the ARM Daughterboard is described as containing ARM Cortex-A7 and Cortex-A15 processing cores (Dkt. 13-2 at 8, 23, 24, 40, 41).

Because Redstone's allegations regarding first and second PLLs with independent clock inputs is speculation ungrounded in any plausible fact, respectfully, Redstone's claim for direct infringement must be dismissed.

### B. No Induced Infringement without Direct Infringement

Because Redstone has not plausibly pled any act of direct infringement—a prerequisite to a finding of indirect infringement—Redstone's indirect infringement allegations must also be dismissed as not plausibly pled. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) ("[I]nducement liability may arise if, but only if, there is direct infringement." (cleaned up)); *see also Mosaic Brands, Inc. v. Ridge Wallet LLC*, No. 2:20-cv-04556-AB (JCx), 2020 U.S. Dist. LEXIS 174997, at *11-12 (C.D. Cal. Sep. 3, 2020) (dismissing induced infringement where "Plaintiff has not adequately pleaded an underlying act of direct infringement").

### V. CONCLUSION

For the foregoing reasons, Qualcomm respectfully requests that the Court grant its motion and dismiss Plaintiff's claims for infringement of the '339 Patent under Rule 12(b)(6).

Date: December 6, 2024                    Respectfully submitted,

                                          By:   *Daniel S. Leventhal*

                                          Richard S. Zembek (SBN 00797726)
                                          richard.zembek@nortonrosefulbright.com
                                          Daniel S. Leventhal (SBN 24050923)
                                          daniel.leventhal@nortonrosefulbright.com
                                          **NORTON ROSE FULBRIGHT US LLP**
                                          1550 Lamar Street, Suite 2000
                                          Houston, TX 77010
                                          Telephone: (713) 651-5151
                                          Fax: (713) 651-5246

                                          Eric C. Green (SBN 24069824)
                                          eric.green@nortonrosefulbright.com
                                          Brett A. McKean (SBN 24057994)
                                          brett.mckean@nortonrosefulbright.com
                                          **NORTON ROSE FULBRIGHT US LLP**
                                          98 San Jacinto Boulevard, Suite 1100
                                          Austin, Texas 78701
                                          Tel: (512) 474-5201
                                          Fax: (512) 536-4598

                                          **COUNSEL FOR DEFENDANTS QUALCOMM INC. AND QUALCOMM TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

I certify that on December 6, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                          By: *Daniel S. Leventhal*
                                              Daniel S. Leventhal