# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

REDSTONE LOGICS LLC

*Plaintiff,*

v.

QUALCOMM INC.; QUALCOMM
TECHNOLOGIES, INC.,

*Defendants*.

Case No. 7:24-cv-00231

**JURY TRIAL DEMANDED**

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## TABLE OF CONTENTS

I.    Introduction ........................................................................................................... 1

II.   Legal Standard ....................................................................................................... 1

III.  The Complaint Exceeds Pleading Requirements For Direct Infringement ........................... 3

IV.   The Complaint Sufficiently Pleads Post-Suit Induced Infringement .................................... 6

V.    Plaintiff Should Have Leave To Amend Any Remaining Allegations ................................... 6

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ak Meeting IP LLC v. Zoho Corp.*,
   No. 1:22-CV-1165-LY, 2023 U.S. Dist. LEXIS 19142 (W.D. Tex. Feb. 6, 2023) ................... 6

*Ashcroft v. Iqbal*,
   556 U.S. 544 (2007) ........................................................................................................ 1, 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 554 (2007) ........................................................................................................... 2

*Berall v. Pentax of Am., Inc.*,
   No. 10-CV-577 (LAP), 2021 WL 3934200 (S.D.N.Y. Sept. 2, 2021) ...................................... 3

*CTD Networks LLC v. Microsoft Corp.*,
   No. W-22-CV-01049-XR, 2023 U.S. Dist. LEXIS 147010, (W.D. Tex. Aug. 22, 2023) .......... 5

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
   F.3d 1256 (Fed. Cir. 2018) .................................................................................................. 3

*Erickson v. Pardus*,
   551 U.S. 89 (2007) ............................................................................................................. 2

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ........................................................................................... 3

*Johnson v. BOKF Nat'l Ass'n*,
   15 F.4th 356 (5th Cir. 2021) ............................................................................................... 1

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007) ........................................................................................... 1

*Motiva Patents LLC v. Sony Corp.*,
   408 F. Supp. 2d 819 (E.D. Tex. 2019) .................................................................................. 2

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018) ........................................................................................... 2

*Neonode Smartphone LLC v. Samsung Elecs. Co.*,
   No. 6:20-CV-00507-ADA, 2023 WL 5426743 (W.D. Tex. June 27, 2023) ............................ 1

*Novitaz, Inc. v. inMarket Media, LLC*,
   No. 16-cv-06795-EJD, 2017 WL 2311407 (N.D. Cal May 26, 2017) ..................................... 2

*Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*,
   No. 219CV00834GMNBNW, 2020 WL 569880 (D. Nev. Feb. 5, 2020) ................................. 3

*Repairify, Inc. v. Keystone Auto. Indus., Inc.*,
   610 F. Supp. 3d 897 (W.D. Tex. 2022) ................................................................................ 2

*Ruby Sands, LLC v. Am. Nat'l Bank of Tex.*,
   No. 2:15-cv-1955, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ........................................... 2

*Unification Techs. LLC v. Dell Techs., Inc.*,
   6:20-CV-00499-ADA, 2021 WL 1343188 (W.D. Tex. Jan 28, 2021) ...................................... 3

*Xiros, Ltd. v. Depuy Synthes Sales, Inc.*,
   W-21-CV-00681-ADA, 2022 WL 3592449 (W.D. Tex. Aug. 22, 2022)..................................2

**Statutes**

Fed. R. Civ. P. 15(a)(2)..................................................................................................................6

## I.    **INTRODUCTION**

The Qualcomm Defendants' Motion to Dismiss direct infringement should be denied because it ignores plausible, reasonable inferences in favor of Plaintiff Redstone. The claims require first and second separate phase locked loops (PLLs), and Plaintiff alleges that Defendants' specific accused products contain first and second PLLs as claimed. Plaintiff provides specific support for that allegation, including (1) an inference based on the clock architecture of the products and the contemporary industry usage of PLLs to provide such clocks; and (2) documentary evidence for a different but analogous product expressly showing the presence of the claimed PLLs in that device. Both of these support the plausible inference that the accused products contain the claimed PLLs. Because Plaintiff does not need to prove its case at the pleading stage, this is sufficient.

Defendants' attack on indirect infringement is based on the same grounds and should be denied for the same reasons.

