IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>      Plaintiff,<br><br>v.<br><br>QUALCOMM INC.; QUALCOMM TECHNOLOGIES, INC.,<br><br>      Defendants. | Case No. 7:24-cv-00231-ADA |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM**

## **TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................... 1

II. ARGUMENT ....................................................................................................... 2

    A. Redstone Failed to Plausibly Plead Direct Infringement Allegations as to PLLs. ..............................................................................................................2

        1. The Opposition is premised on unwarranted supposition that Qualcomm's Accused Products implement PLLs with independent clocks in the same manner as a distinct product from third-party ARM. ............... 2

        2. The case law does not countenance Redstone's factual leap made in alleging infringement. ................................................................................. 5

    B. Redstone's Induced Infringement Allegations Must Also be Dismissed .........6

III. CONCLUSION .................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ak Meeting IP LLC v. Zoho Corp.*,
  No. 1:22-CV-1165-LY-DH, 2023 U.S. Dist. LEXIS 19142 (W.D. Tex. Feb. 6, 2023) ...................................................................................................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................1, 3, 4, 6

*CTD Networks LLC v. Microsoft Corp.*,
  No. W-22-CV-01049-XR, 2023 U.S. Dist. LEXIS 147010 (W.D. Tex. Aug. 22, 2023) ...................................................................................................................5

*LifeNet Health v. LifeCell Corp.*,
  837 F.3d 1316 (Fed. Cir. 2016) ........................................................................................5

*Marion Diagnostic Ctr., LLC v. McKesson Corp.*,
  386 F. Supp. 3d 477 (E.D. Pa. 2019) ........................................................................3, 5

*United States ex rel. Steury v. Cardinal Health Inc.*,
  735 F.3d 202 (5th Cir. 2013) ........................................................................................3, 5

*Vervain, LLC v. Micron Tech., Inc.*,
  6:21-cv-487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ..............................................4

**Rules and Statutes**

Federal Rule of Civil Procedure 8 ........................................................................................1

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................4, 6

ii

I.     **INTRODUCTION**

Redstone's[1] Opposition (Dkt. 20, "Opposition") to Qualcomm's Motion to Dismiss (Dkt. 17, "Motion") doubles down on the deficiencies of the Second Amended Complaint (Dkt. 14) detailed in Qualcomm's Motion. Like the Second Amended Complaint, the Opposition relies heavily on third-party ARM documentation for products that are not accused in this case, and it conflates what is "plausible" with what is merely "possible" in contending that Qualcomm's Snapdragon 8 Gen 2 Octa-Core and the Snapdragon 835 Mobile Platform (collectively "Accused Snapdragon Products") contain first and second PLLs that meet the limitations of Claim 1 of the '339 Patent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for **more than a sheer possibility** that a defendant has acted unlawfully."[2]).

Rather than provide the details of any engineering, teardown, or other testing performed on an accused Qualcomm product during pre-filing diligence to ascertain whether the Accused Snapdragon Products plausibly include the claimed PLLs with independent clocks, the allegations in Redstone's Second Amended Complaint are mere supposition, dependent upon third party documentation describing a distinct ARM product that is not—contrary to Redstone's unsupported contention—"an earlier, related device." Motion at 3, 8; Dkt. 14-2 at 8, 24. Redstone did not plead facts that plausibly demonstrate that **Qualcomm's** Accused Snapdragon Products include the requisite first and second PLLs with "independent" clock signals. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 556 U.S. at 678-79. Respectfully, Redstone's direct infringement allegations should be dismissed.

---

[1] As used herein, "Redstone" refers to Plaintiff Redstone Logics LLC, and "Qualcomm" refers to Defendants Qualcomm Incorporated and Qualcomm Technologies, Inc.

[2] All emphases added unless otherwise noted.

Redstone's allegations of induced infringement fare no better, as they are premised upon Redstone's deficient direct infringement allegations, and should likewise be dismissed.

