# EXHIBIT  F



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/713,220 | 02/26/2010 | Andrew WOLFE | 121-0019-US-REG | 4243 |

83446          7590          08/29/2012
REN-SHENG INTERNATIONAL IP MANAGEMENT LTD.
GENE I. SU
7F, NO. 57, SEC. 2, DUN HUA S. ROAD
TAIPEI, 106
TAIWAN

| EXAMINER |
|---|
| BUTLER, DENNIS |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2115 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/29/2012 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

gsu@suipconsulting.com
filing@suipconsulting.com
gene.i.su@gmail.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 12/713,220 | WOLFE ET AL. |
| | Examiner | Art Unit | |
| | DENNIS M. BUTLER | 2115 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on _26 February 2010_.

2a) ☐ This action is **FINAL**.  2b) ☒ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____ ; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

5) ☒ Claim(s) _1-23_ is/are pending in the application.

     5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) _1-23_ is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

10) ☐ The specification is objected to by the Examiner.

11) ☒ The drawing(s) filed on _26 February 2010_ is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.

     Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).

     Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

12) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

     a) ☐ All   b) ☐ Some *  c) ☐ None of:

       1. ☐ Certified copies of the priority documents have been received.

       2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

     * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☒ Information Disclosure Statement(s) (PTO/SB/08)
     Paper No(s)/Mail Date _8/2/2011_.

4) ☐ Interview Summary (PTO-413)
     Paper No(s)/Mail Date. _____ .

5) ☐ Notice of Informal Patent Application

6) ☐ Other: _____ .

Application/Control Number: 12/713,220                                                    Page 2
Art Unit: 2115

This action is in response to the application filed on February 26, 2010. Claims 1-
23 are pending.

### Claim Objections

Applicant is advised that should claims 10 and 11 be found allowable, claims 22
and 23 will be objected to under 37 CFR 1.75 as being a substantial duplicate thereof.
When two claims in an application are duplicates or else are so close in content that
they both cover the same thing, despite a slight difference in wording, it is proper after
allowing one claim to object to the other as being a substantial duplicate of the allowed
claim.  See MPEP § 706.03(k).

### Claim Rejections - 35 USC § 101

35 U.S.C. 101 reads as follows:

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of
matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the
conditions and requirements of this title.

Claims 18-20 are rejected under 35 U.S.C. 101 because the claimed invention is
directed to non-statutory subject matter.

The claims are directed to a medium that has been defined in the
specification as a transmission type medium such as a wireless communication
channel or link (at paragraph 22) that is a signal. Signals are not statutory under
35 USC 101 because they do not fit any of the four statutory categories. The

Application/Control Number: 12/713,220                                    Page 3

Art Unit: 2115

claim language would be improved if applicant amended the claims to recite " a

non-transitory computer readable medium".

## Claim Rejections - 35 USC § 112

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly
> claiming the subject matter which the applicant regards as his invention.

Claims 15-20 are rejected under 35 U.S.C. 112, second paragraph, as being

indefinite for failing to particularly point out and distinctly claim the subject matter which

applicant regards as the invention.

Regarding claims 15 and 18, the claims are vague and indefinite as to the

relationship between idling/resuming communications with one or more of the plurality

of processor cores and the first and second sets of processor cores. The claims are

unclear whether the communications are between one or more cores and some internal

or external component, between cores of the same set or between cores of different

sets.

Claims 16-17 and 19-20 are rejected because they incorporate the deficiencies

of claims 15 and 18 respectively.

## Claim Rejections - 35 USC § 102

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

Application/Control Number: 12/713,220                                      Page 4
Art Unit: 2115

A person shall be entitled to a patent unless –

(e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

.

Claims 1, 5-6, 8-9, 14 and 21 are rejected under 35 U.S.C. 102(e) as being anticipated by Jacobowitz et al., U.S. Patent Application Publication 2009/0106576.

Per claim 1:

A)    Jacobowitz et al teach the following claimed items:

1.    a first set of processor cores of the multi-core processor configured to dynamically receive a first supply voltage and a first clock signal with the V0 cores 102 (top set) of figure 6 and paragraphs 32, 34, 37-38 and 43;

2.    a second set of processor cores of the multi-core processor configured to dynamically receive a second supply voltage and a second clock signal with the V1 cores 102 (bottom set) of figure 6 and paragraphs 32, 34, 37-38 and 43;

3.    an interface block coupled to the first and second sets of cores and configured to facilitate communication between the first and second sets of cores with internal cluster fabric 206, MCM fabric controller 208 and fabric 210 of figure 2 and paragraph 28.

Per claims 5-6, 8-9 and 14:

Jacobowitz discloses that the first and second sets of cores are configured to receive control signals from one or more control blocks located in a periphery of

Application/Control Number: 12/713,220                                                    Page 5
Art Unit: 2115

the multi-core processor with the 2ND level distribution function block and/or the

local store vData and distribution block. Jacobowitz discloses locating the first set

of cores in a first region/row and the second set of cores in a second region/row,

the regions are non-overlapping with figure 6. Jacobowitz discloses that the first

and second sets of cores are configured to receive control signals from one or

more control blocks located in a common region of the multi-core processor with

the 2ND level distribution function block 502.

