# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

REDSTONE LOGICS LLC,                    §
                                        §
  - *Plaintiff*,                        §
                                        §
v.                                      §
                                        §    Case. No. 7:24-cv-00231-ADA
                                        §
QUALCOMM INC. and QUALCOMM              §
TECHNOLOGIES, INC.                      §
                                        §
  - *Defendants*.                       §
                                        §

**DEFENDANTS QUALCOMM INC.'S AND QUALCOMM TECHNOLOGIES, INC.'S
DISCLOSURE OF EXTRINSIC EVIDENCE FOR CLAIM CONSTRUCTION**

Pursuant to the Scheduling Order dated January 27, 2025 (D.I. 24), Defendants Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively, "Defendants" or "Qualcomm") hereby provide the following preliminary claim constructions and identification of extrinsic evidence for the claim terms, phrases, and/or clauses that were previously identified by the parties for constructions. In addition to the extrinsic support identified below, Qualcomm reserves its right to rely on any extrinsic support disclosed in *Redstone Logics LLC v. MediaTek, Inc., et al.*, Case No. 7:24-cv-00029 (W.D. Tex. Jan. 2024), *Redstone Logics LLC v. NXP USA, Inc.*, Case No. 7:24-cv-00028 (W.D. Tex. Jan. 2024), and in any related matter. Per the Scheduling Order, Qualcomm is prepared to meet and confer with Plaintiff Redstone Logics LLC ("Plaintiff" or "Redstone") at a mutually agreeable time for the purpose of narrowing the terms in dispute and revising the list of terms and constructions.

Qualcomm's proposed constructions of claim terms, phrases, or clauses and its identification of extrinsic evidence are based on Plaintiff's current Infringement Contentions. Qualcomm further reserves the right to supplement or amend this disclosure in view of any

modifications Plaintiff is permitted to make to such contentions and as discovery proceeds. The Infringement Contentions are deficient in multiple respects and do not provide Qualcomm with sufficient information to understand the specific accused features and processes and the alleged factual and evidentiary bases for Plaintiff's infringement allegations. Among other things, the Infringement Contentions fail to explain adequately Plaintiff's infringement theories for numerous limitations. Plaintiffs have prejudiced Qualcomm's ability to understand, for purposes of preparing this identification of claim terms, what Plaintiff alleges to be the scope of the asserted claims.

Qualcomm's investigation is ongoing, and Qualcomm, therefore, reserves the right to supplement this disclosure in light of the positions that Plaintiff takes in this litigation. Such positions may require the Court to construe other claim terms, phrases, or clauses in addition to those listed in this disclosure. Qualcomm reserves the right to seek construction of a smaller component of the term, phrase, or clause proposed for claim construction, and the right to seek construction of terms, phrases, or clauses that include the term, phrase, or clause proposed for claim construction, including for context. Qualcomm also reserves the right to supplement or amend this disclosure in light of Plaintiff's forthcoming extrinsic evidence and/or as part of the meet and confer process.

| Claim Term, Phrase, or Clause | Patent/ Claims | Proposed Construction | Extrinsic Evidence |
|---|---|---|---|
| first/second set of processor cores [Redstone Term] | 339.1, 339.5, 339.8, 339.14, 339.21 | first/second group of two or more processor cores | Dr. John Villasenor may provide a declaration in support of Qualcomm's briefing regarding this term, including what a person of ordinary skill in the art would consider to be the plain and ordinary meaning of a "first set of processor cores" and a "second set of processor cores." Patent Owner's Preliminary Response, *MediaTek, Inc. et al. v. Redstone Logics LLC*, IPR2025-00085, Paper 6 (PTAB Feb. 5, 2025) (Attachment K) |
| the first clock signal is independent from the second clock signal [Qualcomm Term] | 339.1, 339.21 | Plain and ordinary meaning, where the plain and ordinary meaning requires that the first and second clock signals depend from different reference oscillator clocks. | "System Clock Generators: A Comparison of a PLL Synthesizer vs. a Crystal Oscillator Clock", Stys, C. and Shockman, P. (ON Semiconductor) (Rev. 1 December 2006) (Attachment A) U.S. Patent No. 7,501,865 to Jacobowitz et al. (Attachment B) U.S. Patent No. 7,538,625 to Cesky et al. (Attachment C) Declaration of John Villasenor, Ph.D. in Support of NXP's Opening Claim Construction Brief, Dkt. 39-1, *Redstone Logics LLC v. NXP USA, Inc.*, Case No. 7:24-cv-00028 (W.D. Tex. Jan. 2024) (Attachment I) Declaration of R. Jacob Baker, Ph.D., P.E., in Support of Defendants' Opening Claim Construction Brief, Dkt. 29-1, *Redstone Logics LLC v. MediaTek, Inc., et al.*, |

