# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

REDSTONE LOGICS LLC, §
§
Plaintiff, §
§
v. §
§    Case No. 7:24-CV-00231-ADA
§
QUALCOMM INC.; QUALCOMM §
TECHNOLOGIES, INC., §
§
Defendants. §
§

## PROTECTIVE ORDER

WHEREAS, Plaintiff Redstone Logics LLC and Defendants Qualcomm Inc., Qualcomm Technologies, Inc., hereafter referred to as "the Parties" (each separately a "Party"), believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document,

1

information, or material as follows: "CONFIDENTIAL," "CONFIDENTIAL -
ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES
ONLY," or "CONFIDENTIAL - SOURCE CODE" (collectively the "Confidentiality
Branding")   The Confidentiality Branding shall be placed clearly on each page of the
Protected Material (except deposition and hearing transcripts) for which such protection is
sought.   For deposition and hearing transcripts, the appropriate Confidentiality Branding
shall be placed on the cover page of the transcript (if not already present on the cover page
of the transcript when received from the court reporter) by each attorney receiving a copy
of the transcript after that attorney receives notice of the designation of some or all of
that transcript as DESIGNATED MATERIAL (defined herein).  The foregoing does not
apply to documents produced in native format.  For documents produced in native format,
the producing Party shall include the appropriate confidentiality designation in the
filename, as well as on any slip sheet accompanying the production.  Any printed or PDFed
copies of such designated documents shall be marked by the receiving Party at the time of
printing/PDFing with the appropriate confidentiality designation to ensure appropriate
protection.

2.     Any document produced before issuance of this Order, including pursuant to the Court's
Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like
shall receive the same treatment as if designated "CONFIDENTIAL" under this order and
any such documents produced with the designation "Confidential - Outside Attorneys'
Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL -
OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such
document is re-designated to have a different classification under this Order.

2

3.    With respect to documents, information, or material designated "CONFIDENTIAL,"
"CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE
ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE"
("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise
stated, this Order governs, without limitation: (a) all documents, electronically stored
information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all
pretrial, hearing or deposition testimony, or documents marked as exhibits or for
identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and
other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts,
digests, and complete or partial summaries prepared from any DESIGNATED
MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such
under this Order.

4.    A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "CONFIDENTIAL -
ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES
ONLY," or "CONFIDENTIAL - SOURCE CODE") may be made at any time.  Inadvertent
or unintentional production of documents, information, or material that has not been
designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part
of a claim for confidential treatment.   Any Party that inadvertently or unintentionally
produces Protected Material without designating it as DESIGNATED MATERIAL may
request destruction of that Protected Material by notifying the recipient(s) as soon as

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the
class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES
ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL
- SOURCE CODE," individually and collectively.

reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.    The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 19 herein:

    (a)    Outside counsel of record in this Action for the Parties.

    (b)    Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

    (c)    In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, and who have completed the Undertaking attached as Appendix A hereto.

    (d)    Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action who have completed the Undertaking attached as Appendix A hereto, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

    (e)    Outside consultants or experts retained for the purpose of this litigation, provided that:  (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access to DESIGNATED MATERIALS is given, the consultant or expert has completed the Undertakings attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition), a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years, a brief description of the subject matter of the consultancy or employment,

4

and country of citizenship. With respect to outside consultants that have not been previously disclosed to the producing Party, the producing Party shall have five (5) business days, starting from the first business day following the date upon which receiving Party provides the notice and all information required by this paragraph to the producing Party, to object for good cause in writing to such disclosure via e-mail to all Counsel of Record. After the expiration of the 5 business days, if no objection for good cause has been asserted by the producing Party, DESIGNATED MATERIAL may be disclosed to the outside consultant pursuant to the terms of this Protective Order.  Any objection by the producing Party must be made for good cause, and must set forth in detail the grounds on which it is based.  Should the receiving Party disagree with the basis for the objection(s), the receiving Party must first attempt to resolve the objection(s) with the producing Party via a verbal meet and confer.  If the meet and confer efforts do not resolve the dispute the Parties shall raise the dispute with the Court using the discovery dispute procedures as set forth in the Court's OGP within fifteen (15) days from when the receiving party provides the disclosure. Failure of the producing Party to raise the dispute to the Court within this timeframe will deem the dispute resolved as if no objection had been raised. The objecting Party shall have the burden of proving the need for a protective order.  Pending a ruling by the Court upon any such objection(s), or the subsequent resolution of the objection for good cause by receiving Party and producing Party, DESIGNATED MATERIAL shall not be disclosed to the person objected to by producing Party.

