IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| REDSTONE LOGICS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 7:24-CV-00231-ADA |
| | § | |
| QUALCOMM INC.; QUALCOMM | § | **Jury Trial Demanded** |
| TECHNOLOGIES, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER ON JULY 14, 2025 DISCOVERY DISPUTE

The Court enters this Order to memorialize its ruling regarding the parties discovery dispute submitted on July 14, 2025. The Court rejects Qualcomm's proposals to include a Development Bar and Acquisition Bar. The disputes, parties' positions and requested relief are summarized below:

## 1.    Development Bar:

Whether the Protective Order in this case should include Qualcomm's proposed paragraph 5(e) language that outside "consultants or experts are not presently involved in product design, development, sales, marketing, or pricing decisions on behalf of a supplier of microprocessors or other products or chips that contain multiple processing cores, and will not be involved in the same during the period with which they have access to DESIGNATED MATERIALS"? (the "Development Bar").

## a.  Plaintiff Redstone's Position:

Qualcomm's proposed language deviates from the Judge Albright's default protective order and should be rejected. As *Jawbone Innovations, LLC v. Apple Inc.*, 6:21-cv-984, Dkt. No.

57 at 1 (W.D. Tex. May 26, 2022) provides, "To reduce the frequency of disputes over language in protective orders, the Court tracks its default protective order unless either party shows good cause for deviation." Paragraph 5(e) of the default protective order is sufficient to address the relevant concerns and should remain unaltered. In particular, Paragraph 5(e) already provides a mechanism for resolving concerns regarding an expert's background and employment. Additionally, for example, Appendix A already obligates experts/consultants to only use confidential information "only for purposes of this action." These provisions have been sufficient in numerous cases before this Court.

Qualcomm's proposal to deviate from the default by including a bright-line rule for excluding certain experts is baseless. As an initial matter, Qualcomm's proposed language is vague and ambiguous as it fails to define "suppliers of microprocessors or other products or chips that contain multiple processing cores." This vague language could exclude many experts without an association to the field of invention of the Asserted Patents. Furthermore, by excluding industry-active experts as a matter of course, Qualcomm's bar unfairly handicaps Redstone, effectively limiting its access to witnesses most qualified to opine on complex chip designs (i.e., those with current, hands-on experience). In contrast, Qualcomm is not prohibited from relying on its own in-house engineers, potentially skewing the "battle of the experts." Qualcomm offers no concrete evidence justifying exclusion of all recently active experts from the industry. Wholesale exclusion is overbroad and unnecessary.

Qualcomm's citation to *Polaris Innovations Ltd.* and *Collabo Innovations, Inc.* is inapposite as it appears both those cases involved undisputed protective orders.

**Relief**: Redstone respectfully requests that the Court adopt Redstone's proposal, which adopts this Court's default language by proposing no unnecessary additional language, in **red**, and reject Qualcomm's proposal in **blue**.

### b. Defendants Qualcomm's Position:

Qualcomm's proposed Development Bar is consistent with Federal Circuit precedent and is narrowly tailored to prevent acts, intentional or inadvertent, that could cause Qualcomm substantial harm in the marketplace. Moreover, it is consistent with other protective orders the Court recently entered to protect Qualcomm confidential information. *See*, *e.g.*, *Polaris Innovations Ltd. v. Qualcomm Incorporated*, 7:24-cv-00296-ADA, Dkt. 33 at ¶30, Ex. B (W.D. Tex. 2025); *Collabo Innovations, Inc. v. Qualcomm Incorporated*, 6:24-cv-00472-ADA, Dkt. 31 at ¶30, Ex. B (W.D. Tex. 2025).

Qualcomm is a highly-innovative company, spending billions annually on R&D to remain at the forefront of technological development, including microprocessor designs. *See*, Qualcomm FY2024 10-K at 41 (disclosing $8.9B of R&D expenditures). Qualcomm employs strict security measures to guard against inadvertent disclosure of its confidential information, including source code and layout information sought by Redstone's discovery requests. Ex. 1, Request 7 (annotated). Courts have rightly concluded such information is "among [a company's] most valuable and secret assets. They… are all that a competitor would need to produce exact replicas or 'clones' of [the company's] chips. Even an inadvertent disclosure of such information could spell economic catastrophe…" *OKI Am., Inc. v. Advanced Micro Devices, Inc.*, 3:04-cv-03171-CRB, 2006 U.S. Dist. LEXIS 66441, at *10-11 (N.D. Cal. Aug. 31, 2006).

