# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC<br><br>*Plaintiff,*<br><br>v.<br><br>QUALCOMM INC.; QUALCOMM TECHNOLOGIES, INC.,<br><br>*Defendants*. | Case No. 7:24-cv-00231-ADA<br><br>**JURY TRIAL DEMANDED** |

## THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Redstone Logics LLC ("Redstone") files this complaint against Defendants Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively, "Defendants" or "Qualcomm") alleging infringement of U.S. Patent No. 8,549,339 (the "'339 Patent" or the "Patent-in-Suit").

### The Parties

1. Plaintiff Redstone Logics LLC is a limited liability company organized under the laws of the State of Texas, with an address at 2150 S. Central Expressway, Suite 200, McKinney, TX 75070.

2. Qualcomm Inc. is a company organized under the laws of the state of Delaware with a principal place of business at 5775 Morehouse Dr., San Diego, CA 92121. Qualcomm Inc. may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., at 251 Little Falls Dr., Wilmington, Delaware, 19808.

3. Qualcomm Technologies, Inc. is a company organized under the laws of the state of Delaware with a principal place of business at 5775 Morehouse Dr., San Diego, CA 92121. Qualcomm Technologies, Inc. may be served with process through its registered agent,

Corporation Service Company, at 251 Little Falls Dr., Wilmington, Delaware 19808. Qualcomm Technologies, Inc. is a subsidiary of Qualcomm Inc. Qualcomm Technologies, Inc. operates, along with its subsidiaries, substantially all of Qualcomm's engineering, research and development functions, and substantially all of its products and services businesses.

## Jurisdiction and Venue

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants in this action because Defendants have established minimum contacts with the United States as a whole, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendants have purposefully directed activities at the United States, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales. Defendants have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent. Defendants, directly and through subsidiaries, intermediaries, and third parties, have committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patent.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Defendants have regular and

established place of business in this District at least 9600 N. Mopac Expressway, Ste 900, Stonebridge Plaza II, Austin, Texas 78759 and 13929 Center Lake Drive, Parmer, Building 1, Austin, Texas 78753.

## Count 1
## Infringement of U.S. Patent No. 8,549,339

7. Redstone incorporates by reference each of the allegations in the preceding paragraphs and further alleges as follows:

8. Redstone is the owner of U.S. Patent No. 8,549,339 entitled "Processor core communication in multi-core processor," which issued on October 1, 2013. A copy of the '339 Patent is attached to this complaint as **Exhibit 1**.

9. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including products comprising one or more SoC each comprising two or more sets of processors implementing or based on the DynamIQ Shared Unit architecture (*e.g.*, ARMv8.2, ARMv9 ARMv9.2, and successors) or big.LITTLE architecture, including without limitation the Snapdragon 8 Gen 2 and the Snapdragon 835 Mobile Platform, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '339 Patent.

10. Defendants also knowingly and intentionally induce infringement of one or more claims of the '339 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, and on information and belief also in connection with *Redstone Logics LLC v. Samsung Electronics Co., Ltd. et al.*, Case No. 2:23-cv-00485 (E.D. Tex. filed Oct. 17, 2023) in which Redstone contended that Samsung infringed the '339 Patent in connection with products containing Qualcomm's Snapdragon 8 Gen 2, Defendants have had knowledge of the '339 Patent and the infringing nature of the Accused Instrumentalities. Samsung and Qualcomm have a

3

longstanding and ongoing business relationship under which Qualcomm supplies the Snapdragon 8 Gen 2 and other products to Samsung. On information and belief, Qualcomm specifically learned about the *Samsung* case, prior to the initial filing of this *Qualcomm* case, as part of the relationship between Samsung and Qualcomm relationship, including though Samsung identifying to Qualcomm the '339 Patent, identifying specific Accused Instrumentalities such as the Snapdragon 8 Gen 2, and identifying Redstone's contention that those instrumentalities infringe the '339 Patent. As a result, Qualcomm had pre-suit knowledge of the patent and the infringing nature of its products. Thus, prior to the filing of this lawsuit, Qualcomm knew of the '339 Patent, knew Redstone contended that the Accused Instrumentalities infringed the '339 Patent, and despite such knowledge, continued to sell the Accused Instrumentalities with knowledge that the sales amounted to infringement.

