## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>        Plaintiff,<br><br>v.<br><br>QUALCOMM INC.; QUALCOMM<br>TECHNOLOGIES, INC.,<br><br>        Defendants. | Case No. 7:24-cv-00231-ADA |

## DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ........................................................................................... 1

II.    FACTUAL BACKGROUND .......................................................................... 2

III.   LEGAL STANDARD .................................................................................... 3

    A.   Dismissal Under Rule 12(b)(6) ........................................................3

    B.   Properly Pleading Entitlement to Past Damages and Section 287 Compliance ........................................................................................4

IV.   ARGUMENT ................................................................................................. 4

    A.   Redstone's Legal Conclusion of Section 287 Compliance is Insufficient .......4

    B.   Redstone's Third Amended Complaint Fails To Allege Notice ......................5

    C.   Redstone Should Not Be Granted Leave to Amend .........................................6

V.    CONCLUSION .............................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
    6 F.3d 1523 (Fed. Cir. 1993)..................................................................................5

*Amsted Indus. v. Buckeye Steel Castings Co.*,
    24 F.3d 178 (Fed. Cir. 1994)..................................................................................5

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
    950 F.3d 860 (Fed. Cir. 2020)........................................................................1, 4, 5, 6

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017)..............................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................3, 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................3

*CPC Patent Techs. Pty Ltd. v. Apple Inc.*,
    No. 6:21-CV-00165-ADA, 2022 U.S. Dist. LEXIS 5838 (W.D. Tex. Jan. 12,
    2022) ....................................................................................................................4

*Express Mobile, Inc. v. DreamHost LLC*,
    No. 1:18-CV-01173-RGA, 2019 WL 2514418 (D. Del. June 18, 2019)...................4

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009)...................................................................................3

*Lans v. Digital Equip. Corp.*,
    252 F.3d 1320 (Fed. Cir. 2001)...........................................................................5, 6

*Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*,
    Civil Action No. 3:23-CV-00791-N, 2023 U.S. Dist. LEXIS 195903 (N.D.
    Tex. Nov. 1, 2023) ................................................................................................7

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)................3

*Redstone Logics LLC v. Samsung Electronics Co., Ltd. et al.*,
    Case No. 2:23-cv-00485 (E.D. Tex. filed Oct. 17, 2023)............................1, 2, 5, 6

**Rules and Statutes**

35 U.S.C. § 287.............................................................................................1, 2, 4, 5, 6, 7

Fed. R. Civ. Proc. 12(b)(6) ...............................................................................................3, 7

## I.    INTRODUCTION

Redstone's[1] Original, First Amended, and Second Amended Complaints do not even purport to plead compliance with 35 U.S.C. § 287, a prerequisite to seeking past damages. Dkts. 1, 13, 14. Faced with Qualcomm's rightful refusal to expand the scope of discovery absent such pleading and multiple *Artic Cat* letters identifying unmarked licensed products, Redstone filed a Third Amended Complaint ("TAC") that again fails to plead compliance with Section 287. Dkt. 41 ¶ 14. While the TAC does refer to Section 287, the factual allegations—taken as true—are legally insufficient to state an entitlement to pre-suit damages.

Redstone does not allege that Redstone or its licensees marked all relevant products. *Id.* Instead, Redstone alleges facts apparently intended to plead that Redstone provided actual notice to Qualcomm. *Id.* Specifically, Redstone pleads actual notice to Qualcomm based on Redstone's lawsuit against Samsung and that "[t]t would be expected for ***Samsung to provide*** [Qualcomm] with notice." Dkt. 41 ¶ 41.[2] These allegations are plainly insufficient under 35 U.S.C. § 287.

