# Qualcomm Defendants' Exhibit 1

**NORTON ROSE FULBRIGHT**

June 23, 2025

**VIA EMAIL**

Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
United States of America

Direct line +1 512 536 3009
eric.green@nortonrosefulbright.com

Tel +1 512 474 5201
Fax +1 512 536 4598

Josh Scheufler
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: jscheufler@raklaw.com

Re:   *Redstone Logics LLC v. Qualcomm Inc. et al.*, Civil Action No. 7:24-cv-00231-ADA (WDTX) — *Arctic Cat* Notice of Unmarked, Patented Articles Subject to § 287

Counsel:

I write regarding the applicable damages window in this case and to confirm that Redstone does not contend it is entitled to pre-suit damages.[1] In particular, while Redstone's Second Amended Complaint generally seeks "compensatory damages…for [Qualcomm's] infringement of" U.S. Patent No. 8,549,339 ("the '339 Patent"), the complaint does not seek pre-suit damages nor allege compliance with 35 U.S.C. § 287. *See* Dkt. 14, Prayer for Relief ¶ B; *see also Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (affirming Rule 12(b)(6) dismissal where patentee did not sufficiently allege compliance with § 287(a)). Redstone has also failed to plead that any owner of the '339 Patent has ever taken reasonable steps to ensure compliance with the marking statute by any licensee of the '339 Patent. Please confirm no later than July 1, 2025, that Redstone is not seeking to recover pre-suit damages in this litigation.

Regardless of whether Redstone provides such confirmation, Redstone is precluded from recovering pre-suit damages based on its, its predecessors, and licensees' failure to comply with the marking statute. Under *Artic Cat*, Qualcomm provides notice that, on information and belief, Redstone's predecessors-in-interest licensed third party products under the '339 Patent. This includes licensed products sold by Ford Motor Company ("Ford") that are unmarked, patented articles subject to the requirements of Section 287. *Artic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). As discussed below, these sales of unmarked products by Ford preclude Redstone from recovering pre-suit damages. *Id.* Qualcomm reserves the right to identify additional unmarked, patented articles.

---

[1] Qualcomm Inc. and Qualcomm Technologies, Inc. ("Qualcomm") of course dispute that any damages are available to Redstone Logics LLC ("Redstone"), including because Qualcomm does not infringe the '339 Patent, and because the '339 Patent is invalid.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Josh Scheufler
June 23, 2025
Page 2

By way of specific example, in 2015, Intellectual Ventures ("IV") granted Ford a broad license to IV's and its subsidiaries' patents.[2]  Upon information and belief, these licensed patents included the '339 Patent.  While licensed to the '339 Patent, Ford partnered with chip-supplier NXP Semiconductors ("NXP") to develop Ford's Sync infotainment system, including the development of systems that use NXP's i.MX 8 series chips.[3]  Ford's latest Sync module, Sync 4, uses an i.MX 8 QuadMax processor, as shown below in a schematic of a publicly available teardown of the Sync 4.[4]



In Redstone's litigation against NXP USA, Inc., Redstone alleged infringement by NXP's "i.MX 8 Family Application Processors" and specifically cited evidence relating to the i.MX 8 QuadMax in support of its allegations.[5]  Ford first sold the Sync 4 system incorporating the NXP i.MX QuadMax in 2020, well before Redstone filed the instant case in September 2024.[6]  Upon information and belief, Ford did not mark any of its vehicles with the '339 Patent number.

---

[2] See, e.g., T. Bishop, (2015, Feb. 27), "Intellectual Ventures licenses patents to Ford, pushing into auto industry," GeekWire (available at https://www.geekwire.com/2015/intellectual-ventures-licenses-patents-to-ford-pushing-into-auto-industry/).
[3] See, e.g., NXP Semiconductors, (2021, Nov. 11), "Ford's new fully networked vehicle architecture implements NXP processors," EE Times, Asia (available at https://www.eetasia.com/nxp-and-ford-partner-on-next-gen-connected-car-experiences-and-services/); see also NXP Semiconductors' video entitled "Super eCockpits - The Future of Automotive Infotainment" (available at https://www.youtube.com/watch?v=wn6H0f6t06M).
[4] See, e.g., Xiangsi, (2021, Jan. 12), "Disassembly of Ford's new generation car system SYNC4: NXP is the real winner," EEWorld (available at https://en.eeworld.com.cn/news/qrs/eic522713.html).
[5] See Exhibit 2 to the Amended Complaint in Redstone Logics LLC v. NXP USA, Inc., 7:24-cv-00028, Dkt. 18-2 at 1, 2 (W.D. Tex. 2024).
[6] S. Blanco, (2019, Oct. 30), "Ford to Roll Out Sync 4 Infotainment, Wireless Connectivity," Car and Driver (available at https://www.caranddriver.com/news/a29630228/2020-ford-sync-4-infotainment-digital-updates/) ("All this tech, on touchscreens from eight to more than 15 inches, will start coming to new and redesigned Fords in 2020.").

Josh Scheufler
June 23, 2025
Page 3

NORTON ROSE FULBRIGHT

Thus, because Redstone failed to plead compliance with § 287 in its Complaint, because no owner of the '339 patent appears to have ever taken steps to ensure compliance with § 287, and because '339 Patent licensee Ford did not mark any patent practicing products with the '339 Patent, Redstone has failed to comply with Section 287(a), constituting a marking failure that precludes damages absent actual notice.  *Arctic Cat*, 876 F.3d at 1366 ("A patentee's licensees must also comply with § 287, because the statute extends to 'persons making or selling any patented article for or under [the patentee].'") (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) and quoting § 287(a)).  As Redstone did not provide Qualcomm with actual notice of alleged infringement, and there is no allegation in the Second Amended Complaint to the contrary, Redstone is precluded from seeking pre-suit damages from Qualcomm.

Best regards,

Eric C. Green