# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC<br><br>*Plaintiff,*<br><br>v.<br><br>QUALCOMM INC.; QUALCOMM TECHNOLOGIES, INC.,<br><br>*Defendants*. | Case No. 7:24-cv-00231-ADA<br><br>**JURY TRIAL DEMANDED** |

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>**

## **TABLE OF CONTENTS**

I. Introduction ..................................................................................................................... 1

II. Legal Standard ................................................................................................................ 1

III. Redstone's Third Amended Complaint Sufficiently Pleads Actual Notice ............................ 2

IV. Qualcomm Misconstrues *Amsted* and *Lans* ................................................................... 5

V. Conclusion ...................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
  24 F.3d 178 (Fed. Cir. 1994) .................................................................................... 3, 4, 5, 6

*Ashcroft v. Iqbal*,
  556 U.S. 544 (2007) ............................................................................................................ 1, 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 554 (2007) ............................................................................................................ 2

*Dunlap v. Schofield,*
  152 U.S. 244, 14 S.Ct. 576 L.Ed. 426 (1894) ................................................................. 3

*Erickson v. Pardus*,
  551 U.S. 89 (2007) .............................................................................................................. 2

*Johnson v. BOKF Nat'l Ass'n*,
  15 F.4th 356 (5th Cir. 2021) ............................................................................................. 1

*Lans v. Digital Equip. Corp.*,
  252 F.3d 1320 (Fed. Cir. 2001) ....................................................................................... 6, 7

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007) ....................................................................................... 1

*Motiva Patents LLC v. Sony Corp.*,
  408 F. Supp. 2d 819 (E.D. Tex. 2019) ............................................................................ 2

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018) ....................................................................................... 2

*Neonode Smartphone LLC v. Samsung Elecs. Co.*,
  No. 6:20-CV-00507-ADA, 2023 WL 5426743 (W.D. Tex. June 27, 2023) ............... 1

*Repairify, Inc. v. Keystone Auto. Indus., Inc.*,
  610 F. Supp. 3d 897 (W.D. Tex. 2022) .......................................................................... 2

*SRI Int'l, Inc. v. Advanced Tech. Lab'ys, Inc.*,
  127 F.3d 1462 (Fed. Cir. 1997) ....................................................................................... 3

*U.S. Philips Corp. v. Iwasaki Elec. Co.*,
  505 F.3d 1371 (Fed. Cir. 2007). ...................................................................................... 7

*Vulcan Eng'g Co. v. Fata Aluminium, Inc.*,
  278 F.3d 1366 (Fed. Cir. 2002) ....................................................................................... 4, 5

*Vulcan Eng'g Co. v. Fata Aluminium, Inc.*,
  No. 98-74495, 2000 WL 34513948 (E.D. Mich. Aug. 1, 2000) ................................................ 4

*Xiros, Ltd. v. Depuy Synthes Sales, Inc.*,
  No. W-21-CV-00681-ADA, 2022 WL 3592449 (W.D. Tex. Aug. 22, 2022) ........................... 2

**Statutes**

35 U.S.C. §287 ................................................................................................................. 4, 5, 6, 8

**Rules**

Fed. R. Civ. P. 4(c)(2) ............................................................................................................... 2

I.      **INTRODUCTION**

Redstone's Third Amended Complaint, filed within a week of the Court deciding Qualcomm's prior motion to dismiss[1], plainly alleges that Redstone provided Qualcomm with actual notice of Qualcomm's infringement. Dkt. 41 at ¶14. On October 17, 2023, **Redstone** prepared and filed a claim chart and complaint detailing the infringement of Qualcomm's Snapdragon 8 Gen 2. *Id*. As Redstone's infringement allegation was addressed to Qualcomm's product and served on a third party that Redstone reasonably believed would deliver it to Qualcomm, Redstone provided Qualcomm with actual notice that Qualcomm's products infringe and how they infringe. *Id*. There is no basis in law or fact for the notion that delivery by a third party destroys otherwise adequate actual notice as Qualcomm contends. As this is the only basis for Qualcomm's motion to dismiss, it should be denied.

