# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC<br><br>*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-cv-00485<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Redstone Logics LLC ("Redstone") files this complaint against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Defendants" or "Samsung") alleging infringement of U.S. Patents No. 8,549,339 (the "'339 Patent") and 9,253,925 (the "'925 Patent") (collectively the "Patents-in-Suit").

**The Parties**

1. Plaintiff Redstone Logics LLC is a limited liability company organized under the laws of the State of Texas, with an address at 2150 S. Central Expressway, Suite 200, McKinney, TX 75070.

2. On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of South Korea, with its principal place of business at 129, Samsung-Ro, YeongTong-Gu, Suwon-Si, Gyonggi-Do, 443-742, South Korea.

3. On information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a United States corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and with an office

1

located at 6625 Excellence Way, Plano, Texas 75023. SEA is a wholly owned subsidiary of SEC. SEA distributes certain Samsung consumer electronics products, including the Accused Products, in the United States.

## Jurisdiction and Venue

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants in this action because Defendants have established minimum contacts with the United States as a whole, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendants have purposefully directed activities at the United States, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales. Defendants have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents. Defendants, directly and through subsidiaries, intermediaries, and third parties, have committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant SEC is a foreign corporation. Venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3). Defendant SEA has committed and continues to commit acts of infringement in this District and has regular and established places of business in this District, including as set forth above.

## Count 1
## Infringement of U.S. Patent No. 8,549,339

7.      Redstone incorporates by reference each of the allegations in paragraphs 1–6 above and further alleges as follows:

8.      Redstone is the owner of U.S. Patent No. 8,549,339 entitled "Processor core communication in multi-core processor," which issued on October 1, 2013. A copy of the '339 Patent is attached to this complaint as **Exhibit 1**.

9.      On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including products comprising one or more SoC each comprising two or more sets of processors supporting or based on the DynamIQ Shared Unit architecture (*e.g.*, ARMv8.2, ARMv9 ARMv9.2, and successors), including without limitation the Samsung Galaxy S23, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '339 Patent.

10.     Defendants also knowingly and intentionally induce infringement of one or more claims of the '339 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Defendants have had knowledge of the '339 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '339 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '339 Patent. Furthermore, Defendants offer the Accused Instrumentalities in a form and configuration such that customers and end users will perform the claimed method automatically by using the Accused Instrumentalities "out of the box" in their ordinary way. Defendants do so knowing and intending that their customers and end users will commit these infringing

acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '339 Patent, thereby specifically intending for and inducing their customers to infringe the '339 Patent through the customers' normal and customary use of the Accused Instrumentalities.

11. Defendants have also infringed, and continue to infringe, one or more claims of the '339 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '339 Patent, are especially made or adapted to infringe the '339 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendants have been, and currently are, contributorily infringing the '339 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

12. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '339 Patent. A claim chart comparing independent claim 1 of the '339 Patent to representative Accused Instrumentalities is attached as **Exhibit 2** and incorporated by reference herein.

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '339 Patent pursuant to 35 U.S.C. § 271.

14. As a result of Defendants' infringement of the '339 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## Count 2
## Infringement of U.S. Patent No. 9,253,925

15. Redstone incorporates by reference each of the allegations in paragraphs 1–6 above and further alleges as follows:

16. Redstone is the owner of U.S. Patent No. 9,253,925 entitled "Panel for enhancing thermal conduction in an electronic assembly," which issued February 2, 2016. A copy of the '925 Patent is attached to this complaint as **Exhibit 3**.

17. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including products comprising graphite thermal conduction transfer panels, including without limitation the Samsung Galaxy S22, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '925 Patent.

18. Defendants have also infringed, and continue to infringe, one or more claims of the '925 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '925 Patent, are especially made or adapted to infringe the '925 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendants have been, and currently are, contributorily infringing the '925 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

19. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '925 Patent. A claim chart comparing independent claim 3 of the '925 Patent to representative Accused Instrumentalities is attached as **Exhibit 4** and incorporated by reference herein.

20. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '925 Patent pursuant to 35 U.S.C. § 271.

21. As a result of Defendants' infringement of the '925 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## Jury Trial Demanded

22. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Redstone requests a trial by jury of any issues so triable by right.

## Prayer for Relief

Plaintiff Redstone respectfully requests the following relief from this Court:

A. A judgment in favor of Redstone that Defendants have infringed the '339 Patent and the '925 Patent, and that the '339 Patent and the '925 Patent are valid, enforceable, and patent-eligible;

B. A judgment and order requiring Defendants to pay Redstone compensatory damages, costs, expenses, and pre- and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

C. Any and all injunctive and/or equitable relief to which Redstone may be entitled including, but not limited to, ongoing royalties with respect to Defendants' infringement of the '339 Patent and the '925 Patent;

D. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Redstone, including, without limitation, pre-judgment and post-judgment interest;

E. A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Redstone's reasonable attorney's fees and costs; and

F. Any and all other relief to which Redstone may be entitled.

6

| | |
|---|---|
| Dated: October 17, 2023 |   */s/ Reza Mirzaie* <br> RUSS AUGUST & KABAT <br> Reza Mirzaie, SBN 246953 <br> Email: rmirzaie@raklaw.com <br> Marc A. Fenster, SBN 181067 <br> Email: mfenster@raklaw.com <br> Neil A. Rubin, SBN 250761 <br> Email: nrubin@raklaw.com <br> Christian W. Conkle, SBN 306374 <br> Email: cconkle@raklaw.com <br> Jonathan Ma, SBN 312773 <br> Email: jma@raklaw.com <br> 12424 Wilshire Boulevard, 12th Floor <br> Los Angeles, California 90025 <br> Telephone: (310) 826-7474 <br> Facsimile: (310) 826-6991 <br> **ATTORNEYS FOR PLAINTIFF,** <br> **REDSTONE LOGICS LLC** |