IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>QUALCOMM INC.; QUALCOMM TECHNOLOGIES, INC.,<br><br>    Defendants. | Case No. 7:24-cv-00231-ADA |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR
PARTIAL DISMISSAL OF PLAINTIFF'S
<u>THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................ 1

II.  ARGUMENT .............................................................................................................. 1

    A.   The Federal Circuit has consistently confirmed that actual notice must come from the patentee. ...............................................................................................1

    B.   Redstone took no "affirmative act" to inform Qualcomm of alleged infringement. ......................................................................................................3

    C.   Redstone's cited cases do not warrant a different result. ................................5

    D.   The *Samsung* Complaint also does not include "a proposal to abate the infringement" by Qualcomm. ............................................................................6

    E.   Redstone does not seek leave to amend, and leave should not be granted even if belatedly requested. .......................................................................................7

III. CONCLUSION ........................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*,
   No. 96 CIV. 2717(DLC), 1997 WL 83395 (S.D.N.Y. Feb. 27, 1997) ......................................5

*Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*,
   No. 96 CIV. 2717(DLC), 1997 WL 232316 (S.D.N.Y. May 7, 1997) ......................................5

*Amsted Indus. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994)................................................................................................2, 4

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
   950 F.3d 860 (Fed. Cir. 2020)......................................................................................1, 4, 5, 7

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)..................................................................................................1

*Dunlap v. Schofield*,
   152 U.S. 244 (1894)...................................................................................................................2

*Lans v. Digital Equip. Corp.*,
   252 F.3d 1320 (Fed. Cir. 2001)........................................................................................2, 3, 6

*Lemelson v. Fisher Price Corp.*,
   545 F. Supp. 973 (S.D.N.Y. 1982) ............................................................................................3

*Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*,
   No. CV 16-284-LPS-CJB, 2018 WL 7893901 (D. Del. Dec. 17, 2018) ..................................5

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*,
   127 F.3d 1462 (Fed. Cir. 1997)..............................................................................................3, 6

*U.S. Philips Corp. v. Iwasaki Elec. Co.*,
   505 F.3d 1371 (Fed. Cir. 2007)..................................................................................................6

*Vulcan Eng'g Co. v. Fata Aluminum, Inc.*,
   No. 98-74495, 2000 WL 34513948 (E.D. Mich. Aug. 1, 2000)................................................5

**Rules and Statutes**

35 U.S.C. 287 ................................................................................................................... *passim*

Rule 4(c)(2).........................................................................................................................3

Rule 12(b)(6).......................................................................................................................1

**I.      INTRODUCTION**

Redstone's Opposition fails to cite a single Federal Circuit case accepting its *indirect* notice theory. *See* Dkt. 48 ("Opp."). The Federal Circuit has repeatedly confirmed that actual notice must come from the patent owner, not a third party. *See generally* Dkt. 42 ("Mot.") at 1, 4, 5, 6. Nowhere in the Third Amended Complaint ("TAC") does Redstone plausibly plead that it directly contacted Qualcomm to provide actual notice of infringement. Instead, Redstone's excuse for its failure to comply with Section 287 was because it "reasonably believed" and "reasonably expected" that Samsung would provide a copy of the *Samsung* complaint to Qualcomm. Opp. at 1, 5. Yet Redstone cites no case—Federal Circuit or otherwise—that deems such a fact as relevant. It is not. Actual notice requires an affirmative act by the patentee itself and not an unaffiliated third party.

The parties' briefs address the same fact pattern, as Rule 12(b)(6) requires all well-pleaded facts be accepted as true. But even accepting Redstone's allegations, the TAC fails to allege notice as a matter of law. Because Redstone's TAC does not plausibly or adequately plead compliance with Section 287, Redstone's alleged entitlement to pre-suit damages should be dismissed.

