IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>QUALCOMM INC.; QUALCOMM TECHNOLOGIES, INC.,<br><br>*Defendants*. | Case. No. 7:24-CV-00231-ADA |

## DEFENDANTS QUALCOMM INCORPORATED AND QUALCOMM TECHNOLOGIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF REDSTONE LOGICS LLC'S THIRD AMENDED COMPLAINT

Defendants Qualcomm Incorporated and Qualcomm Technologies, Inc. ("Qualcomm") respond to Plaintiff Redstone Logics LLC's ("Redstone") Third Amended Complaint for Patent Infringement ("TAC") as follows:

Qualcomm denies infringement of any asserted claim of U.S. Patent No. 8,549,339 (the "'339 patent" or the "Asserted Patent"). Qualcomm also denies that Redstone is entitled to its requested relief, or any other relief related to its allegations in the TAC. Qualcomm further denies each and every allegation contained in the TAC unless expressly admitted in the following paragraphs. Any admitted factual allegation in the TAC is admitted only as to the specific admitted fact(s), and not as to any purported conclusion, characterization, implication, or speculation that may follow from the fact(s) as admitted.

### The Parties

1. Plaintiff Redstone Logics LLC is a limited liability company organized under the laws of the State of Texas, with an address at 2150 S. Central Expressway, Suite 200, McKinney, TX 75070.

ANSWER: Qualcomm is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 1, and therefore denies the allegations in Paragraph 1.

2. Qualcomm Inc. is a company organized under the laws of the state of Delaware with a principal place of business at 5775 Morehouse Dr., San Diego, CA 92121. Qualcomm Inc. may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., at 251 Little Falls Dr., Wilmington, Delaware, 19808.

ANSWER: Qualcomm Incorporated admits that it is a Delaware corporation with its principal place of business located at 5775 Morehouse Dr., San Diego, CA 92121. Solely for the purposes of this action, Qualcomm Incorporated does not contest that it can be served through The Prentice-Hall Corporation System, Inc., at 251 Little Falls Dr., Wilmington, Delaware, 19808. Qualcomm denies any remaining allegations in Paragraph 2 of the TAC.

3. Qualcomm Technologies, Inc. is a company organized under the laws of the state of Delaware with a principal place of business at 5775 Morehouse Dr., San Diego, CA 92121. Qualcomm Technologies, Inc. may be served with process through its registered agent, Corporation Service Company, at 251 Little Falls Dr., Wilmington, Delaware 19808. Qualcomm Technologies, Inc. is a subsidiary of Qualcomm Inc. Qualcomm Technologies, Inc. operates, along with its subsidiaries, substantially all of Qualcomm's engineering, research and development functions, and substantially all of its products and services businesses.

ANSWER: Qualcomm Technologies, Inc. admits that it is a Delaware corporation with its principal place of business located at 5775 Morehouse Dr., San Diego, CA 92121 and that it is a subsidiary of Qualcomm Inc. Solely for the purposes of this action, Qualcomm Technologies, Inc. does not contest that it can be served through Corporation Service Company, at 251 Little Falls Dr., Wilmington, Delaware 19808. The remaining allegations in Paragraph 3 of the TAC are vague and ambiguous, and are therefore denied.

## Jurisdiction and Venue

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

>ANSWER: Qualcomm admits that the TAC purports to set forth a cause of action arising under the patent laws of the United States, Title 35 of the United States Code. Qualcomm admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338(a). Qualcomm denies the remaining allegations of Paragraph 4 of the TAC.

5. This Court has personal jurisdiction over Defendants in this action because Defendants have established minimum contacts with the United States as a whole, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendants have purposefully directed activities at the United States, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales. Defendants have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent. Defendants, directly and through subsidiaries, intermediaries, and third parties, have committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patent.

>ANSWER: Solely for the purpose of this action, and without admitting that personal jurisdiction is proper here, Qualcomm does not contest this Court's personal jurisdiction over Qualcomm in this action. The remaining allegations in Paragraph 5 of the TAC are unfairly vague and ambiguous, and are therefore denied, including any allegation that Qualcomm has committed or continues to commit acts of infringement in this District or elsewhere.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Defendants have regular and established place of business in this District at least 9600 N. Mopac Expressway, Ste 900, Stonebridge Plaza II, Austin, Texas 78759 and 13929 Center Lake Drive, Parmer, Building 1, Austin, Texas 78753.

