**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>      Plaintiff,<br><br>v.<br><br>QUALCOMM INC.; QUALCOMM<br>TECHNOLOGIES, INC.,<br><br>      Defendants. | Case No. 7:24-cv-00231-ADA |

**DEFENDANTS' OPPOSED MOTION TO STAY**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................ 2

III.    LEGAL STANDARD........................................................................................ 2

IV.    ARGUMENT..................................................................................................... 3

        A.   A Stay Will Not Unduly Prejudice Redstone, But Proceeding Would Prejudice Qualcomm. ...................................................................................3

        B.   The Reexamination Could Moot This Case by Cancelling All Asserted Claims.........................................................................................................5

        C.   The Stage of This Case Favors a Stay. .............................................................6

V.    CONCLUSION................................................................................................. 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnes & Noble, Inc. v. LSI Corp.*,
  849 F. Supp. 2d 925 (N.D. Cal. 2012) ....................................................................................4

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
  No. A-13-CA-1025-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015) .............................3, 5

*Destination Maternity Corp. v. Target Corp.*,
  12 F. Supp. 3d 762 (E.D. Penn. 2014) ...................................................................................6

*Eastman Kodak Co. v. Goodyear Tire, & Rubber Co.*,
  114 F.3d 1547 (Fed. Cir. 1997), *abrogated on other grounds by Cybor Corp.*
  *v. FAS Technologies, Inc.*, 138 F.3d 1448 (Fed. Cir. 1998) ...................................................4

*Joy Mfg. Co. v. Nat'l Mine Serv. Co, Inc.*,
  810 F.2d 1127 (Fed. Cir. 1987)................................................................................................2

*Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*,
  No. 1:22-CV-852-RP, 2024 WL 5169808 (W.D. Tex. Apr. 11, 2024) ....................................3

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)................................................................................................................2

*LELO, Inc. v. Standard Innovation (US) Corp.*,
  No. 13-CV-01393-JD, 2014 WL 2879851 (N.D. Cal. June 24, 2014) .....................................5

*Polaris Powerled Techs., LLC v. Dell Techs. Inc.*,
  No. 1:22-CV-0973-RP, 2023 WL 5282381 (W.D. Tex. Aug. 15, 2023) ..............................3, 5

*Redstone Logics, LLC. v. Advanced Micro Devices, Inc.*,
  No. 7:25-cv-00182-DC-DTG................................................................................................2

*Redstone Logics LLC v. Apple Inc.*,
  No. 7:25-cv-00183-ADA (W.D. Tex.), Dkt. 45....................................................................1, 6

*Segin Sys., Inc. v. Stewart Title Guar. Co.*,
  30 F. Supp. 3d 476 (E.D. Va. 2014) ......................................................................................3

*Smartflash LLC v. Apple Inc.*,
  621 F. App'x 995 (Fed. Cir. 2015) .........................................................................................3

*Soverain Software LLC v. Amazon, Inc.*,
  356 F. Supp. 2d 660 (E.D. Tex. 2005)....................................................................................3

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014)...................................................................................3, 5

*Zomm, LLC v. Apple Inc.*,
    391 F. Supp. 3d 946 (N.D. Cal. 2019) ...................................................................6

**Rules and Statutes**

Rule 12 ...........................................................................................................................2

**TABLE OF EXHIBITS**

| Short Name | Description |
|---|---|
| Green Decl. | Declaration of Eric C. Green in Support of Defendants' Motion to Stay |
| Exhibit 1 | Order Granting Request for *Ex Parte* Reexamination, dated March 6, 2026 |
| Exhibit 2 | Redstone's Final Infringement Contentions, dated August 4, 2025 |
| Exhibit 3 | "*Ex Parte* Reexamination Filing Data" from the U.S. Patent and Trademark Office |
| Exhibit 4 | Excerpts of Advanced Micro Devices, Inc.'s Request for *Ex Parte* Reexamination of U.S. Patent No. 8,549,339 in *In re Patent of Wolfe, et al.*, dated December 9, 2025 |
| Exhibit 5 | Redstone's Response to Qualcomm's Interrogatory No. 10, excerpted from its Second Supplemental Objections and Responses to Defendants' First Set of Interrogatories (Nos. 1-16) |
| Exhibit 6 | Qualcomm's Response to Redstone's Interrogatory No. 3, excerpted from its March 26, 2026 Third Supplemental Objections and Responses to Redstone's First Set of Interrogatories (Nos. 1-15) |

i

## I.       INTRODUCTION

Defendants Qualcomm Incorporated and Qualcomm Technologies, Inc., (collectively, "Qualcomm") respectfully request that the Court stay this case pending the *ex parte* reexamination of the only patent in this case—U.S. Patent No. 8,549,339 ("the '339 patent").[1] That reexamination covers every claim Redstone Logics LLC ("Redstone") asserts. *Compare* Ex.[2] 1 at 18, *with* Ex. 2. The reexamination may therefore resolve this case.