## II.    **LEGAL STANDARD**

This Court recently set out the standard for dismissal under Rule 12(b)(6) in *Neonode Smartphone LLC v. Samsung Elecs. Co.*, No. 6:20-CV-00507-ADA, 2023 WL 5426743, at *1–2 (W.D. Tex. June 27, 2023). Evaluating whether to grant a motion to dismiss under Rule 12(b)(6) is a "purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). Thus, Fifth Circuit law governs. *Id.* In the Fifth Circuit, "all well-pleaded facts" are accepted as true, they are viewed "in the light most favorable to the plaintiff," and "all reasonable inferences" are drawn in the plaintiff's favor. *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021). A complaint must be "plausible on its face" with sufficient factual bases. *Ashcroft v. Iqbal*, 556 U.S. 544, 570 (2007). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." *Id.* at 679. Additionally, there must be "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Xiros, Ltd. v. Depuy Synthes Sales, Inc.*, W-21-CV-00681-ADA, 2022 WL 3592449, at *2 (W.D. Tex. Aug. 22, 2022) (citing *Iqbal*, 556 U.S. at 678). Furthermore, specific facts are not required, as long as the statement gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Discovery should generally proceed when "the relevant information is beyond the access of the plaintiff ... unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief." *Motiva Patents LLC v. Sony Corp.*, 408 F. Supp. 2d 819, 827 (E.D. Tex. 2019) (alteration in original). This is because a plaintiff "need not prove its case at the pleading stage." *Repairify, Inc. v. Keystone Auto. Indus., Inc.*, 610 F. Supp. 3d 897, 900–01 (W.D. Tex. 2022) (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)).

To allege direct infringement, the complaint must contain facts that "plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." *Ruby Sands, LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955, 2016 WL 3542430, at *2 (E.D. Tex. June 28, 2016) (quoting 35 U.S.C. § 271(a)). Although the allegations must show that all claim limitations of at least one claim of the claimed invention are practiced by the accused products to satisfy the *Twombly/Iqbal* pleading standard, *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795-EJD, 2017 WL 2311407, at *3 (N.D. Cal May 26, 2017), the complaint satisfies this requirement if it alleges that the accused products, identified both by name and with visual exhibits, satisfy "each and every element of at least one claim of the

[asserted] Patent." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, F.3d 1256, 1260 (Fed. Cir. 2018). And although some courts have found *Disc Disease* does not set the minimum requirements for pleading patent infringement, *Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*, No. 219CV00834GMNBNW, 2020 WL 569880, at *3 (D. Nev. Feb. 5, 2020), this Court and others have found that it does. *Unification Techs. LLC v. Dell Techs., Inc.*, 6:20-CV-00499-ADA, 2021 WL 1343188, at *3 (W.D. Tex. Jan 28, 2021); *accord Berall v. Pentax of Am., Inc.*, No. 10-CV-577 (LAP), 2021 WL 3934200, at *5 (S.D.N.Y. Sept. 2, 2021). The facts used to support the alleged infringement do not need to "mimic the precise language used in a claim." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1343 (Fed. Cir. 2012).

## III.   THE COMPLAINT EXCEEDS PLEADING REQUIREMENTS FOR DIRECT INFRINGEMENT

The Complaint offers factual content that allows the court to draw the reasonable inference that the defendant is liable for patent infringement. The Motion to Dismiss challenges only one element of the asserted claims: that the complaint fails to meet the part of Claim 1 that requires "a first/second set of processor cores … wherein each processor core … is configured to dynamically receive … a first/second output clock signal of a first/second phase lock loop (PLL)." Dkt. 17 at 2; *see also id.* at 6. Defendants contend that because Defendants' public documentation does not expressly show a first and second PLL, Plaintiff's claims must be dismissed.

Defendants' demand for direct, documentary evidence of direct infringement at the pleading stage lacks any foundation in law or fact. Here Plaintiff has provided detailed documentary support for its allegations. This case involves two closely related architectures for heterogeneous multiprocessing, *i.e.* for multi-core processors involving several sets of *different* processor cores. As Plaintiff's infringement chart shows, the accused Qualcomm Snapdragon 8 Gen 2 Octa-Core processor contains three Cortex-A510 cores, two Cortex-A710 cores, and two

Cortex-A715 cores; the Qualcomm Snapdragon 835 contains four Cortex-A53 cores and four Cortex-A73 cores. Dkt. 14-2 at 8-10, 24-26; *see also* Dkt. 14 at 5 ¶ 12 (incorporating by reference Dkt. 14-2). ""DynamIQ" and "big.LITTLE" are the names of the respective heterogeneous multiprocessing architectures; big.LITTLE is the older of the two. *Id.* And the documentation for DynamIQ and big.LITTLE directly support Plaintiff's allegations that the respective Accused Products receive first and second clock signals as claimed. *See, e.g.*, Dkt. 14-2 at 8, 11, 16 (DynamIQ); *id.* at 8, 20-22 (big.LITTLE). Defendants' Motion does not challenge the allegations that Defendants use the alleged processors, the DynamIQ and big.LITTLE architectures, or the claimed arrangement of clock signals.