## II. ARGUMENT

### A. Redstone Failed to Plausibly Plead Direct Infringement Allegations as to PLLs.

#### 1. *The Opposition is premised on unwarranted supposition that Qualcomm's Accused Products implement PLLs with independent clocks in the same manner as a distinct product from third-party ARM.*

Redstone's argument that "Defendants' demand for direct, documentary evidence of direct infringement at the pleading stage lacks any foundation in law or fact" is a red herring. Opposition at 3. What Qualcomm's Motion shows is that Redstone has no basis on which to plead that the Accused Snapdragon Produced include the claimed PLLs. Redstone's Opposition does not dispute this, but instead admits that Redstone's infringement allegations are premised upon mere "inference":

> To be clear, Plaintiff does not allege that the Accused Products literally contain ARM's "MPCore Test Chip" or its associated daughterboard. Rather, the documentation for that device provides further corroboration for ***Plaintiff's allegation and inference*** that Defendants' products meet the claim limitations. This confirms that it plausible [sic] to ***infer*** that Defendants' accused products include the claimed first PLL and the claimed second PLL.

Opposition at 5. Redstone is not permitted to make any inference that it wants. More specifically, Redstone cannot just infer that documentation describing another company's product in any way describes the Accused Qualcomm Snapdragon products, and Redstone has cited no case law supporting its position. *See* Motion at 6-8.

As explained in Qualcomm's Motion, Redstone's Second Amended Complaint—and now its Opposition—relies upon non-Qualcomm documents and Wikipedia pages to allege that the accused products implement ARM's "'DynamIQ' and 'big.LITTLE' . . . heterogeneous multiprocessing architectures." Opposition at 4; *see also* Motion at 2. From this, Redstone leaps

2

to the unfounded conclusion that Qualcomm implements PLLs with independent clocks in the Accused Snapdragon Products in the same manner as the distinct ARM Daughterboard product. *See* Motion at 6-8; Opposition at 3-4.  But this is ***mere speculation*** ungrounded in any allegations tied to the Accused Snapdragon Products or any pre-suit testing/reverse engineering done by Redstone.  *See* Motion at 8 (citing *United States ex rel. Steury v. Cardinal Health Inc.*, 735 F.3d 202, 204 (5th Cir. 20 13) (noting a plausible claim "rises above mere speculation")); *see also Marion Diagnostic Ctr., LLC v. McKesson Corp.*, 386 F. Supp. 3d 477, 482 (E.D. Pa. 2019) (noting "allegations that stand on nothing more than supposition" are insufficient); *Iqbal*, 556 U.S. at 678 ("The plausibility standard . . . asks for more than a sheer possibility.").

While Redstone's Second Amended Complaint piles speculation on top of speculation, its argument collapses to: ***because third-party documentation describes Qualcomm's Accused Snapdragon Products as including multiple ARM cores, these accused products have first and second PLLs with independent clocks***—this is a logical fallacy that cannot support a plausible charge of infringement.[3]  Redstone provides no basis to plausibly conclude that Qualcomm's engineers made the same design choices regarding PLLs and clocks as ARM's separate and independent engineering teams.  Redstone's unwarranted speculation and reliance on documentation for the non-Qualcomm ARM Daughterboard do not meet the *Iqbal/Twombly* pleading standards.

Redstone separately contends that its conclusion regarding Qualcomm's purported use of independent PLLs is "an inference based on the . . . contemporary industry use of PLLs."

---

[3] Even if Redstone could rely on documentation for a non-accused product of a third party to plausibly allege infringement—which it cannot—Redstone glosses over the fact that the processor cores in the ARM Daughterboard are different from the ARM cores alleged to be present in the Accused Snapdragon Products, further underscoring the implausibility of Redstone's allegations as to the Accused Snapdragon Products and their actual cores.  *See* Motion at n.5.

Opposition at 1.  However, rather than making it plausible that **Qualcomm's** Accused Snapdragon Processors include multiple PLLs, with each configured in the precise manner needed for infringement, Redstone's bare allegation of "contemporary industry use" without support for what that even means emphasizes that its infringement case hinges on nothing more than speculation and supposition.  *See e.g.*, Dkt. 14-2 at 8 (contending without any factual support that "it was typical to produce this clock using a PLL that has a corresponding clock input"); *see also Iqbal*, 556 U.S. 662, 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  And the Opposition's "contemporary industry use" argument is contradicted by the '339 Patent's prosecution history, in which Redstone's predecessor-in-interest relied upon the addition of PLLs in a ***specific configuration*** to secure allowability over prior art.  *See* Ex. A (containing annotated excerpts from the prosecution history of the '339 Patent submitted on Nov. 29, 2012) (available from the "Documents and Transactions" tab at: https://patentcenter.uspto.gov/applications/12713220).[4]  Redstone fails to support factually why it is plausible that Qualcomm implements its PLLs with independent clocks in the manner specified in the patent, as opposed the manner described in the prior art of record (which the applicant argued was lacking Claim 1's independent clocks).  *Id.* at 9-10.