Per claim 21:

A)      Jacobowitz et al teach the following claimed items:

1.       a first set of processor cores of the multi-core processor configured to

dynamically receive a first supply voltage from a power control block (local power

grid controller) and a first clock signal from a clock control block (local core clock

controller) with the V0 cores 102 (top set) of figure 6 and paragraphs 32, 34, 37-

38 and 43;

2.      a second set of processor cores of the multi-core processor configured to

dynamically receive a second supply voltage from a power control block (local

power grid controller) and a second clock signal from a clock control block (local

core clock controller) with the V1 cores 102 (bottom set) of figure 6 and

paragraphs 32, 34, 37-38 and 43;

3.      an interface block coupled to the first and second sets of cores and

configured to facilitate communication between the first and second sets of cores

Application/Control Number: 12/713,220                                              Page 6
Art Unit: 2115

with internal cluster fabric 206, MCM fabric controller 208 and fabric 210 of figure

2 and paragraph 28.

### Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

This application currently names joint inventors. In considering patentability of the

claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of the

various claims was commonly owned at the time any inventions covered therein were

made absent any evidence to the contrary. Applicant is advised of the obligation under

37 CFR 1.56 to point out the inventor and invention dates of each claim that was not

commonly owned at the time a later invention was made in order for the examiner to

consider the applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(e), (f) or (g)

prior art under 35 U.S.C. 103(a).

Claims 2-4, 7, 12 and 13 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Jacobowitz et al., U.S. Patent Application Publication 2009/0106576

in view of Kim et al., U.S. Patent Application Publication 2009/0138737.

Per claims 2 and 3:

Application/Control Number: 12/713,220                                                    Page 7
Art Unit: 2115

Jacobowitz discloses a multi-core processor including an interface block configured to facilitate communication as described above in connection to the rejection of claim 1. Jacobowitz does not disclose first and second level shifters adapted to translate logic levels as claimed. Kim teaches that it is known to include first and second level shifters adapted to translate logic levels in a multi-core processor with voltage level translating communication transceiver 180 of figure 1 and at paragraph 24. It would have been obvious to one having ordinary skill in the art at the time the invention was made to include first and second level shifters adapted to translate logic levels in a multi-core processor, as taught by Kim, in order to enable communication between each of the cores that are operating at different voltage levels.

Per claims 4, 7, 12 and 13:

It would have been obvious to one having ordinary skill in the art at the time the invention was made to include a synchronizer in the multi-core processor of Jacobowitz because Jacobowitz discloses providing dynamically programmable local oscillators for each set of cores and synchronizing the core clock signals would allow for synchronous communication of data between the cores. Jacobowitz discloses placing sets of cores in non-overlapping regions of the processor. However,  placing sets of cores in overlapping regions of the processor is an obvious design choice and would have been obvious to one of ordinary skill in the art in view of Jacobowitz's disclosure of including a plurality of sets of cores in a multi-core processor. Kim discloses maintaining a differential

Application/Control Number: 12/713,220                                              Page 8
Art Unit: 2115

relationship between the first and second supply voltages with voltage level

translating communication transceiver 180 of figure 1 and at paragraph 24.


Claims 10-11,15-20 and 22-23 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Jacobowitz et al., U.S. Patent Application Publication 2009/0106576

in view of Kim et al., U.S. Patent Application Publication 2009/0138737 and further in

view of von Kaenel, U.S. Patent Application Publication 2010/0188115.

Per claims 10-11,15, 18 and 22-23:

Jacobowitz discloses a multi-core processor including first and second sets of

cores and an interface block configured to facilitate communication between

cores as described above in connection to the rejection of claim 1. Jacobowitz

does not disclose idling communications and resuming communications as

claimed. Kim discloses that it is known to use first and second PLLs for

managing communications in a multi-core processor with PLL1-4  of figure 2 and

paragraph 25. While Kim does not explicitly disclose idling communications in

response to a change in frequency request and resuming communications when

the PLLs have locked/stabilized the requested clock, von Kaenel discloses that it

is known to stop core activity when changing frequency and waiting until lock

before resuming activity with figure 9 and paragraphs 73-76. It would have been

obvious to one having ordinary skill in the art at the time the invention was made

to idle communications with one or more of the plurality of cores in response to a

clock frequency change request for the first set of cores and  resume

Application/Control Number: 12/713,220                                              Page 9
Art Unit: 2115

communications with one or more of the plurality of cores after having

determined that a first phase lock loop operation associated with the first set of

cores has acquired a first lock signal and a second phase lock loop operation

associated with the second set of cores has also acquired a second lock signal in

order to avoid the unpredictable effects of communicating while the PLL is being

programmed with the new frequency and has not locked on the new frequency.

Per claims 16-17 and 19-20:

It would have been obvious to one having ordinary skill in the art at the time the

invention was made to add a third PLL for a third set of processor cores in order

to gain the cumulative effect of increasing processing power and/or flexibility by

increasing the number of sets of processor cores. Jacobowitz discloses locating

sets of cores adjacent to each other with figures 2 and 6.


## Conclusion

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to DENNIS M. BUTLER whose telephone number is

(571)272-3663.  The examiner can normally be reached on M-F from 9:00 to 5:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Thomas Lee, can be reached on 571-272-3667.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

Application/Control Number: 12/713,220                                          Page 10
Art Unit: 2115

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://portal.uspto.gov/external/portal.

Should you have questions on access to the Private PAIR system, contact the

Electronic Business Center (EBC) at 866-217-9197 (toll-free).


/DENNIS M BUTLER/                          DENNIS M BUTLER
Primary Examiner, Art Unit 2115            Primary Examiner
                                           Art Unit 2115