- 3 -

| Claim Term, Phrase, or Clause | Patent/ Claims | Proposed Construction | Extrinsic Evidence |
|---|---|---|---|
| | | | Case No. 7:24-cv-00029 (W.D. Tex. Jan. 2024) (Attachment J) |
| | | | Patent Owner's Preliminary Response, *MediaTek, Inc. et al. v. Redstone Logics LLC*, IPR2025-00085, Paper 6 (PTAB Feb. 5, 2025) (Attachment K) |
| | | | Dr. John Villasenor may provide a declaration in support of Qualcomm's briefing regarding this term, including what a person of ordinary skill in the art would consider to be the plain and ordinary meaning of "the first clock signal is independent from the second clock signal." |
| | | | *Additional support from the intrinsic record*: |
| | | | U.S. Patent App. Pub. No. 2009/0106576 to Jacobowitz et al.[1] (Attachment D) |
| | | | U.S. Patent App. Pub. No. 2009/0138737 to Kim et al.[2] (Attachment E) |

---

[1] This document is intrinsic evidence as it is cited within the prosecution record and on the face of the '339 patent, and need not be disclosed at this time.  Regardless, it is included in this listing out of an abundance of caution.  Indeed, all references cited on the face of the '339 patent are within the intrinsic record and may be relied upon in Qualcomm's claim construction briefing without separate disclosure herein.

[2] This document is intrinsic evidence as it is cited within the prosecution record and on the face of the '339 patent, and need not be disclosed at this time.  Regardless, it is included in this listing out of an abundance of caution.  Indeed, all references cited on the face of the '339 patent are within the intrinsic record and may be relied upon in Qualcomm's claim construction briefing without separate disclosure herein.

| Claim Term, Phrase, or Clause | Patent/ Claims | Proposed Construction | Extrinsic Evidence |
|---|---|---|---|
| located in a periphery of the multi-core processor<br><br>[Qualcomm Term] | 339.5 | Indefinite | The American Heritage College Dictionary (4th Ed. 2007) (Attachment F)<br><br>Merriam Webster's Ninth New Collegiate Dictionary (1990) (Attachment G)<br><br>Declaration of John Villasenor, Ph.D. in Support of NXP's Opening Claim Construction Brief, Dkt. 39-1, *Redstone Logics LLC v. NXP USA, Inc.*, Case No. 7:24-cv-00028 (W.D. Tex. Jan. 2024) (Attachment I)<br><br>Declaration of R. Jacob Baker, Ph.D., P.E., in Support of Defendants' Opening Claim Construction Brief, Dkt. 29-1, *Redstone Logics LLC v. MediaTek, Inc., et al.*, Case No. 7:24-cv-00029 (W.D. Tex. Jan. 2024) (Attachment J)<br><br>Patent Owner's Preliminary Response, *MediaTek, Inc. et al. v. Redstone Logics LLC*, IPR2025-00085, Paper 6 (PTAB Feb. 5, 2025) (Attachment K)<br><br>Dr. John Villasenor may provide a declaration in support of Qualcomm's briefing regarding this term, including that the phrase "located in a periphery" fails to inform one skilled in the art about the scope of the claimed invention with reasonable certainty. |
| located in a common region that is substantially central | 339.14 | Indefinite | The American Heritage College Dictionary (4th Ed. 2007) (Attachment F) |

| Claim Term, Phrase, or Clause | Patent/ Claims | Proposed Construction | Extrinsic Evidence |
|---|---|---|---|
| to the first set of processor cores and the second set of processor cores<br><br>[Qualcomm Term] | | | Merriam Webster's Ninth New Collegiate Dictionary (1990) (Attachment G)<br><br>Webster's Third New International Dictionary (1993) (Attachment H)<br><br>Declaration of John Villasenor, Ph.D. in Support of NXP's Opening Claim Construction Brief, Dkt. 39-1, *Redstone Logics LLC v. NXP USA, Inc.*, Case No. 7:24-cv-00028 (W.D. Tex. Jan. 2024) (Attachment I)<br><br>Declaration of R. Jacob Baker, Ph.D., P.E., in Support of Defendants' Opening Claim Construction Brief, Dkt. 29-1, *Redstone Logics LLC v. MediaTek, Inc., et al.*, Case No. 7:24-cv-00029 (W.D. Tex. Jan. 2024) (Attachment J)<br><br>Patent Owner's Preliminary Response, *MediaTek, Inc. et al. v. Redstone Logics LLC*, IPR2025-00085, Paper 6 (PTAB Feb. 5, 2025) (Attachment K)<br><br>Dr. John Villasenor may provide a declaration in support of Qualcomm's briefing regarding this term, including that the phrases "located in a common region" and "region that is substantially central" fail to inform one skilled in the art about the scope of the claimed invention with reasonable certainty. |

- 7 -

Dated: March 21, 2025

Respectfully submitted,

By:    *Eric C. Green*

Richard S. Zembek (SBN 00797726)
richard.zembek@nortonrosefulbright.com
Daniel S. Leventhal (SBN 24050923)
daniel.leventhal@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Tel:    (713) 651-5151
Fax:    (713) 651-5246

Eric C. Green (SBN 24069824)
eric.green@nortonrosefulbright.com
Brett A. McKean (SBN 24057994)
brett.mckean@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Tel:    (512) 474-5201
Fax:    (512) 536-4598

**COUNSEL FOR DEFENDANTS
QUALCOMM INC. AND QUALCOMM
TECHNOLOGIES, INC**.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was served on counsel of

record on March 21, 2025 by e-mail.

By: <u>*/s/ Brett A. McKean*</u>
Brett A. McKean