(f)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g)     The Court and its personnel.

(h)     Mock jurors who have signed Appendix A.

(i)     Any Mediator who is assigned to this matter, and their staff, who have signed Appendix A.

6.     A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.     Documents, information, or material produced pursuant to any discovery request in this

Action, including but not limited to Protected Material designated as DESIGNATED
MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not
be used for any other purpose.   Any person or entity who obtains access to DESIGNATED
MATERIAL or the contents thereof pursuant to this Order shall not make any copies,
duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any
portion thereof except as may be reasonably necessary in the litigation of this Action.   Any
such copies, duplicates, extracts, summaries, or descriptions shall be classified
DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes that certain Protected Material qualifying to be
designated CONFIDENTIAL is so sensitive that its dissemination deserves even further
limitation, the producing Party may designate such Protected Material "CONFIDENTIAL
- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer
source code, GDS files, exports from Qualcomm's Cadence database and/or live data (that
is, data as it exists residing in a database or databases) ("Source Code Material"), the
producing Party may designate such Protected Material as "CONFIDENTIAL - SOURCE
CODE."

9.    For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY,
access to, and disclosure of, such Protected Material shall be limited to individuals listed
in paragraphs 5(a–c) and (e–h); provided, however, that access by in-house counsel pursuant
to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-
making authority on behalf of the client.

10.    For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES
ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals

listed in paragraphs 5(a–b) and (e–h); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

11. For Protected Material designated CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:

    (a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). Alternatively, the producing Party may elect, within its sole discretion, to provide access to its Source Code Material on a computer(s) that is linked to one or more networks, in a configuration deemed secure by producing Party. In either case, such computer(s) ("Source Code Review Computer(s)") will be less than three years old, run the Windows 10 or newer operating system, and be equipped with at least a 25" monitor, a full-size keyboard, and mouse. The Source Code Review Computer(s) shall be equipped to print PDF copies of the Source Code Material so that the receiving Party can designate the Source Code Material for which it would like hard-copy printouts which shall be printed by the producing Party on watermarked pre-Bates numbered paper after the review. Additionally, except as provided in paragraph 11(o) below, the Source Code Review Computer(s) may only be located at the offices of the producing Party's outside counsel or its vendors, with the Parties agreeing to meet and confer regarding the particular office of the producing Party's outside counsel or vendor for the production, or at the location of a witness providing deposition testimony on behalf of a producing Party to the extent permitted herein. Source Code Material made available by Qualcomm Incorporated and/or Qualcomm Technologies, Inc. shall be made available at the Los Angeles facility of ProSearch, which is presumed to be sufficient without the need for a meet and confer. Any review of Source Code Material on the Source Code Review Computer by the receiving Party must occur prior to the close of expert discovery unless otherwise agreed among the Parties or ordered by the Court.

    (b)    The receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Review Computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 4:30 p.m. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the Source Code Review Computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors or any location

agreed to under paragraph 11(a) above shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. Persons permitted under this order to review Source Code Material ("Authorized Reviewer(s)") are prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room containing the Source Code Review Computer(s) ("Secure Room"). Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone jacks or other outside electronic devices be permitted inside the Secure Room, except for medical devices, implants, equipment reasonably necessary for any legitimate medical reason, or a USB memory device as set forth in subparagraph 11d. below.

(c)     Persons approved to review the producing Party's Source Code Material shall be entitled to take notes relating to the Source Code Material, but may not copy any portion of the Source Code Material into the notes, excepting variable, object, method, class, file names, line numbers, function names, or quotations from "code comments", and may not be used to replicate the Source Code Material in the notes. Notes may not be taken on the Source Code Review Computer itself. Under no circumstance is any portion of the Source Code Material to be recorded in notes as a way to circumvent the protections of this Protective Order. All such notes shall be marked CONFIDENTIAL - SOURCE CODE.