In addressing a closely related issue—a prosecution bar—the Federal Circuit recognized "'[i]t is very difficult for the human mind to compartmentalize and selectively suppress

information once learned, no matter how well-intentioned the effort may be to do so.'" *In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (citation omitted). This is equally true for both patent prosecution and product development activities. Accordingly, general "provisions specifying that designated confidential information may be used only for purposes of the current litigation" provide insufficient protections. *See id.*

Furthermore, Qualcomm's proposed Developmental Bar is narrowly tailored. First, it applies during the duration of access to Designated Materials. Second, the bar is limited to the technology of the asserted '339 Patent. And third, the bar applies only to experts and consultants that engage in design and sales activities on behalf of product suppliers.

Redstone is not unduly prejudiced by Qualcomm's addition, as numerous qualified experts exist—including academics not engaged in product supply. For example, in related litigation, Redstone disclosed expert witness Dr. Michael Brogioli. While Dr. Brogioli appears to engage in consulting generally, he is a professor at Rice University with no apparent work amounting to "product design, development, sales, marketing, or pricing decisions on behalf of a supplier of microprocessors." *See Samsung Electronics Co., Ltd. v. Headwater Research LLC*, IPR2024-01407, Ex. 2013 (PTAB June 27, 2025) (Brogioli CV). Redstone argues it is prejudiced because Qualcomm can rely upon its engineers, but this is a red herring as Qualcomm's engineers are likewise restricted in their use of Qualcomm CBI. And, more to the point, Qualcomm's expert will be subject to the same restrictions as Redstone's expert.

**Relief**: Entry of the Development Bar in the disputed protective order.

### c.  Ruling by the Court:

The Court adopts Redstone's proposal and rejects Qualcomm's proposal of a "Development Bar."

## 2.    Acquisition Bar:

Whether the Protective Order in this case should include Qualcomm's proposed paragraph 14 language regarding an acquisition bar: "Any person permitted to receive the other Party's Designated Material that is designated HIGHLY SENSITIVE MATERIAL…shall not directly or indirectly (i) advise or participate in the acquisition of any patent that is or may be asserted against any Party or the functionality of any Party's product, either alone or in a third-party product and (ii) advise…on the selection or valuation of any patent or claim asserted or to be asserted against a Party or the functionality of any Party's product…"? (the "Acquisition Bar").

### a.  Plaintiff Redstone's Position:

This Court's default protective order contains no acquisition bar. Qualcomm's addition of an acquisition bar *significantly* deviates from the default protective order, and fails to provide good cause to do so. *See Jawbone* at 1. This Court has recently denied similar requests for an acquisition bar. *See, e.g., The Trustees of Purdue University v. STMicroelectronics N.V., et al.,* 6:21-cv-727-ADA, Dkt No. 64 (Feb. 3, 2022); *Jawbone* at 1 (denying Defendant's proposed protective order which included a request for an acquisition bar because it deviated substantially from the Court's default protective order (*see* Dkt. No. 40-3 at ¶ 13)). The Eastern District of Texas has taken a similar approach. *See Sol IP, LLC v. AT&T Mobility LLC,* No. 2:18-CV-0526-RWS-RSP, 2019 WL 13218908, at *2 (E.D. Tex. May 29, 2019); *Jenam Tech, LLC v. Samsung Elecs. Am., Inc.,* No. 4:19-cv-250-ALM-KPJ, 2020 WL 757097, at *2 (E.D. Tex. Feb. 4, 2020).

Moreover, existing provisions already prevent the misuse of confidential information. For example, Paragraph 7 already provides that Designated Material "shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose." Appendix A already obligates experts/consultants to only use confidential information "only for purposes of this action."

Qualcomm's proposal is further ambiguously defined, encompassing activities far beyond the scope of the current litigation, seeking to bar against the acquisition "of any patent." It further covers a 12-month time period, stifling legitimate business endeavors and raising serious concerns about fairness. Introducing an acquisition bar is a superfluous and heavy-handed approach that offers no meaningful additional protection.