11.     Despite this knowledge of the '339 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through engineering documents for customers that integrate the Accused Products into consumer devices, and through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '339 Patent. Furthermore, Defendants offer the Accused Instrumentalities in a form and configuration such that customers and end users will perform the claimed method automatically by using the Accused Instrumentalities "out of the box" in their ordinary way. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '339 Patent, thereby specifically intending for and inducing their customers to infringe the '339 Patent through the customers' normal and customary use of the Accused Instrumentalities.

12. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '339 Patent. A claim chart comparing independent claim 1 of the '339 Patent to representative Accused Instrumentalities is attached as **Exhibit 2** and incorporated by reference herein.

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '339 Patent pursuant to 35 U.S.C. § 271.

14. Redstone has also complied with the requirements of 35 U.S.C. §287 at least as of October 17, 2023 or shortly thereafter. On October 17, 2023, Redstone filed a patent infringement action against Samsung Electronics Co., LTD. and Samsung Electronics America, Inc. asserting infringement of the '339 Patent by the Snapdragon 8 Gen 2 in certain Samsung phones. *See Redstone Logics LLC. V. Samsung Electronics Co., LTD, et al*, Case No. 2: 23-cv-00485, Dkt. 1 (E.D. Tex.). Defendants make and sell the Snapdragon 8 Gen 2 to Samsung. The Snapdragon 8 Gen 2 is accused of infringing in the same manner in this case and in the Samsung case. On information and belief, Defendants knew or should have known of Redstone's complaint and/or subsequent case-related materials. For instance, based on common industry practice, it would be expected for Defendants to indemnify Samsung. It would be expected for Samsung to provide Defendants with notice of any claim for infringement for which Samsung is indemnified pursuant to the indemnification arrangement. As such, and on information and belief, Samsung provided Defendants with Redstone's complaint asserting infringement by Qualcomm's Snapdragon 8 Gen 2. Additionally, the complaints and/or subsequent case-related materials are matters of public record, which are readily accessible to Qualcomm. As such, Defendants were notified of the infringement by Redstone and has thereafter continued to infringe.

15. Defendants' infringement has been and is willful. Through at least notice of the Samsung case, Defendants have had knowledge of the '339 Patent and that the Accused Instrumentalities infringe. Despite Defendants' knowledge of the '339 Patent, and indemnification of Samsung's infringement of the '339 patent, Defendants continued and still continue to infringe the '339 patent. In doing so, Defendants knew or should have known, that their conduct amounted to infringement of the '339 patent. Accordingly, Defendants are liable for willful infringement.

16. As a result of Defendants' infringement of the '339 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court at least dating to October 17, 2023 or shortly thereafter.

## Jury Trial Demanded

17. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Redstone requests a trial by jury of any issues so triable by right.

## Prayer for Relief

Plaintiff Redstone respectfully requests the following relief from this Court:

A. A judgment in favor of Redstone that Defendants have infringed the '339 Patent, and that the '339 Patent is valid, enforceable, and patent-eligible;

B. A judgment in favor of Redstone finding willful infringement of the '339 Patent;

C. A judgment and order requiring Defendants to pay Redstone compensatory damages, costs, expenses, and pre- and post-judgment interest for its infringement of the asserted patent, as provided under 35 U.S.C. § 284;

C. Any and all injunctive and/or equitable relief to which Redstone may be entitled including, but not limited to, ongoing royalties with respect to Defendants' infringement of the '339 Patent;

6

D.    A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Redstone, including, without limitation, pre-judgment and post-judgment interest;

E.    A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Redstone's reasonable attorney's fees and costs; and

F.    Any and all other relief to which Redstone may be entitled.

Dated: September 29, 2025

        /s/ Reza Mirzaie
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
Joshua Scheufler,
CA State Bar No. 330462
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email: jscheufler@raklaw.com

**ATTORNEYS FOR PLAINTIFF,
REDSTONE LOGICS LLC**