It is long-established black letter law that "[t]he marking statute imposes notice obligations on the patentee, and ***only the patentee*** is capable of discharging those obligations." *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860, 866 (Fed. Cir. 2020) ("*Arctic Cat II*"). Section 287 "is not directed to the infringer and does not contemplate mere knowledge of the infringer as sufficient to discharge the notice ***requirements placed on the patentee***." *Id.*

Because the TAC does not plead that ***Redstone*** provided notice to Qualcomm, Redstone has failed to state a claim for pre-suit damages. The TAC's claim for pre-suit damages should be dismissed with prejudice.

---

[1] As used herein, "Qualcomm" refers to Defendants Qualcomm Incorporated and Qualcomm Technologies, Inc., and "Redstone" refers to Plaintiff Redstone Logics LLC.

[2] All emphasis added unless otherwise noted.

## II.    FACTUAL BACKGROUND

Redstone purports to be the owner of U.S. Patent No. 8,549,339, entitled "Processor core communication in multi-core processor." Dkt. 41 ¶ 8. Redstone previously accused Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively "Samsung") of infringing this patent in *Redstone Logics LLC v. Samsung Electronics Co., Ltd. et al.*, Case No. 2:23-cv-00485 (E.D. Tex. filed Oct. 17, 2023). *See id* at ¶ 14. The TAC alleges that the *Samsung* Complaint, filed October 17, 2023, "assert[ed] infringement of the '339 Patent by the Snapdragon 8 Gen 2 in certain Samsung phones." *Id.*

Redstone filed the instant proceeding on September 20, 2024. Dkt. 1. Redstone twice amended its Complaint, on November 1, 2024 and November 26, 2024. *See* Dkts. 13 and 14. As Qualcomm informed Redstone via a June 23, 2025 letter, none of those pleadings "s[ought] pre-suit damages nor allege[d] compliance with 35 U.S.C. § 287." Ex. 1 at 1. Over three months later, and on the last day permitted under the Court's Scheduling Order (Dkt. 24), Redstone filed the TAC, contending for the first time that Redstone "complied with the requirements of 35 U.S.C. § 287 at least as of October 17, 2023 or shortly thereafter." Dkt. 41 ¶ 14. The TAC does ***not*** allege that Redstone and its licensees marked any embodying product, as would be required for constructive notice under Section 287. *Id.* Rather, Redstone apparently relies exclusively on the actual notice standard. Specifically, the TAC states:

> Redstone has also complied with the requirements of 35 U.S.C. §287 at least as of October 17, 2023 or shortly thereafter. On October 17, 2023, Redstone filed a patent infringement action against Samsung Electronics Co., LTD. and Samsung Electronics America, Inc. asserting infringement of the '339 Patent by the Snapdragon 8 Gen 2 in certain Samsung phones. *See Redstone Logics LLC. V. Samsung Electronics Co., LTD, et al*, Case No. 2: 23-cv-00485, Dkt. 1 (E.D. Tex.). Defendants make and sell the Snapdragon 8 Gen 2 to Samsung. The Snapdragon 8 Gen 2 is accused of infringing in the same manner in this case and in the Samsung case. On information and belief, Defendants knew or should have known of Redstone's complaint and/or subsequent case-related materials. For instance, based on common industry practice, it would be expected for Defendants to indemnify

Samsung. It would be expected for Samsung to provide Defendants with notice of any claim for infringement for which Samsung is indemnified pursuant to the indemnification arrangement. As such, and on information and belief, Samsung provided Defendants with Redstone's complaint asserting infringement by Qualcomm's Snapdragon 8 Gen 2. Additionally, the complaints and/or subsequent case-related materials are matters of public record, which are readily accessible to Qualcomm. As such, Defendants were notified of the infringement by Redstone and has thereafter continued to infringe.

*Id.* These facts, even if true, do not demonstrate actual or constructive notice to Qualcomm.

## III.    LEGAL STANDARD

### A.    Dismissal Under Rule 12(b)(6)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," as "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"When presented with a Rule 12(b)(6) motion, a court conducts a two-part analysis. First, the court separates the factual and legal elements, accepting 'all of the complaint's well-pleaded facts as true, [while] . . . disregard[ing] any legal conclusions.' Second, the court determines 'whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"" *Parity Networks, LLC v. Cisco Sys., Inc.,* No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *1 (W.D. Tex. July 26, 2019) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)) (alterations in original).