II.     **LEGAL STANDARD**

This Court recently set out the standard for dismissal under Rule 12(b)(6) in *Neonode Smartphone LLC v. Samsung Elecs. Co.*, No. 6:20-CV-00507-ADA, 2023 WL 5426743, at *1–2 (W.D. Tex. June 27, 2023). Evaluating whether to grant a motion to dismiss under Rule 12(b)(6) is a "purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). Thus, Fifth Circuit law governs. *Id.* In the Fifth Circuit, "all well-pleaded facts" are accepted as true, they are viewed "in the light most favorable to the plaintiff," and "all reasonable inferences" are drawn in the plaintiff's favor. *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021). A complaint must be "plausible on its face" with sufficient factual bases. *Ashcroft v. Iqbal*, 556 U.S. 544, 570 (2007). "[D]etermining whether a complaint

---

[1] Qualcomm's remarks regarding alleged delay are misplaced. Redstone undertook a diligent investigation to ensure the accuracy of its pleadings—not for purposes of delay—and promptly amended once that diligence was complete, within the timeframe permitted by this Court.

states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Additionally, there must be "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Xiros, Ltd. v. Depuy Synthes Sales, Inc.*, W-21-CV-00681-ADA, 2022 WL 3592449, at *2 (W.D. Tex. Aug. 22, 2022) (citing *Iqbal*, 556 U.S. at 678). Furthermore, specific facts are not required, as long as the statement gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Discovery should generally proceed when "the relevant information is beyond the access of the plaintiff ... unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief." *Motiva Patents LLC v. Sony Corp.*, 408 F. Supp. 2d 819, 827 (E.D. Tex. 2019) (alteration in original). This is because a plaintiff "need not prove its case at the pleading stage." *Repairify, Inc. v. Keystone Auto. Indus., Inc.*, 610 F. Supp. 3d 897, 900–01 (W.D. Tex. 2022) (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)).

### III. REDSTONE'S THIRD AMENDED COMPLAINT SUFFICIENTLY PLEADS ACTUAL NOTICE

Qualcomm's motion asserts that, as a matter of law, no middleman may be involved in the provision of actual notice. But that is not the law.[2] Rather, "the actual notice requirement of § 287(a) is satisfied when the recipient [of the notice] is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise." *SRI Int'l, Inc. v. Advanced Tech. Lab'ys, Inc.*, 127

---

[2] Indeed, using a third-party middleman to provide notice is a common practice. For example, Fed. R. Civ. P. 4(c)(2) *requires* service of summons and complaint be made by a third party.

2

F.3d 1462, 1470 (Fed. Cir. 1997). Because "whether the defendant knew of the patent or knew of his own infringement" is irrelevant, focus is placed "on the action of the patentee, not the knowledge or understanding of the infringer." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). Here, Redstone pleads that **Redstone** itself prepared notice of the identity of the patent and the activity that is believed to be an infringement where such notice would act as a proposal to license and that **Redstone** caused Qualcomm to receive that notice. While Qualcomm's counter arguments ultimately misstate the law, they also rely on ignoring what was actually pled. But at this stage, all well-pled facts must be taken as true and here Redstone has pled that it provided Qualcomm with actual notice.

There appears to be no dispute that Redstone's complaint to Qualcomm's customer meets the requirement that notice "inform[ the infringer] of his patent and of [the infringer's] infringement of it." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 186 (Fed. Cir. 1994) (citing *Dunlap v. Schofield,* 152 U.S. 244, 14 S.Ct. 576, 38 L.Ed. 426 (1894)). The customer complaint identifies the '339 Patent and details Redstone's theory that Qualcomm's Snapdragon 8 Gen 2 infringes the '339 Patent. *See* Dkt. 41 at ¶14; Ex. 1 (Redstone's October 17, 2023 complaint to Samsung); Ex. 2 (Exhibit 2 to the customer complaint basing infringement of the '339 on "a Snapdragon 8 Gen 2 Octa—Core processor, which contains eight cores implementing the ARM DynamIQ Shared Unite-110 architecture"). Indeed, the customer complaint directly identifies Qualcomm's Snapdragon 8 Gen 2 in the customer phones and details how the Qualcomm chip alone infringes—without reliance on any additional customer components or features. *See e.g.* Ex. 1. As the Court observed, "[u]nless Qualcomm is supplying the identical products to Samsung, in which case I think they would then officially be on notice." Ex. 3 at 11:14-16 (Transcript of October 21, 2025 Discovery Dispute Hearing). Here, Redstone has alleged precisely

3

that—Qualcomm supplied the identical Snapdragon 8 Gen 2 product to Samsung. *See, e.g.*, Dkt. 41 at ¶14; Ex. 3 at 11:22-12:10. This clearly provides notice of both the '339 Patent and the infringement by Qualcomm's Snapdragon 8 Gen 2.