**II.     ARGUMENT**

   **A.     The Federal Circuit has consistently confirmed that actual notice must come from the patentee.**

The Federal Circuit has consistently placed the actual notice burden under Section 287 on the patentee, and requires that the patentee affirmatively communicate a charge of infringement to the defendant. *See Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1367 (Fed. Cir. 2017) ("*Arctic Cat I*") ("The patentee bears the burden of pleading and proving he complied with § 287(a)."); *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860, 866 (Fed. Cir. 2020) ("*Arctic Cat II*") ("The marking statute imposes notice obligations on the patentee, and only the patentee is capable of discharging those obligations."); *see also* Mot. 1, 4, 5, 6. Tellingly,

1

Redstone never addresses, let alone distinguishes, either of these landmark precedents on the patentee's Section 287 burden.

It has been the law of the land for more than 130 years that the "clear meaning" of the marking statute "is that a patentee cannot recover damages absent marking or notice to the 'particular defendants by informing them of his patent *and of their infringement of it*.'" *Amsted Indus. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 186–87 (Fed. Cir. 1994) (quoting *Dunlap v. Schofield*, 152 U.S. 244, 247–48 (1894) (emphasis orig.). The Supreme Court expressly stated that notice "is an affirmative act, and something to be done by him," i.e., the patentee. *Id.* The Federal Circuit remains steadfast on adhering to *Dunlap* that "[a]ctual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device," and "[t]he correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer." *Id.* at 187. Redstone's myopic focus on *Amsted*'s "generalized notice" in an "industry-wide letter," Opp. at 6, ignores a later communication from the patentee to the defendant that constituted actual notice. *See id.* ("notice must be an affirmative act on the part of the patentee which informs the defendant of his infringement."). Despite its four attempts, Redstone's TAC pleads no such affirmative communication notifying Qualcomm of alleged infringement.

Redstone's attempt at distinguishing *Lans* is likewise unavailing. *See* Mot. at 5–6 (citing *Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed. Cir. 2001)). Redstone dedicates a large portion of the Opposition to listing *Lans*'s underlying facts. But while the underlying facts may differ, *Lans* explains that notice must come directly from the patentee, as "a looser rule would both frustrate the purpose of notification and present difficult, if not unworkable, enforcement problems." *Id.* at 1327.

2

Redstone's reliance on *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997) to argue that it "is not the law" that Redstone itself is required to provide actual notice is a plain misreading of the case. Opp. at 2–3. *SRI International* addressed the contents of actual notice, not who sent the notice. There, "attention was focused on the May 15, 1986 letter from SRI's patent counsel to ATL's president." *SRI Int'l*, 127 F.3d at 1469. Far from supporting Redstone's assertion that Redstone need not be the one to contact Qualcomm, the court in *SRI International* did not comment on who provided the notice to the accused infringer because it was undisputed that the patent owner did so. *Id.* Simply put, Redstone bears the burden of plausibly pleading an entitlement to pre-suit damages, yet it has not identified any controlling decision supportive of its indirect notice theory.

> **B.  Redstone took no "affirmative act" to inform Qualcomm of alleged infringement.**

Redstone's deliberate choice to communicate only with Samsung, not Qualcomm, represents a failure of the patentee's affirmative duty under Section 287.[1] *See generally* Mot. at 1, 4, 5, 6; *see also* Section II.A, *supra*. Redstone's reliance on Samsung as an intermediary introduces uncertainty about whether and when Qualcomm received complete information about its alleged infringement. *See Lans*, 252 F.3d at 1327. Allowing *indirect* notice undermines a core purpose of the notice requirement: to give the alleged infringer a clear opportunity to evaluate the claims and potentially negotiate directly with the patent holder before litigation. *See id.*; *see also Lemelson v. Fisher Price Corp.*, 545 F. Supp. 973, 975 (S.D.N.Y. 1982) ("It is not asking too much of a

---

[1] Redstone's comparison to Rule 4(c)(2) is inapposite because formal service of process follows strict procedural requirements with court oversight, ensuring reliable delivery and documentation. In contrast, Redstone's method of relying on Samsung to informally relay patent infringement claims to Qualcomm lacks any procedural safeguards or verification mechanisms. Unlike formal service of process where the process server has been contracted to provide notice, Redstone had no control of Samsung's actions vis-à-vis Qualcomm.

patentee who receives a monopoly grant under his patent for a 17-year period that he either mark his product or serve actual notice upon a claimed infringer if he seeks to recover damages.").