>ANSWER: Solely for the purpose of this action, and without admitting that venue is proper, Qualcomm does not contest venue in the Western District of Texas in this action, but denies that it is convenient, particularly in this division, and reserves its right to move for transfer under 28 U.S.C. § 1404. Qualcomm admits that it has offices in the Western District of

Texas. The remaining allegations in Paragraph 6 of the TAC are unfairly vague and ambiguous, and are therefore denied, including any allegation that Qualcomm has committed acts of infringement in the Western District of Texas.

### Count 1: Infringement of U.S. Patent No. 8,549,339

7. Redstone incorporates by reference each of the allegations in the preceding paragraphs and further alleges as follows:

ANSWER: Qualcomm restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 6 of the TAC, as if fully set forth herein. To the extent a further response to this paragraph is required, denied.

8. Redstone is the owner of U.S. Patent No. 8,549,339 entitled "Processor core communication in multi-core processor," which issued on October 1, 2013. A copy of the '339 Patent is attached to this complaint as Exhibit 1.

ANSWER: Qualcomm admits that the '339 patent states on its face that it is titled "Processor Core Communication In Multi-Core Processor" and that it issued on October 1, 2013. Qualcomm admits that the TAC purports to attach a copy of the '339 patent as Exhibit 1. Qualcomm is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the TAC and therefore denies the allegations.

9. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including comprising one or more SoC each comprising two or more sets of processors implementing or based on the DynamIQ Shared Unit architecture (*e.g.*, ARMv8.2, ARMv9 ARMv9.2, and successors) or big.LITTLE architecture, including without limitation the Snapdragon 8 Gen 2 and the Snapdragon 835 Mobile Platform, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '339 Patent.

ANSWER: Qualcomm admits that Snapdragon 8 Gen 2 and the Snapdragon 835 Mobile Platform are Qualcomm system-on-chip (SoC) products. Qualcomm denies that any of its products infringe any claim of the '339 patent and/or that it has committed any acts of

infringement. The remaining allegations of Paragraph 9 of the TAC are vague, ambiguous, and uncertain, and therefore Qualcomm denies the allegations.

10. Defendants also knowingly and intentionally induce infringement of one or more claims of the '339 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, and on information and belief also in connection with *Redstone Logics LLC v. Samsung Electronics Co., Ltd. et al.*, Case No. 2:23-cv-00485 (E.D. Tex. filed Oct. 17, 2023) in which Redstone contended that Samsung infringed the '339 Patent in connection with products containing Qualcomm's Snapdragon 8 Gen 2, Defendants have had knowledge of the '339 Patent and the infringing nature of the Accused Instrumentalities. Samsung and Qualcomm have a longstanding and ongoing business relationship under which Qualcomm supplies the Snapdragon 8 Gen 2 and other products to Samsung. On information and belief, Qualcomm specifically learned about the *Samsung* case, prior to the initial filing of this *Qualcomm* case, as part of the relationship between Samsung and Qualcomm relationship, including though [sic] Samsung identifying to Qualcomm the '339 Patent, identifying specific Accused Instrumentalities such as the Snapdragon 8 Gen 2, and identifying Redstone's contention that those instrumentalities infringe the '339 Patent. As a result, Qualcomm had pre-suit knowledge of the patent and the infringing nature of its products. Thus, prior to the filing of this lawsuit, Qualcomm knew of the '339 Patent, knew Redstone contended that the Accused Instrumentalities infringed the '339 Patent, and despite such knowledge, continued to sell the Accused Instrumentalities with knowledge that the sales amounted to infringement.

ANSWER: The allegations of Paragraph 10 of the TAC are unfairly vague and ambiguous and are therefore denied, including any allegation that Qualcomm induces infringement.