A stay is particularly appropriate in this case for several reasons:

*First*, the reexamination is likely to materially affect this case. The request has already been granted, and the United States Patent & Trademark Office ("PTO") is reexamining all asserted claims of the asserted patent. Once the PTO grants a request for reexamination, it cancels or changes the asserted claims in 78.1% of cases. *See* Ex. 3. Here, the PTO granted reexamination on six separate substantial new questions. *See* Ex. 1. If the PTO cancels the asserted claims, there will be no case to try. Even if some claims of the '339 patent are not canceled, the reexamination could materially simplify the case by canceling the asserted claims, amending claims, or determining that the scope of one or more claims is affected by the prosecution record.

*Second*, there would be little, if any, prejudice to Redstone resulting from a stay. Redstone does not compete with Qualcomm or sell any products practicing the '339 patent. *See generally* Third Am. Compl., Dkt. 41; Ex. 5 (Redstone's response to Qualcomm's damages interrogatory). Further, Redstone seeks monetary relief. *See* Third Am. Compl., Dkt. 41 ¶ 16. If any asserted claim survives reexamination, Redstone can still seek damages.

*Third*, this case remains at a stage where a stay would preserve resources rather than waste

---

[1] Apple Inc. filed a motion to stay on similar grounds in *Redstone Logics LLC v. Apple Inc.*, No. 7:25-cv-00183-ADA (W.D. Tex.), Dkt. 45.

[2] Citations to "Ex." refer to exhibits attached to the Declaration of Eric C. Green ("Green Decl.").

them. Discovery is still in progress, and there is no trial date currently scheduled. The Court's involvement thus far has been limited to Rule 12 and Markman proceedings and a handful of discovery disputes, but Qualcomm anticipates the need to move for summary judgment of at least non-infringement and—based on Redstone's representations—*Daubert* proceedings to preclude Redstone's impermissible damages theories. By staying this case, the Court's burden in addressing those and other pretrial motions is potentially eliminated.

## II.    BACKGROUND

Redstone filed this action in September 2024, 11 years after the '339 patent issued and nine years after the first Qualcomm product allegedly using the accused functionality was announced. Dkt. 1-1; Ex. 6. On December 9, 2025, Advanced Micro Devices ("AMD")[3] filed a request for *ex parte* reexamination of the '339 patent. Ex. 4. The request challenges every claim Redstone asserts against Qualcomm in this litigation. *Compare* Ex. 4 at 1, *with* Ex. 2. On March 6, 2026, the PTO granted the request and ordered reexamination of all asserted claims. Ex. 1.

## III.    LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In patent cases, courts commonly consider three familiar factors in deciding whether to order a stay: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is

---

[3] AMD and Redstone have since resolved their litigation through settlement. *See Redstone Logics, LLC. v. Advanced Micro Devices, Inc.*, No. 7:25-cv-00182-DC-DTG (ECF Nos. 37 and 40). As the name implies, *ex parte* reexaminations may continue after settlement, because once the USPTO institutes reexamination, the "requestor[] has no future role to play" in the proceeding. *Joy Mfg. Co. v. Nat'l Mine Serv. Co, Inc.*, 810 F.2d 1127, 1130 (Fed. Cir. 1987).

complete and whether a trial date has been set." *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

This Court has granted stays under circumstances analogous to those present here—where an ordered reexamination covers all asserted claims of the asserted patent. *See, e.g.*, *Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*, No. 1:22-CV-852-RP, 2024 WL 5169808, at *3 (W.D. Tex. Apr. 11, 2024) (granting motion to stay pending *ex parte* reexamination following order granting EPR where no undue prejudice existed).