> As to the PLLs, Plaintiff specifically alleges:
>
> ARM documentation for the big.LITTLE and DynamIQ architectures used in the Accused Products directly shows that each core cluster receives its own clock domain. At the time the Accused Products were designed, it was typical to produce this clock using a PLL that has a corresponding clock input. Furthermore, ARM documentation for an earlier, related device (the Cortex-A15_A7 MPCore test chip, which also has independent clock domains for different CPU clusters) shows each CPU cluster receiving an output clock signal from a PLL having a corresponding clock signal as input (e.g. from an oscillator). It is therefore substantially likely that each Accused Product specifically receives a first output clock signal of a first PLL having a first clock signal as input.

Dkt. 14-2 at 8; *see also* Dkt. 14 at 5 ¶ 12 (incorporating by reference Dkt. 14-2). This plainly alleges that the Accused Products contain the claimed PLLs, and explains at least one basis for that allegation.

These plausible allegations are sufficient to survive a motion to dismiss. Plaintiff has identified an accused product, alleged that the product meets all the claim limitations, and furthermore identified a specific and documented basis for its allegation.

But Plaintiff went further, presenting both an allegation about general industry practice at the time the Accused Products were designed, and also additional specific corroborating circumstantial evidence that the accused products contain the claimed PLLs. ARM, which provides the processor and architecture designs used by Defendants, also designed an earlier device to demonstrate the big.LITTLE architecture (predecessor to DynamIQ). *See* Dkt. 14-2 at 6. The public documentation for that device expressly shows first and second PLLs configured in exactly the arrangement that Plaintiff alleges: with entirely separate PLLs (and clock inputs) for first and second processor clusters (the "Cortex-A15 MPCore Cluster" and "Cortex-A7 MPCore Cluster" at top left) respectively. *Id.* at 23. It is therefore both possible and plausible to implement the big.LITTLE architecture (and its successor, DynamIQ) using separate PLLs, and Plaintiff has properly alleged the plausible inference that Defendants do so.

To be clear, Plaintiff does not allege that the Accused Products literally contain ARM's "MPCore Test Chip" or its associated daughterboard. Rather, the documentation for that device provides further corroboration for Plaintiff's allegation and inference that Defendants' products meet the claim limitations. This confirms that it plausible to infer that Defendants' accused products include the claimed first PLL and the claimed second PLL. No further evidence is needed at the pleading stage. For example, Defendants do not even suggest that there is any public (or non-public) information contradicting or undermining the allegation. Defendants' motion to dismiss should be denied.

This is not a "mixing and matching" situation as in Defendants' primary cited cases. For example, in *CTD Networks LLC v. Microsoft Corp.*, No. W-22-CV-01049-XR, 2023 U.S. Dist. LEXIS 147010, (W.D. Tex. Aug. 22, 2023), the asserted patents each required "a consistent set of agents that perform all of the [claimed] functions," but the plaintiff alleged that one agent

performed one claimed function but an entirely different agent performed another claimed function. *Id.* at *14. Specifically, the plaintiff did not allege that there was "a single product that performed all of the claimed steps" as required by the patent. *Id.* at *15. Similarly, the plaintiff in *Ak Meeting IP LLC v. Zoho Corp.*, No. 1:22-CV-1165-LY, 2023 U.S. Dist. LEXIS 19142 (W.D. Tex. Feb. 6, 2023), alleged that two separate products were "sold as marketing bundles" such that they could be treated as a single product for purposes of infringement mapping. *Id.* at *11. But here, Plaintiff clearly and unambiguously alleges that each exemplary Accused Product meets each and every limitation of the claim. This is more than sufficient.

## IV.    THE COMPLAINT SUFFICIENTLY PLEADS POST-SUIT INDUCED INFRINGEMENT

Defendants seek dismissal of induced infringement for lack of direct infringement. This request is just a corollary of Defendants' primary argument, and should be denied for the same reasons.

## V.    PLAINTIFF SHOULD HAVE LEAVE TO AMEND ANY REMAINING ALLEGATIONS

In the unlikely event the Court grants the motion, the Court should give leave to amend the pleadings to cure any deficiency. Indeed, Defendants do not argue that any amendments would be impossible and futile.  As the Federal Rules provide: "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Dated: January 8, 2024                    Respectfully submitted,

                                         */s/ Christian W. Conkle*
                                         RUSS AUGUST & KABAT
                                         Reza Mirzaie, SBN 246953
                                         Email: rmirzaie@raklaw.com
                                         Marc A. Fenster, SBN 181067
                                         Email: mfenster@raklaw.com

Neil A. Rubin, SBN 250761
Email: nrubin@raklaw.com
Christian W. Conkle, SBN 306374
Email: cconkle@raklaw.com
Jonathan Ma, SBN 312773
Email: jma@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Qi (Peter) Tong
TX SBN 24119042
Email: ptong@raklaw.com
4925 Greenville Avenue, Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff Redstone Logics LLC*

**CERTIFICATE OF SERVICE**

I certify that on January 8, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

/s/    *Christian W. Conkle*
Christian W. Conkle