Redstone's allegations as to the claimed first and second PLLs fail *Iqbal/Twombly* scrutiny, so the Second Amended Complaint's allegations of direct infringement should be dismissed.

---

[4] "Courts may take judicial notice of government records, like prosecution history available on the U.S. Patent & Trademark Office's Public PAIR site, even when resolving a Rule 12(b)(6) motion." *Vervain, LLC v. Micron Tech., Inc.*, 6:21-cv-487-ADA, 2022 WL 23469, at *5 n.2 (W.D. Tex. Jan. 3, 2022).

### 2. The case law does not countenance Redstone's factual leap made in alleging infringement.

Redstone's Opposition concedes, as it must, that the ARM Daughterboard is not a component of the Accused Snapdragon Product, but rather it was included in the Second Amended Complaint as "corroborating circumstantial evidence." Opposition at 5. Redstone provides no basis for this conclusion. And from this, Redstone contends that the cases in Qualcomm's Motion regarding "mixing and matching" of products when alleging infringement are inapposite—not so. *See id.* at 5-6; *see also* Motion at 5-6 (citing *CTD Networks* and *Ak Meeting IP*). Both *CTD Networks* and *Ak Meeting IP* stand for the proposition that pleading infringement requires plausibly showing that **all elements of the asserted claim are found within the single accused product**. *See CTD Networks LLC v. Microsoft Corp.*, No. 6:22-CV-01049-XR, 2023 U.S. Dist. LEXIS 147010, at *12 (W.D. Tex. Aug. 22, 2023) ("Direct infringement 'requires that each and every limitation set forth in a claim appear in an accused product.'" (quoting *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016))); *Ak Meeting IP LLC v. Zoho Corp.*, No. 1:22-CV-1165-LY-DH, 2023 U.S. Dist. LEXIS 19142, at *8-9 (W.D. Tex. Feb. 6, 2023) ("To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." (cleaned up)). Neither of these cases suggests that a plaintiff may rely upon the description of a product designed and manufactured by a third party for purposes of meeting its burden with respect to a party's accused product.

Here, as shown above, Redstone layers speculation on top of unjustified inference to contend that the Accused Snapdragon Products include PLLs that meet all relevant limitations of Claim 1 of the '339 Patent. But "speculation," "supposition," and "possibility" cannot satisfy Redstone's pleading burden. *See* Motion at 8 (citing *Steury*, 735 F.3d at 204 (finding "mere speculation" insufficient)); *see also Marion Diagnostic Ctr*, 386 F. Supp. 3d at 486 (dismissing

5

allegations based on "impermissible supposition"); *Iqbal*, 556 U.S. at 678 (requiring "more than a sheer possibility").

Redstone's Opposition fails in its attempts to distinguish the cases cited in Qualcomm's Motion. Because the Second Amended Complaint relies upon layers of speculation and possibility to allege that the Accused Snapdragon Processors include the independently clocked first and second PLLs of Claim 1, the Second Amended Complaint must be dismissed for failure to plausibly allege infringement.

### B. Redstone's Induced Infringement Allegations Must Also be Dismissed

Redstone does not contend that its induced infringement allegations stand on their own, nor does it dispute that dismissal of its direct infringement claim requires dismissal of inducement. Because there can be no indirect infringement absent direct infringement (Motion at 9), Redstone's charge of induced infringement should also be dismissed.

### III. CONCLUSION

The Second Amended Complaint is premised upon unwarranted speculation and generic allegations. For the foregoing reasons, Qualcomm respectfully requests that the Court grant its Motion and dismiss Plaintiff's claims for direct and induced infringement of the Asserted Patent under Rule 12(b)(6).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 24, 2025 | **NORTON ROSE FULBRIGHT US LLP** |
|  | By: /s/ Richard S. Zembek |

Richard S. Zembek
Texas State Bar No. 00797726
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
richard.zembek@nortonrosefulbright.com
Tel: (713) 651-5151
Fax: (713) 651-5246

Eric C. Green
Texas State Bar No. 24069824
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
eric.green@nortonrosefulbright.com
Tel: (512) 536-3094
Fax: (512) 536-4598

COUNSEL FOR DEFENDANTS QUALCOMM
INCORPORATED AND QUALCOMM
TECHNOLOGIES, INC

## CERTIFICATE OF SERVICE

  I certify that on January 24, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Richard S. Zembek*  
Richard S. Zembek