(d)     The producing Party may visually monitor the activities of the receiving Party's representatives during any Source Code Material review, in a non-intrusive fashion and at reasonable intervals, through a glass wall, window, or video camera that does not permit monitoring of the specific portions of code reviewed by the representative, but only to the extent reasonably necessary to ensure compliance with the provisions of this Order. In so doing, the producing Party will not monitor, listen in on, or otherwise inhibit the receiving Party's privileged communications or note-taking in the Source Code Review Room, and the producing Party's supervision will not, by itself, be deemed to cause any waiver or other loss of any privilege covering such notes or communications. Except as agreed in writing by the Parties, if any Authorized Reviewer(s) reviewing Source Code Material seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the Secure Room. In addition to taking notes on bound notebooks, an Authorized Reviewer may also bring a USB memory device to the Secure Room, to be inserted into a notetaking laptop computer provided by the producing Party or the producing Party's vendor. The notetaking laptop computer shall be configured with Microsoft Word or Microsoft OneNote, or (after reasonable notice to the reviewing Party) equivalent software, such that the Reviewing Party can create or modify documents directly on the USB memory device plugged into the notetaking laptop computer. The receiving Party shall encrypt any file on the USB memory device that contains confidential material subject to this Protective Order using Microsoft Word's "Encrypt with Password"

functionality accessible through the File->Info->Protect Document menu in Microsoft Word. If the receiving Party so elects, the producing Party must provide a separate and secure locker convenient to the review room for use by the receiving Party's reviewer(s) to store and use electronic devices. All notes, whether electronic or otherwise, will remain protected as work product and shall not be reviewed by producing Party. The note-taking laptop computer will not track, keep any file histories of, or otherwise record notes generated by the reviewing Party, including through any keyloggers, tracking software, or recording software. The receiving Party's Outside Counsel and/or experts may not copy the Source Code Material into the notes and may not take such notes electronically on the Source Code Review Computer itself.

(e)     Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the receiving Party's Outside Counsel and/or experts shall remove all notes, documents, USB memory devices, and all other materials from the Source Code Review Room. The producing Party shall not be responsible for any items left in the room following each inspection session, and the receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(f)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Review Computer(s) in order to access the produced Source Code Material on the Source Code Review Computer(s).  The Source Code Review Computer shall be configured to permit review of the Source Code Material through a password-protected account having read-only access. To facilitate review of the Source Code Material at the secure facility, the receiving Party may use appropriate tools software on the Source Code Review Computer(s), which shall be installed by the producing Party, including at least one text editor like Visual Slick Edit that is capable of printing out Source Code Material with page and/or line numbers, a source code comparison tool like Winmerge, and at least one multi-text file text search tool such as "grep." Should it be necessary, other mutually agreed upon tools may be used with reasonable notice from the receiving Party. Licensed copies of other mutually agreed upon tool software shall be installed on the Source Code Review Computer by the producing Party and paid for by the receiving Party. To the extent that such tools record local working files or other records reflecting the work performed by the receiving Party, such files and records shall not be reviewed or altered by the producing Party.

(g)     The producing Party will produce Source Code Material in computer searchable format on the Source Code Review Computer(s) as described above.

(h)     Access to Source Code Material shall be limited to outside counsel and up to three

(3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.   A receiving Party may include limited excerpts of Source Code Material not to exceed ten (10) consecutive lines in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.   The foregoing notwithstanding, the producing Party shall accommodate reasonable requests by the receiving Party to include excerpts of Source Code Material exceeding ten consecutive lines.

(i)     To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as CONFIDENTIAL - SOURCE CODE.

(j)     Except as set forth in paragraph 11(n) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

(k)     The receiving Party shall be permitted to request up to 10 copies of each original print out of Source Code Material, all of which shall be designated and clearly labeled "CONFIDENTIAL - SOURCE CODE." The producing Party shall be the only Party permitted to make copies of Source Code Material. Counsel for the producing Party will provide the requested number, up to ten (10) copies of such original printouts to counsel for the receiving Party within four (4) business days of any request by the receiving Party. No additional electronic copies of the Source Code Material shall be provided by the producing Party. Regardless of method, any print request that consists of more than fifty (50) pages of a continuous block of Source Code Material shall be presumed to be excessive, and the burden shall be on the receiving Party to demonstrate the need for such a printed copy. The receiving Party may request printed Source Code Material of no more than one thousand (1000) pages total, subject to further agreement between the producing Party and receiving Party or order by the Court. The receiving Party shall not

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e).

request printed Source Code Material that has not been reviewed on the Source Code Review Computer or in order to review Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the Source Code Review Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by such actions. Hard copies of the Source Code Material also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology. Only printouts of Source Code Material may be made, and such printouts, where made of programming language text, must include (1) directory path information and filenames from which the Source Code Material came and (2) line numbers. The producing Party may refuse to provide copies of Source Code Material printouts that fail to comply with this section. The receiving Party shall maintain a log of all Source Code Material printouts it receives, which shall record the identity of each individual to whom each hard copy of each producing Party's Source Code Material printout is provided and when it was provided to that person in the first instance, and within thirty (30) days of receiving a written request from the producing Party, and only after the issuance of a final, non-appealable decision resolving all issues in this action, the receiving Party must serve upon the producing Party a copy of the log.  Any copies of Source Code Material used at a deposition shall not be retained by the court reporter.