In contrast to *Multimedia Content Management LLC v. DISH Network LLC*, 6:18-cv-00207-ADA (WDTX), Docket 93 ("MCM") cited by Qualcomm, there is no "competitive decision maker" that justifies an acquisition bar here.

Likewise, *E-Contact Techs., LLC v. Apple, Inc.*, No. 1:11-CV-426-LED-KFG, 2012 U.S. Dist. LEXIS 190475 (E.D. Tex. June 19, 2012) cited by Qualcomm, is inapposite. Redstone has not "acquiesced" to a prosecution bar but has treated the Court's default as the Court has instructed and Redstone does not have good cause to alter it. Moreover, *E-Contact* inappropriately conflates a prosecution bar and an acquisition bar. The prosecution bar prevents the creation of new claims, while the acquisition bar only impacts the distribution of existing claims.

**Relief:** Redstone respectfully requests that the Court adopt Redstone's proposal, which adopts this Court's default language by proposing no unnecessary additional language, in **red**, and reject Qualcomm's proposal in **blue**.

### b. Defendants Qualcomm's Position:

Good cause exists for the Acquisition Bar, which derives from one the Court previously entered in *Multimedia Content Management LLC v. DISH Network LLC*, 6:18-cv-00207-ADA, Dkt. 93 (W.D. Tex. 2018). And, unlike bars this Court has denied that were ***technology*** specific, Qualcomm narrowly crafted the bar so it only applies to the acquisition of patents to assert ***against Qualcomm*** products during this litigation and for a limited duration afterwards.

6

Redstone contends "there is no 'competitive decision maker' that justifies an acquisition bar here," but that is incorrect. The Federal Circuit has explained that "competitive decisionmaking" is "[s]horthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (citation omitted). Thus, to the extent counsel or another advises or participates in the acquisition of a patent for assertion, that individual is by definition a competitive decisionmaker. *See id.* To the extent counsel or others do not participate in such decisions or do not have access to Qualcomm's technical information, the Acquisition Bar is not implicated.

The Federal Circuit has rejected Redstone's argument relying upon provisions generically preventing misuse of confidential information. This is because, no matter how well-intentioned, "there may be circumstances in which even the most rigorous efforts of the recipient of [Designated] information to preserve confidentiality in compliance with the provisions of such a protective order may not prevent inadvertent compromise." *Id.* "'[I]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned…" *Id.*

An acquisition bar is warranted here for the same reasons that the Court has included a prosecution bar in its Model Protective Order. Indeed, Redstone "has acquiesced to the imposition of a patent prosecution bar, and, therefore, apparently agrees that there could possibly be a risk of inadvertent disclosure of Defendants' confidential information… before the PTO." *E-Contact Techs., LLC v. Apple, Inc.*, No. 1:11-CV-426-LED-KFG, 2012 U.S. Dist. LEXIS 190475, at *8-9 (E.D. Tex. June 19, 2012). "Therefore, it is hard to conceive that there would be little or no risk of inadvertent disclosure when these same attorneys advise their client in matters regarding

acquisitions of patents." *Id.* A limited acquisition bar, like the one proposed here, is an appropriate tradeoff for gaining access to a company's most sensitive information.

Redstone inaccurately contends—without support—that acquisition bars "offer[] no meaningful additional protection." But, it is difficult to see what protection could be more meaningful than barring an individual with access to Qualcomm's most sensitive information from using knowledge gleaned from such information to acquire and assert assets against Qualcomm (even inadvertently). The Acquisition Bar mitigates substantial prejudice that would result from targeted acquisitions, and Redstone's objection to this narrowly tailored provision understandably enhances Qualcomm's concerns and confirms the provision is appropriate.

**Relief:** Entry of the Acquisition Bar in the disputed protective order.

### c.  Ruling by the Court:

The Court adopts Redstone's proposal and rejects Qualcomm's proposal of an "Acquisition Bar."

**SO ORDERED.**

DATED: 8/27/2025

_____

UNITED STATES DISTRICT COURT JUDGE