### B.    Properly Pleading Entitlement to Past Damages and Section 287 Compliance

"The patentee bears the burden of pleading and proving he complied with § 287(a)," the marking statute. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.* ("*Arctic Cat I*"), 876 F.3d 1350, 1367 (Fed. Cir. 2017). At the motion to dismiss stage, "[a] claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all." *CPC Patent Techs. Pty Ltd. v. Apple Inc.*, No. 6:21-CV-00165-ADA, 2022 U.S. Dist. LEXIS 5838, at *5 (W.D. Tex. Jan. 12, 2022) (quoting *Express Mobile, Inc. v. DreamHost LLC*, No. 1:18-CV-01173-RGA, 2019 WL 2514418, at *2 (D. Del. June 18, 2019)). "In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a). "The marking statute imposes notice obligations on the patentee, and ***only the patentee*** is capable of discharging those obligations. It is not directed to the infringer and does not contemplate mere knowledge of the infringer as sufficient to discharge the notice requirements placed ***on the patentee***." *Arctic Cat II*, 950 F.3d at 866.

## IV.    ARGUMENT

The TAC's single paragraph addressing alleged compliance with Section 287 consists of a legal conclusion and factual assertions about a ***separate*** litigation between Redstone and Samsung that, taken as true, are insufficient to show Redstone provided Qualcomm with actual notice.

### A.    Redstone's Legal Conclusion of Section 287 Compliance is Insufficient

Paragraph 14 of the TAC begins: "Redstone has also complied with the requirements of 35 U.S.C. §287 at least as of October 17, 2023 or shortly thereafter." Dkt. 41 at ¶ 14. This statement is a legal conclusion that should not be accepted as true. *See Iqbal*, 556 U.S. at 678 (2009).

4

### B.     Redstone's Third Amended Complaint Fails To Allege Notice

The remainder of Paragraph 14 of the TAC consists of factual allegations that, in sum, allege that: (1) Redstone filed and served *on Samsung* a complaint that alleged Samsung products infringed, and (2) Qualcomm allegedly learned about the *Samsung* Complaint either because Samsung told Qualcomm or Qualcomm obtained a public version of the *Samsung* Complaint. Dkt. 41 ¶ 14.

These factual allegations do not even purport to address "constructive notice—*i.e.*, marking its products." *Arctic Cat II*, 950 F.3d at 864. The TAC does not contend Redstone and its licensees marked as required. *Id.* As a result, at best, if the TAC had properly pled "actual notice" (it did not), it could only support past damages after "October 17, 2023 or shortly thereafter."

The Federal Circuit has repeatedly held that actual notice "requires ***the affirmative communication*** of a specific charge of infringement by a specific accused product or device." *Amsted Indus. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). "It is irrelevant . . . whether the defendant knew of the patent or knew of his own infringement. The correct approach to determining notice under section 287 ***must focus on the action of the patentee***, not the knowledge or understanding of the infringer." *Id.* In *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001), the Federal Circuit confirmed that the "affirmative communication" requirement of *Amsted Industries* requires that ***the patentee*** provided notice. The court first addressed earlier cases that found that "notification" from "someone associated with the alleged infringer" was not good enough because "notice of infringement must . . . come from the patentee, not the infringer." *Id.* at 1327 (quoting *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 n.18, (Fed. Cir. 1993)). The court then held that even "notice ***from someone closely associated with the patentee*** does not satisfy § 287(a)." *Id.* at 1327 (citing *Amsted Indus.*, 24 F.3d at 187).