Qualcomm's dispute instead centers on the notion that "[t]he TAC does not plead that **Redstone** provided an ***affirmative communication*** to Qualcomm." Dkt. 42 at 6. But Redstone has alleged such. Redstone alleges **Redstone** drafted the customer complaint described above and that **Redstone** provided the complaint to a party it expected would deliver it to Qualcomm and that subsequently it was delivered to Qualcomm. *See* Dkt. 41 at ¶14 ("Redstone filed a patent infringement action … asserting infringement of the '339 Patent by Snapdragon 8 Gen 2 … Defendants [would] indemnify Samsung. It would be expected for Samsung to provide Defendants with notice of any claim for infringement for which Samsung is indemnified pursuant to the indemnification arrangement… Samsung provided Defendants with Redstone's complaint…"). Focusing "on the actions of the patentee," it is clear **Redstone**, not Samsung or Qualcomm, prepared a written notice of Qualcomm's infringement and caused it to be delivered to Qualcomm.

Redstone's theory has already been accepted by another court. In *Vulcan Eng'g Co. v. Fata Aluminium, Inc.*, the court found, after a bench trial, that actual notice under §287 effective where the patentee provided notice to the defendant's customer, General Motors ("GM"), and GM in turn relayed that notice to the defendant. No. 98-74495, 2000 WL 34513948, at *4 (E.D. Mich. Aug. 1, 2000), *order aff'd in part*, *modified in part sub nom*, *Vulcan Eng'g Co. v. Fata Aluminium, Inc.*, 278 F.3d 1366 (Fed. Cir. 2002)[3]. In that case, GM passed notice to Fata because it had an

---

[3] While on appeal, the Federal Circuit did not address notice under 35 U.S.C. §287, it should be noted that Circuit Judge Lourie, who earlier wrote *Amsted Industries* on which Qualcomm heavily relies for the notion that Samsung's involvement destroys notice under §287, also participated in the appeal of *Vulcan*.

indemnification agreement with Fata stating Fata would "defend, hold harmless and indemnify Buyer … against all claimed demands … for actual or alleged direct or contributory infringement…" *Id*.

The same principle applies here. Redstone provided notice to Qualcomm's customer, Samsung, and has alleged—facts that must be taken as true at this stage—that Samsung, likewise acting under an indemnification agreement, passed that notice to Qualcomm. Dkt. 41 at ¶14 ("…Samsung is indemnified pursuant to the indemnification arrangement. As such, [] Samsung provided Defendants with Redstone's complaint…"). Redstone reasonably expected that this exact exchange would occur, and thus reasonably expected any allegation of infringement involving Qualcomm components supplied to a Qualcomm customer would be promptly relayed to Qualcomm itself. Dkt. 41 at ¶14. Put simply, "Defendants were notified of the infringement by Redstone and has thereafter continued to infringe." *Id*.

Because Qualcomm has failed to show that these factual pleadings are not plausible or otherwise not entitled to be taken as true, Qualcomm's motion to dismiss should be denied.

### IV. <u>QUALCOMM MISCONSTRUES *AMSTED* AND *LANS*</u>

Qualcomm's apparent counter argument to Redstone's pleading has no relevance. Qualcomm seems to believe that because "[t]here are no allegations that Redstone itself made any of these communications directly to Qualcomm" there can be no actual notice. Dkt. 41 at 6. But that is not the law. Neither *Amsted* nor *Lans* support such a "direct communication" requirement. Rather both focus on the **contents** of the **Patent Owner's** notice, not its delivery method.

In *Amsted*, the jury found a letter directed to the entire industry only listing the asserted patent with no specific charge of infringement constituted statutory notice. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 186 (Fed. Cir. 1994). In response to a JMOL, the district court held §287 did not require a specific charge of infringement and "pointed to evidence that

5

Buckeye knew that it was infringing at the time it received Amsted's letter…" *Id*. The Federal Circuit responded to this erroneous finding, explaining §287 notice "must be of 'the infringement,' not merely notice of the patent's existence or ownership." *Id*. It further explained Buckeye's independent knowledge of infringement was insufficient because §287 requires "affirmative communication of a specific charge of infringement by a specific accused product or device." *Id*.