Redstone does not and cannot plausibly plead any "affirmative act" that it took to notify Qualcomm of alleged infringement. *See Amsted*, 24 F.3d at 187 (requiring an "affirmative act" by the patentee). The best Redstone can do is to rely on its actions towards third-party Samsung, namely filing the *Samsung* complaint. *See* Dkt. 41 at ¶ 14. Redstone pleads to be excused from Section 287's notice requirement because it "reasonably believed" or "reasonably expected" that Samsung would send its complaint to Qualcomm. Opp. at 1, 5. Yet Redstone cites no case law—Federal Circuit or otherwise—that excuses a failure of the patentee to notify the alleged infringer simply because the patentee reasonably expected someone else would do so. "Actual notice under § 287 requires performance by the patentee," not an unaffiliated third party. *Arctic Cat II*, 950 F.3d at 867. Accepting Redstone's allegations in the TAC as true, it is Samsung—not Redstone—that is alleged to have performed the affirmative act underlying Redstone's notice allegation.

Section 287(a) does provide an alternative approach to notice: "[f]iling of an action for infringement shall constitute" actual notice. Redstone followed this approach with Samsung when it filed the *Samsung* complaint. Dkt. 41 at ¶ 14. But Redstone identifies no authority for the proposition that filing a complaint that names a third party as a defendant constitutes notice to unrelated entities that are not parties to that complaint.

Redstone's indirect notice argument relies on two theories pleaded in the TAC for the alleged notice: (1) Samsung provided Qualcomm with the *Samsung* complaint, or (2) the *Samsung* complaint "and/or subsequent case-related materials are matters of public record, which are readily accessible to Qualcomm." Dkt. 41 at ¶ 14. The fact that Redstone does not even attempt to defend that latter theory sheds light on the former. Redstone never explains why Qualcomm learning of

4

the *Samsung* complaint from third-party Samsung should be treated any differently than if Qualcomm learned of the exact same complaint through a public source. As Section 287 "does not contemplate mere knowledge of the infringer", *Arctic Cat II*, 950 F.3d at 866, it is immaterial whether Qualcomm learned of Redstone's complaint against Samsung from public sources or even from Samsung itself. Neither theory in the TAC relies upon an affirmative act by Redstone vis-à-vis Qualcomm, so neither supports actual notice. Redstone's act of filing a case against Samsung cannot plausibly be construed as Redstone taking an overt act towards Qualcomm, and Redstone has cited no authority to the contrary.

      C.     **Redstone's cited cases do not warrant a different result.**

Redstone's cited authorities are outliers that are readily distinguishable. First, Redstone identifies *Vulcan Eng'g Co. v. Fata Aluminum, Inc.*, No. 98-74495, 2000 WL 34513948, at *4 (E.D. Mich. Aug. 1, 2000), a case decided two decades before *Arctic Cat II*. The *Vulcan* court's decision to permit actual notice by someone other than the patentee is expressly contrary to the Federal Circuit's later instruction that "only the patentee is capable of discharging [notice] obligations." *Arctic Cat II*, 950 F.3d at 866. Indeed, even before *Arctic Cat II*, when faced with factual scenarios more analogous with the instant case, other courts concluded that merely providing a customer with notice of infringement is insufficient to support actual notice. *See Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*, No. 96 CIV. 2717(DLC), 1997 WL 83395, at *5 (S.D.N.Y. Feb. 27, 1997) ("The statute requires 'the affirmative communication of a specific charge of infringement to a specific accused product or device.' This clearly encompasses a requirement that the notice be communicated to the defendant directly, not to its customers." (internal citation omitted)), *recon. on other grounds*, 1997 WL 232316 (S.D.N.Y. May 7, 1997); *Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, No. CV 16-284-LPS-CJB, 2018 WL 7893901, at *2–4 (D. Del. Dec. 17, 2018) (finding no actual notice where the plaintiff provided

5

notice of infringement to a customer who then forwarded the notice to the defendant supplier).