11. Despite this knowledge of the '339 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through engineering documents for customers that integrate the Accused Products into consumer devices, and through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '339 Patent. Furthermore, Defendants offer the Accused Instrumentalities in a form and configuration such that customers and end users will perform the claimed method automatically by using the Accused Instrumentalities "out of the box" in their ordinary way. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '339 Patent, thereby specifically intending for and inducing their customers to infringe the '339 Patent through the customers' normal and customary use of the Accused Instrumentalities.

ANSWER: Qualcomm denies the allegations of Paragraph 11 of the TAC.

12. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '339 Patent. A claim chart comparing independent claim 1 of the '339 Patent to representative Accused Instrumentalities is attached as Exhibit 2 and incorporated by reference herein.

ANSWER: Qualcomm denies that any of its products infringe any claim of the '339 patent. Qualcomm admits that the TAC purports to attach a claim chart as Exhibit 2. Any remaining allegations of Paragraph 12 of the TAC are denied.

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '339 Patent pursuant to 35 U.S.C. § 271.

ANSWER: Qualcomm denies the allegations of Paragraph 13 of the TAC.

14. Redstone has also complied with the requirements of 35 U.S.C. §287 at least as of October 17, 2023 or shortly thereafter. On October 17, 2023, Redstone filed a patent infringement action against Samsung Electronics Co., LTD. and Samsung Electronics America, Inc. asserting infringement of the '339 Patent by the Snapdragon 8 Gen 2 in certain Samsung phones. *See Redstone Logics LLC. V. Samsung Electronics Co., LTD, et al*, Case No. 2: 23-cv-00485, Dkt. 1 (E.D. Tex.). Defendants make and sell the Snapdragon 8 Gen 2 to Samsung. The Snapdragon 8 Gen 2 is accused of infringing in the same manner in this case and in the Samsung case. On information and belief, Defendants knew or should have known of Redstone's complaint and/or subsequent case-related materials. For instance, based on common industry practice, it would be expected for Defendants to indemnify Samsung. It would be expected for Samsung to provide Defendants with notice of any claim for infringement for which Samsung is indemnified pursuant to the indemnification arrangement. As such, and on information and belief, Samsung provided Defendants with Redstone's complaint asserting infringement by Qualcomm's Snapdragon 8 Gen 2. Additionally, the complaints and/or subsequent case-related materials are matters of public record, which are readily accessible to Qualcomm. As such, Defendants were notified of the infringement by Redstone and has thereafter continued to infringe.

ANSWER: Qualcomm denies that Redstone has complied with the requirements of 35 U.S.C. §287 and denies "[a]s such, Defendants were notified of the infringement by Redstone and has thereafter continued to infringe." Qualcomm admits that *Redstone Logics LLC. v. Samsung Electronics Co., Ltd., et al*, Case No. 2: 23-cv-00485 (E.D. Tex.) was filed on October 17, 2023. The remaining allegations of Paragraph 14 of the TAC are unfairly vague and ambiguous and are therefore denied.

15. Defendants' infringement has been and is willful. Through at least notice of the Samsung case, Defendants have had knowledge of the '339 Patent and that the Accused Instrumentalities infringe. Despite Defendants' knowledge of the '339 Patent, and indemnification of Samsung's infringement of the '339 patent, Defendants continued and still continue to infringe the '339 patent. In doing so, Defendants knew or should have known, that their conduct amounted to infringement of the '339 patent. Accordingly, Defendants are liable for willful infringement.

ANSWER: Qualcomm denies that it infringes and that any alleged infringement has been and is willful. The remaining allegations of Paragraph 15 of the TAC are unfairly vague and ambiguous and are therefore denied.

16. As a result of Defendants' infringement of the '339 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court at least dating to October 17, 2023 or shortly thereafter.

ANSWER: Qualcomm denies the allegations of Paragraph 16 of the TAC.

## Jury Trial Demanded

**17. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Redstone requests a trial by jury of any issues so triable by right.**

ANSWER: Redstone's demand for a trial by jury does not require a response by Qualcomm. To the extent that a response is required, Qualcomm admits that Redstone has requested a trial by jury.