## IV.    ARGUMENT

### A.    A Stay Will Not Unduly Prejudice Redstone, But Proceeding Would Prejudice Qualcomm.

A stay pending the ordered reexamination will not unduly prejudice Redstone.[4] Delay alone is not undue prejudice, particularly where any alleged injury can be addressed through damages if the asserted claims survive reexamination. *Polaris Powerled Techs., LLC v. Dell Techs. Inc.*, No. 1:22-CV-0973-RP, 2023 WL 5282381, at *4 (W.D. Tex. Aug. 15, 2023) ("Polaris's remedy in this case is monetary damages, and a stay will not adversely impact its ability to collect damages for any injury."); *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("[M]ere delay in collecting [monetary] damages does not constitute undue prejudice."). Redstone does not compete with Qualcomm. *See generally* Third Am. Compl., Dkt. 41; Ex. 5 (Redstone's response to Qualcomm's damages

---

[4] Similarly, Redstone will not face a "clear tactical disadvantage" if a stay is implemented. Courts have found that such a disadvantage is present, for instance, where a stay would afford a party "two separate opportunities in two separate forums to challenge the validity of Plaintiff's patent." *See Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1003 (Fed. Cir. 2015) (citing *Segin Sys., Inc. v. Stewart Title Guar. Co.*, 30 F. Supp. 3d 476, 484 (E.D. Va. 2014)). Alternatively, a clear disadvantage may arise where a party deliberately withholds prior art from a PTAB petition to preserve it for district court litigation in the event the petition fails. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1320 (Fed. Cir. 2014). No such circumstance is present here.

interrogatory). Thus, if any asserted claim survives reexamination, Redstone can still seek damages.

Redstone's own delay further undercuts any claim of prejudice. The '339 patent issued in 2013 (*see* Dkt. 1-1), and Qualcomm's earliest identified U.S. order of an accused product was August 2015. Ex. 6 (Qualcomm's March 6, 2026 Supplemental Response to Redstone's Interrogatory No. 3). Yet Redstone and its predecessors in interest delayed until September 2024 to bring this case. Dkt. 1. That history is inconsistent with any claim that a stay pending reexamination would cause undue prejudice. And while it is true that Redstone itself only obtained the '339 Patent in 2022, the delay of its predecessors in interest are fairly attributable to Redstone. *See Eastman Kodak Co. v. Goodyear Tire, & Rubber Co.*, 114 F.3d 1547, 1559 (Fed. Cir. 1997) (in the context of a claim of laches, "Zimmer's actions prior to the assignment of the patent rights are imputed to Eastman. A patentee cannot avoid the consequences of his laches by transferring the patent."), *abrogated on other grounds by Cybor Corp. v. FAS Technologies, Inc.*, 138 F.3d 1448 (Fed. Cir. 1998); *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 931 (N.D. Cal. 2012) ("[A prior assignee's] conduct may be imputed to [the patentee] for at least some theories of unenforceability of patent rights, including laches, estoppel, and inequitable conduct" and collecting cases).

By contrast, proceeding now would impose real and avoidable prejudice on Qualcomm. Without a stay, Qualcomm would be forced to continue litigating discovery, invalidity, non-infringement, damages, and pretrial issues based on claims whose validity and scope are under active reexamination. If the PTO cancels or changes the asserted claims, as happens 78.1% of the time, then the resources spent in this Court will have been wasted and Qualcomm—and Redstone—may face the risk of duplicative or inconsistent proceedings involving the scope and

validity of the claims. That risk is especially acute because the prosecution history is actively developing during the reexamination. Avoiding precisely that prejudice and risk of inconsistency is one reason courts stay patent cases pending resolution of reexamination requests. *See Polaris*, 2023 WL 5282381, at *4; *TC Tech.*, 2021 WL 8083373, at *2–3; *Crossroads Sys.*, 2015 WL 3773014, at *3 (all focusing on conservation of parties' and the Court's resources).

**B.    The Reexamination Could Moot This Case by Cancelling All Asserted Claims.**

The second factor strongly favors a stay because the ordered reexamination covers every asserted claim. This is not a case where the PTO is reviewing only some asserted claims or issues peripheral to the litigation. The PTO is reexamining the same claims Redstone asks this Court to adjudicate.