(l)     Should such printouts or photocopies be permissibly transferred back to electronic media, such media shall be labeled "CONFIDENTIAL - SOURCE CODE" and shall continue to be treated as such.

(m)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).

(n)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(h) above to another person authorized under paragraph 11(h) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

(o)     Furthermore, for depositions of persons qualified to view Source Code Material, at least one (1) week before the date of the deposition, or in the case of a deposition reasonably scheduled less than (1) week in advance, no later than 24 hours after scheduling such deposition, the receiving Party shall notify the producing party if the receiving Party wishes to have the Source Code Review Computer and/or Source Code Material printouts available at the deposition, which the receiving Party shall provide. To the extent the location and schedule of depositions makes it impractical to have a Source Code Review Computer at multiple depositions where it is necessary, the Parties will meet and confer in good faith. The computer upon which Source Code Material is made available at the deposition shall include appropriate software analysis tools as discussed above, provided the receiving Party has, at its expense, provided the supplier with a license for such software tool in sufficient time to have it properly loaded on the deposition Source Code Review Computer.  The electronic copy of Source Code Material reviewed by a producing Party's witness during a deposition will be visible to deposition attendees in the room—for clarity, electronic copies of Source Code Material will be visible only to persons attending the deposition in-person. To the extent required, the questioning party at the deposition may request that the witness create additional pdf printout pages of Source Code Material on behalf of that questioning party consistent with other provisions and limitations (e.g., limits on number of Source Code Material printout pages) of the this Protective Order—such Source Code Material printouts shall be given filenames sufficient to enable their designation as deposition exhibits until Bates numbers can be later assigned by Qualcomm.

12.     The Parties acknowledge that DESIGNATED MATERIAL also may be subject to the US government export control and economic sanctions laws ("Export Controlled Information"), including the Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/ ) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC"). Receiving Parties may not directly or indirectly export, re-export, transfer, or release (collectively, "Export") any DESIGNATED MATERIAL to any destination, person, entity, or end use prohibited or restricted under US law without prior US government authorization to the extent required by regulation. The US government maintains embargoes and sanctions against the

countries listed in Country Groups E:1/2 of the EAR (Supplement 1 to part 740). Export Controlled Information disclosed in this action will be used only for the purposes of this action. Counsel of Record or other individuals authorized to receive Export Controlled Information will not disclose, export, or transfer, in any manner, Export Controlled Information to any foreign person except as permitted by U.S. law, and will not transport any such document outside of U.S. territory, without prior written approval of the Bureau of Industry and Security or other appropriate U.S. government department or agency, except as permitted by U.S. law.

13.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party—including experts or consultants—that is permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's non-financial HIGHLY SENSITIVE MATERIAL under this Order shall not advise on, consult on, prepare, prosecute, supervise, draft, edit, amend and/or assist in the preparation or prosecution of any patent application, specifications, claims, and/or responses to office actions pertaining to the field of invention of the Patent-in-suit,[3] before any foreign or domestic agency, including the United States Patent and Trademark Office. These obligations shall remain in force during the pendency of this Action and for the earlier of one year after its conclusion, including any appeals, or one year after the date the individual person(s) provides written notice to the producing Party that said person ceases

---

[3] "Patent-in-suit" refers to U.S. Patent 8,549,339.

to have access to HIGHLY SENSITIVE MATERIAL, as well as any materials that contain or disclose such material. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of patents or patent applications relating to the functionality, operation, and design of technology pertaining to the field of invention of the patent-in-suit. Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO post-grant proceeding, *e.g.*, IPR or PGR, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

14. Receiving Party shall host DESIGNATED MATERIAL in a manner that is commercially reasonable for such material, and shall use commercially reasonable efforts to secure DESIGNATED MATERIAL that is transmitted from, to, or between authorized recipients, or is otherwise maintained outside a secure document hosting platform.

15. Unauthorized Disclosure of DESIGNATED MATERIAL. If a receiving Party learns that, by inadvertence or otherwise, the receiving Party or one of its vendors has disclosed DESIGNATED MATERIAL to any person or in any circumstance not authorized under this Order, the receiving Party must immediately (a) notify in writing producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the DESIGNATED MATERIAL, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the undertaking in Appendix A. Nothing in these provisions should be construed as limiting any producing Party's rights to seek remedies for a violation of this

Protective Order.