The allegations provided here do not even reach the closer call addressed in *Lans*. The TAC does not plead that ***Redstone*** provided an ***affirmative communication*** to Qualcomm. Dkt. 41 ¶ 14. The TAC alleges only that Redstone filed the *Samsung* Complaint and either "***Samsung*** provided Defendants with Redstone's complaint asserting infringement by Qualcomm's Snapdragon 8 Gen 2" or Qualcomm obtained the *Samsung* Complaint from public sources. *See* Dkt. 41 ¶ 14. There are no allegations that Redstone itself made any of these communications directly to Qualcomm.

At bottom, Redstone apparently conflates the standards for actual notice and the required knowledge for a willfulness inquiry. But, again, the Federal Circuit has "reiterate[d] the conclusion that willfulness, as an indication that an infringer knew of a patent and of its infringement, ***does not serve as actual notice as contemplated by § 287***." *Arctic Cat II*, 950 F.3d at 866.[3] "[I]t is irrelevant whether the defendant knew of the patent or knew of his own infringement" through a third party because "actual notice" "must focus on the ***action of the patentee***…" *Id.* (cleaned up); *see also id.* ("The marking statute imposes notice obligations on the patentee, and ***only the patentee*** is capable of discharging those obligations.").

The factual allegations in the TAC, accepted as true, fail to state a claim for actual notice. The TAC does not plead that ***Redstone*** provided a specific charge of infringement to Qualcomm. Nor has Redstone sought to plead constructive notice. As such, Redstone's assertions of compliance with Section 287 and any entitlement to past damages should be dismissed.

### C.    Redstone Should Not Be Granted Leave to Amend

Should Redstone seek leave to amend, respectfully, that request should be denied. Through its numerous complaints, Redstone has had four opportunities to plausibly contend that it or its licensees provided actual or constructive notice of alleged infringement to Qualcomm—Redstone

---

[3] Qualcomm does not concede Redstone plausibly pleaded willfulness.

has never done so. Redstone never identified a product marked with the '339 Patent. Redstone never identified a pre-suit communication between Redstone and Qualcomm regarding alleged infringement. It is apparent that Redstone cannot identify any actual or constructive notice; for this reason, any amendment would be futile and should not be permitted. *See Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, Civil Action No. 3:23-CV-00791-N, 2023 U.S. Dist. LEXIS 195903, at *9 (N.D. Tex. Nov. 1, 2023) (dismissing with prejudice after plaintiff "has twice failed or declined to plead facts sufficient to state a claim" regarding Section 287 compliance).

Further, Redstone's dilatory litigation tactics should not be rewarded by granting Redstone a fifth bite at the apple. Qualcomm informed Redstone over three months ago that Redstone had not pleaded any entitlement to past damages in the Original, First, or Second Amended Complaints. *See* Ex. 1 at 1. Redstone, however, waited until the final day that it was able to amend absent leave to interject (albeit insufficiently) an entitlement to pre-suit damages via the Third Amended Complaint. Redstone should not be granted yet another opportunity to try to cobble together a cognizable theory of pre-suit damages.

## V.    CONCLUSION

For the foregoing reasons, Qualcomm respectfully requests that the Court grant its motion and dismiss Plaintiff's claims for pre-suit damages under Rule 12(b)(6) without leave to amend.

Date: October 8, 2025

Respectfully submitted,

By: _Daniel S. Leventhal_

Richard S. Zembek (SBN 00797726)
richard.zembek@nortonrosefulbright.com
Daniel S. Leventhal (SBN 24050923)
daniel.leventhal@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1550 Lamar Street, Suite 2000
Houston, TX 77010
Telephone: (713) 651-5151
Fax: (713) 651-5246

Eric C. Green (SBN 24069824)
eric.green@nortonrosefulbright.com
Brett A. McKean (SBN 24057994)
brett.mckean@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
Fax: (512) 536-4598

**COUNSEL FOR DEFENDANTS QUALCOMM
INCORPORATED AND QUALCOMM
TECHNOLOGIES, INC.**

### CERTIFICATE OF SERVICE

I certify that on October 8, 2025, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: _Daniel S. Leventhal_
   Daniel S. Leventhal