Here, as noted above, Qualcomm does not contest that Redstone's complaint against Samsung identifies both the '339 Patent and a specific charge that Qualcomm infringes the '339 Patent. Unlike the industry-wide letter in *Amsted*, Redstone's complaint against Samsung specifically identifies Qualcomm's infringement and thoroughly explains how that infringement occurs. *See* Ex. 2. The very problem identified in *Amsted* was that the industry-wide letter failed to provide adequate notice. *Amsted Indus.*, 24 F.3d at 186. Qualcomm's attempt to equate Redstone delivery of detailed allegations with the kind of generalized notice rejected in *Amsted* finds no support in that decision.

Likewise, in *Lans* no communication whatsoever by or on behalf of the patent owner was ever made. *See Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1324-28 (Fed. Cir. 2001). In *Lans*, the inventor, Mr. Lans, chose to assign his interest in the patent to his company, Uniboard, for tax purposes before suing several computer companies in his own name. *Id*. at 1324. After the assignment to Uniboard was discovered, the litigation in his own name was dismissed for lack of standing. *Id*. Mr. Lan then filed a separate action to assert the patent in Uniboard's name, but by this time, the patent had expired. *Id*. This suit too was dismissed as no damages were available based on Uniboard's failure to mark or otherwise comply with §287. *Id*. On appeal, the Federal Circuit considered if a letter sent by Mr. Lans, identifying himself as the patent owner, could provide actual notice under §287. *Id*. at 1326. The Federal Circuit found this letter insufficient. It

6

reasoned, a key purpose of actual notice was "also [to] permit[] the alleged infringer to contact the patentee about an amicable and early resolution of the potential dispute" and "without knowledge of the patentee, an alleged infringer may lose the chance to negotiate a valid license." *Id*. at 1327. Because Mr. Lans was not the patent owner, any license from him would have been ineffective and actual notice from him would thus not facilitate the avoidance of infringement. *Id*.

Again, *Lans* bears no similarity to the case at hand. Here, Redstone pleads that it is the patent owner and that it drafted the complaint against Samsung detailing Qualcomm's infringement of the '339 Patent. Dkt. 41 at ¶¶8, 14. Qualcomm again does not and cannot contest these points. Nor can Qualcomm claim that the delivery of the customer complaint by Samsung or otherwise could possibly create any confusion as to its origin or who it needed to seek a license from. Where Mr. Lans's letter identified himself as the patent owner when he was not, the complaint against Samsung identifies Redstone as the patent owner, not Samsung or some other third party. *See* Ex. 1. Indeed, the Federal Circuit has interpreted "the reasons we articulated in *Lans* for strictly enforcing the notice requirement were all fulfilled" in a similar instance. *See U.S. Philips Corp. v. Iwasaki Elec. Co.*, 505 F.3d 1371, 1375 (Fed. Cir. 2007). There "the sender of the letter[] was the party 'to contact … about an amicable and early resolution of the potential dispute,'… and with whom 'to negotiate a valid license'" but was not the patent owner. *Id*. The case here is even stronger. Here, Redstone, the sender of the customer complaint, was the party to contact regarding early resolution and with whom to negotiate a valid license. As the focus of *Lans* is on ensuring actual notice can support early resolution by coming from a party capable of giving a valid license, it should not be read to have any bearing on the path used to deliver such notice.

As Qualcomm cannot cite any caselaw supporting its position that "direct communication" is necessary, its motion should be denied.

7

## V.     CONCLUSION

Redstone has sufficiently pled compliance with the actual notice requirement of §287 and Qualcomm is unable to identify any case law supporting its argument that "direct communication" is required. As such there is no basis to grant Qualcomm's motion and it should be denied.

Dated: October 22, 2025                               Respectfully submitted,

/s/ Reza Mirzaie
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
Joshua Scheufler
TX State Bar No. 24123406
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email : jscheufler@raklaw.com

Qi (Peter) Tong
TX Bar No. 24119042
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474
Email: ptong@raklaw.com

*Attorneys for Plaintiff Redstone Logics LLC*

8

**CERTIFICATE OF SERVICE**

    I certify that on October 22, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

                                                         */s/ Reza Mirzaie*
                                                         Reza Mirzaie