Redstone's primary authority, *U.S. Phillips*, is also entirely consistent with Qualcomm's position. Opp. at 7 (citing *U.S. Philips Corp. v. Iwasaki Elec. Co.*, 505 F.3d 1371, 1375 (Fed. Cir. 2007)). In *Phillips*, the patent owner—U.S. Phillips Corporation, a holding company with no employees—used its agent and sister company, Philips International B.V., "for prosecution, licensing, and enforcement of" U.S. Phillips Corporation's patents. *Id.* at 1373. Counsel for Philips International B.V. provided the defendant with notice of alleged infringement, and Philips International B.V. "was the party 'to contact ... about an amicable and early resolution of the potential dispute,' 'to consult with ... about design changes to avoid infringement,' and with whom 'to negotiate a valid license.'" *Id.* at 1375 (quoting *Lans*, 252 F.3d at 1327) (alterations in original). As an authorized agent of U.S. Philips Corporation for patent matters, Philips International B.V. was able to provide actual notice of its U.S. sibling's patents. But here, Redstone does not allege that Samsung was its authorized agent for communicating with Qualcomm about Redstone's patents, nor could Redstone plausibly do so. For that reason, *U.S. Phillips* is inapposite.

### D.     The *Samsung* Complaint also does not include "a proposal to abate the infringement" by Qualcomm.

Redstone concedes that "'the actual notice requirement of § 287(a) is satisfied when the recipient [of the notice] is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise.'" Opp. at 2–3 (quoting *SRI Int'l*, 127 F.3d at 1470 (alteration in Redstone's brief)). Yet the TAC never pleads any proposal that Redstone made to Qualcomm to abate infringement, by license or another means. Recognizing this failing, Redstone argues that Redstone's complaint against Samsung "would act as a proposal to license." Opp. at 3. But there is nothing in the TAC about Redstone communicating a license offer to Qualcomm, nor does Redstone attempt to explain

how a legal action against Samsung could be construed as a license offer to Qualcomm. Thus, Redstone has not plausibly alleged actual notice to Qualcomm.

### E.   Redstone does not seek leave to amend, and leave should not be granted even if belatedly requested.

Qualcomm's Motion explained that leave to amend would be futile and should not be granted. Mot. at 6–7. Apparently conceding that it has no additional facts that plausibly support allegations of pre-suit actual notice, Redstone does not seek leave to amend. Redstone should not be granted leave to amend its TAC, and any claim as to pre-suit damages should be dismissed.

## III.   CONCLUSION

"The marking statute imposes notice obligations on the patentee, and only the patentee is capable of discharging those obligations." *Arctic Cat II*, 950 F.3d at 866. Redstone never provided Qualcomm with pre-suit notice of Qualcomm's alleged infringement. As such, Redstone's Third Amended Complaint does not properly allege compliance with Section 287, and Redstone's purported entitlement to pre-suit damages must be dismissed without leave to amend.

Date: October 29, 2025

Respectfully submitted,

By:   *Daniel S. Leventhal*

Richard S. Zembek (SBN 00797726)
richard.zembek@nortonrosefulbright.com
Daniel S. Leventhal (SBN 24050923)
daniel.leventhal@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1550 Lamar Street, Suite 2000
Houston, TX 77010
Telephone: (713) 651-5151
Fax: (713) 651-5246

Eric C. Green (SBN 24069824)
eric.green@nortonrosefulbright.com
Brett A. McKean (SBN 24057994)
brett.mckean@nortonrosefulbright.com

7

                                      **NORTON ROSE FULBRIGHT US LLP**
                                      98 San Jacinto Boulevard, Suite 1100
                                      Austin, Texas 78701
                                      Telephone: (512) 474-5201
                                      Fax: (512) 536-4598

                                      **COUNSEL FOR DEFENDANTS QUALCOMM INCORPORATED AND QUALCOMM TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

      I certify that on October 29, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                        By: *Daniel S. Leventhal*
                                              Daniel S. Leventhal