## RESPONSE TO REDSTONE'S PRAYER FOR RELIEF

Qualcomm denies that Redstone is entitled to any relief from Qualcomm, including but not limited to the relief sought in Paragraphs A through F in Redstone's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Qualcomm incorporates by reference as if fully set forth herein its responses to Paragraphs 1–17 of the TAC. Without assuming any burden other than that imposed by operation of law and without reducing or removing Redstone's burden of proof on its affirmative claims, Qualcomm alleges and asserts the following defenses in response to the TAC and Redstone's allegation that Qualcomm infringes the Asserted Patent. In addition, Qualcomm specifically reserves the right to further amend its Answer to Redstone's TAC to add separate defenses and counterclaims that become known through the course of discovery.

### First Affirmative Defense: (Non-Infringement)

1. Qualcomm has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid, enforceable, properly construed claim of the Asserted Patent; therefore, Qualcomm is not liable for any infringement thereof.

### Second Affirmative Defense: (Invalidity)

2. The claims of the Asserted Patent are invalid because they fail to satisfy one or more requirements of patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto. Qualcomm incorporates by reference its preliminary and final invalidity contentions and its IPR petition in *NXP USA, Inc. f/k/a NXP Semiconductors USA, Inc. et al. v. Redstone Logics LLC*, IPR2025-00485 (PTAB) as if set forth fully herein.

### Third Affirmative Defense: (Failure to State a Claim)

3. The TAC fails to plead a plausible claim upon which relief may be granted and/or fails to plead factual allegations with sufficiency and particularity required to state a plausible claim, including as to Redstone's compliance with 35 U.S.C. § 287.

### Fourth Affirmative Defense: (Prosecution History Estoppel/Disclaimer)

4. Redstone is estopped from construing any valid claim of the Asserted Patent in a manner inconsistent with statements made by Redstone or its predecessors in prior litigation and/or to the U.S. Patent and Trademark Office, including (a) during prosecution of the Asserted Patent, (b) in the specification and claims of the Asserted Patent, (c) during prosecution of patent applications related to the Asserted Patent, and (d) during prior or ongoing proceedings related to the Asserted Patent.

**Fifth Affirmative Defense: (Marking and No Pre-Suit Damages)**

5. Redstone's TAC does not plausibly or sufficiently allege that Redstone, its predecessors-in-interest, or parties to whom Redstone has granted a license or covenant not sue complied with 35 U.S.C. § 287. This failure precludes any recovery by Redstone for damages alleged to have accrued prior to the initiation of this suit.

**Sixth Affirmative Defense: (Express or Implied License)**

6. Redstone's claims of infringement of the Asserted Patent are barred, in whole or in part, based on express or implied license, including licenses to the Asserted Patent granted by Redstone and by Redstone's predecessor(s) in interest.

**Seventh Affirmative Defense: (No Costs)**

7. Redstone failed to disclaim the claims of the Asserted Patent that are invalid before commencement of suit and therefore may recover no costs under 35 U.S.C. § 288.

**Eight Affirmative Defense: (28 U.S.C. § 1498(a))**

8. To the extent that Redstone may accuse products or services that are provided by or for the government of the United States of America, there is no jurisdiction over such claims, pursuant to 28 U.S.C. § 1498(a), outside of the U.S. Court of Federal Claims.

**Ninth Affirmative Defense: (Equitable Defenses)**

9. Redstone's claims for relief are barred, in part or in whole, in equity, including by the doctrine of equitable estoppel.

**Tenth Affirmative Defense: (No Injunctive Relief)**

10. Redstone is not entitled to injunctive relief for the Asserted Patent under *eBay v MercExchange, LLC*, 126 S. Ct. 1837, 547 U.S. 388 (2006) because, inter alia, any alleged injury

to Redstone is not immediate or irreparable, Redstone has an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

**Eleventh Affirmative Defense: (Extraterritoriality)**

11. To the extent Redstone's claims are directed to acts occurring outside the United States, Redstone's claims for relief are barred or limited by the territoriality restrictions of 35 U.S.C. § 271 *et seq*.

## ORIGINAL COUNTERCLAIMS

1. Qualcomm Incorporated is a Delaware corporation with its principal place of business located at 5775 Morehouse Dr., San Diego, CA 92121.