If the PTO cancels the asserted claims, there will be no case to try. That is the ultimate simplification. Even if the PTO does not cancel every asserted claim, the reexamination may still substantially simplify the case. *Quartz Auto*, Dkt. 125, at *3 (quoting *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014)) ("The standard is simplification of the district court case, not complete elimination of it[.]"). The PTO may issue some rejections or create a prosecution record bearing on claim scope. Redstone may also amend claims, which could affect infringement, invalidity, damages, and intervening-rights issues. Should trial go forward on claims that are ultimately amended or invalidated, the efforts of the Court, the parties, and the jury would be for naught.

The PTO's published statistics make it clear that there is a significant chance of simplification. As discussed above, in more than three quarters of completed third-party requested *ex parte* reexaminations, the certificate does not confirm all claims. Ex. 3 at 2. Where, as here, every asserted claim is under reexamination, that likelihood of claim cancellation or change strongly favors a stay. *Polaris*, 2023 WL 5282381, at *3 (quoting *VirtualAgility Inc. v.*

*Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014)) (finding review of all claims of the only asserted patent "weighs heavily in favor of the stay").

Redstone may contend, as it did in its opposition to Apple's Motion to Stay, that if some, but not all, claims of the '339 Patent are changed or canceled, Redstone can change its infringement allegations to "avoid" the changed or canceled claims. *See Redstone Logics LLC v. Apple Inc.*, No. 7:25-cv-00183-ADA (W.D. Tex.), Dkt. 49, at 3–4. But Redstone's argument demonstrates precisely why this case should be stayed—if the target is moving as Redstone suggests, a stay until the reexamination has concluded is the most appropriate and efficient solution.

### C.    The Stage of This Case Favors a Stay.

The stage of the case also favors a stay. Fact discovery is ongoing. Expert discovery has not begun and does not begin for months. And no trial date is currently set. At base, this is a good time to stay this case because the parties and the Court have not yet invested the resources that might make a stay less efficient. *See Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019) (stage of the litigation favored a stay where "[n]o expert discovery has been conducted, no substantive motions have been filed, and no trial date has been set."); *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 771 (E.D. Penn. 2014) (stage of the litigation favored a stay where "fact and expert discovery is nowhere near complete" and "a trial date is not set").

Staying the case now would avoid the most burdensome and expensive phases of patent litigation, including expert reports, depositions, dispositive motions practice, pretrial filings, and trial preparation. Additionally, Qualcomm anticipates the need for the Court to resolve substantial pre-trial briefing, including, at least, a motion for summary judgment of non-infringement and damages-related *Daubert* motions. Staying the case now will therefore maximize the savings to the Court and the parties while the PTO reexamines every asserted claim of the only asserted patent.

The absence of a current trial date also supports a stay. Given the logistical difficulties of scheduling a patent jury trial, it is very likely that the median certificate-issuance of July 2027 will occur prior to a scheduled trial date. Further, certificate issuance is not the only relevant milestone. Substantive PTO activity may occur before then, and may itself simplify the case by addressing whether the asserted claims survive, whether Redstone amends them, and whether the prosecution record affects their scope. The fact that no trial date has yet been set makes a stay at this time particularly appropriate.

## V.    CONCLUSION

For the foregoing reasons, Qualcomm respectfully requests that the Court stay this action pending the ordered reexamination concerning the '339 patent. A stay will not unduly prejudice Redstone, will conserve judicial and party resources, and is likely to eliminate or substantially simplify this case.

Date: June 2, 2026

Respectfully submitted,

By: _Daniel S. Leventhal_

Richard S. Zembek (SBN 00797726)
richard.zembek@nortonrosefulbright.com
Daniel S. Leventhal (SBN 24050923)
daniel.leventhal@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1550 Lamar Street, Suite 2000
Houston, TX 77010
Telephone: (713) 651-5151
Fax: (713) 651-5246

Eric C. Green (SBN 24069824)
eric.green@nortonrosefulbright.com
Brett A. McKean (SBN 24057994)
brett.mckean@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
Fax: (512) 536-4598

**COUNSEL FOR DEFENDANTS QUALCOMM INCORPORATED AND QUALCOMM TECHNOLOGIES, INC.**

8

## CERTIFICATE OF CONFERENCE

I certify that on June 1, 2026, the parties met and conferred via teleconference, and counsel for Redstone indicated it opposes this motion.

By: *Daniel S. Leventhal*
Daniel S. Leventhal

**CERTIFICATE OF SERVICE**

I certify that on June 4, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: *Daniel S. Leventhal*
Daniel S. Leventhal

10