16.    Breach Notification and Cooperation. If the receiving Party discovers that an unauthorized person or persons has accessed or obtained the DESIGNATED MATERIAL of another Party, the receiving Party shall:  (1) provide written notice to producing Party of such breach within three (3) business days of receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide producing Party with assurance reasonably satisfactory to producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the producing Party can reasonably ascertain the size and scope of the breach including, but not limited to, the nature of the compromise, the timing of the compromise, the documents compromised, the nature of the unauthorized party, and the data security in place at the time of the compromise.  If required by any judicial or governmental request, requirement, or order to disclose such information, the receiving Party shall take all reasonable steps to give the producing Party sufficient prior notice in order to contest such request, requirement, or order through legal means.  The receiving Party agrees to provide reasonable cooperation to the producing Party or law enforcement in investigating any such security incident. In any event, the receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment. If the unauthorized access or disclosure of the DESIGNATED MATERIAL requires notice to individuals, organizations, or regulators under applicable law, then the receiving Party shall follow the reasonable instructions of the producing Party regarding such notice at their own cost.

17.    Nothing in this Order shall require production of documents, information, or other material

that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.   Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under  the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material.    The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Notwithstanding the provisions of this Order, Parties may redact from any document, whether DESIGNATED MATERIAL or not, any information containing privileged material, attorney work product, or any other data protected from disclosure by State or Federal laws or regulations.

18.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized
to have access thereto to any person who is not authorized for such access under this Order.
The Parties are hereby ORDERED to safeguard all such documents, information, and
material to protect against disclosure to any unauthorized persons or entities.

19.    Nothing contained herein shall be construed to prejudice any Party's right to use any
DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that
the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have
access to the DESIGNATED MATERIAL by virtue of his or her employment with the
designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee,
or copy recipient of such information; (iii) although not identified as an author, addressee,
or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of
business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director
or employee of the producing Party or a current or former officer, director, or employee
of a company affiliated with the producing Party; (v) counsel for a Party, including outside
counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent
contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court
reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to
access to DESIGNATED MATERIAL.    DESIGNATED MATERIAL shall not be
disclosed to any other persons unless prior authorization is obtained from counsel
representing the producing Party or from the Court.

20.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a
deposition or hearing transcript, designate the deposition or hearing transcript or any portion
thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY,"

"CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" pursuant to this Order.   Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

21.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.   The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.    Exhibits to a filing shall conform to the labeling requirements set forth in this Order.    If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

22.    The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. The Parties will negotiate in good faith regarding the handling of DESIGNATED MATERIAL at trial.

23.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.    If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.   Upon any such application to the Court,

18

the burden shall be on the designating Party to show why its classification is proper.   Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

24.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order.   A copy of the acknowledgment form is attached as Appendix A.

25.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

26.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL - SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties.   The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation.   Until that time period lapses or until such a designation has been made,

whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

27.    Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or the receiving Party shall use commercially reasonable efforts to destroy the DESIGNATED MATERIAL.    The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.  With respect to any copy of DESIGNATED MATERIAL or derivation thereof that remains on back-up tapes and other disaster storage media of an Authorized Reviewer(s), the receiving Party shall not be required to delete DESIGNATED MATERIAL to the extent the systems are overwritten in the normal course of business, are located in electronic files not reasonably accessible, or where located in archiving and back-up systems where deletion would require more than commercially reasonable efforts.

28.    The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

29.    Any Party knowing or believing that any other Party is in violation of or intends to violate

this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.    Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

30.    Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

31.    Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

32.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.  Even after the termination of this action, the confidentiality obligations imposed by this Protective Order shall remain in effect following the termination of this action, or until the Parties agree otherwise in writing or a court order otherwise directs.

SIGNED this 25th day of August, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

|  |  |  |
|---|---|---|
| REDSTONE LOGICS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 7:24-CV-00231-ADA |
| | § | |
| QUALCOMM INC.; QUALCOMM | § | |
| TECHNOLOGIES, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**APPENDIX A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE**
**ORDER GOVERNING CONFIDENTIAL INFORMATION IN THIS CASE**

I, _____, declare that:

1.     My address is _____.

        My current employer is _____.

        My current occupation and job description is _____

        _____.

2.     I have received a copy of the Protective Order in this action.  I have carefully read and

understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

will not disclose to anyone not qualified under the Protective Order, and will use only for

purposes of this action any information designated as "CONFIDENTIAL,"

"CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE

ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that is

disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____