2. Qualcomm Technologies, Inc. is a Delaware corporation with its principal place of business located at 5775 Morehouse Dr., San Diego, CA 92121 (Qualcomm Incorporated and Qualcomm Technologies, Inc. are herein collectively referred to as "Qualcomm").

3. Upon information and belief, and as alleged in its Third Amended Complaint, Redstone Logics LLC ("Redstone") is a limited liability company organized under the laws of the State of Texas, with an address at 2150 S. Central Expressway, Suite 200, McKinney, TX 75070.

4. Redstone has filed a Third Amended Complaint in this Court against Qualcomm.

5. Redstone has alleged in its Third Amended Complaint that it is the owner of U.S. Patent No. 8,549,339 (the "'339 Patent") entitled "Processor core communication in multi-core processor."

6. Redstone alleges in its Third Amended Complaint that Qualcomm has infringed the '339 Patent.

7. This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. § 1338(a), the Patent Laws of the United States, 35 U.S.C. § 100, et seq., and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202, and this action is based upon an actual controversy between Redstone and Qualcomm regarding the invalidity and non-infringement of the claims of the '339 Patent.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400.

9. Redstone has previously appeared in this lawsuit, is represented by counsel, and has submitted to the jurisdiction of this Court.

### FIRST COUNTERCLAIM: Declaratory Judgment of Non-Infringement

10. To the extent not inconsistent, Qualcomm incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

11. Qualcomm's products do not directly or indirectly infringe, literally or under the doctrine of equivalents, any claim of the '339 Patent, including, without limitation, because Qualcomm's Accused Instrumentalities do not contain a "first clock signal [that] is independent from the second clock signal," as required by all asserted claims, and Qualcomm seeks a declaration to that effect.

### SECOND COUNTERCLAIM: Declaratory Judgment of Invalidity

12. To the extent not inconsistent, Qualcomm incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

13. The claims of the '339 Patent are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not, limited to 35 U.S.C. §§ 101, 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions, and Qualcomm seeks a declaration to that effect. Prior art references that anticipate and/or render obvious one or more claims of the '339 Patent include, but are not limited to, references identified

and/or relied upon in Qualcomm's preliminary and final invalidity contentions and its IPR petition in *NXP USA, Inc. f/k/a NXP Semiconductors USA, Inc. et al. v. Redstone Logics LLC*, IPR2025-00485 (PTAB), which are incorporated by reference as if set forth fully herein.

## QUALCOMM'S PRAYER FOR RELIEF

Qualcomm, reserving its right to amend its pleadings to add additional defenses, affirmative defenses, and counterclaims if warranted by discovery, prays for the following relief:

a. A judgment that Qualcomm has not infringed any claim of the '339 patent.

b. A judgment that the '339 patent is invalid.

c. A judgment that Redstone's Third Amended Complaint be dismissed with prejudice, and that Redstone take nothing by its Complaint.

d. A judgment in favor of Qualcomm on each of its Counterclaims.

e. A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award to Qualcomm of its reasonable attorneys' fees and costs of suit pursuant to 35 U.S.C. §§ 284, 285, and all other applicable statutes, rules, and common law.

f. An award to Qualcomm of such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Qualcomm requests a jury trial for all triable issues in the Plaintiff's Third Amended Complaint and Qualcomm's Counterclaims to the extent allowed by the United States Constitution and the Federal Rules of Civil Procedure.

Dated: November 20, 2025

Respectfully submitted,

By:  /s/  Richard S. Zembek

Richard S. Zembek (SBN 00797726)
richard.zembek@nortonrosefulbright.com
Daniel S. Leventhal (SBN 24050923)
daniel.leventhal@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Tel:   (713) 651-5151
Fax:   (713) 651-5246

Eric C. Green (SBN 24069824)
eric.green@nortonrosefulbright.com
Brett A. McKean (SBN 24057994)
brett.mckean@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Tel:   (512) 474-5201
Fax:   (512) 536-4598

***COUNSEL FOR DEFENDANTS QUALCOMM INCORPORATED AND QUALCOMM TECHNOLOGIES, INC.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 20, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

 /s/  Richard S. Zembek