**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

|  |  |
|---|---|
| REDSTONE LOGICS LLC | |
| *Plaintiff,* | Case No. 7:24-cv-00231-ADA |
| v. | |
| QUALCOMM INC.; QUALCOMM TECHNOLOGIES, INC., | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

**TABLE OF CONTENTS**

I.    Introduction ......................................................................................................... 1

II.   Legal Standard .................................................................................................... 1

III.  ARGUMENT ....................................................................................................... 2

    A.    Redstone Will Be Prejudiced By A Stay ...................................................... 2

    B.    There Is No Simplification To Be Had By A Stay ........................................ 4

    C.    Two Years Of Litigation Do Not Favor a Stay ............................................ 6

IV.   Conclusion .......................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Redstone Logics LLC*,
    IPR2025-01532, Paper 10 (PTAB Jan. 27, 2026)......................................................................... 5

*Cybor Corp. v. FAS Techs., Inc.*,
    138 F.3d 1448 (Fed. Cir. 1998) ................................................................................................. 3

*Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*,
    114 F.3d 1547 (Fed. Cir. 1997) ................................................................................................. 3

*EchoStar Techs. Corp. v. TiVo, Inc.*,
    No. 5:05-CV-81, 2006 WL 2501494 (E.D. Tex. July 14, 2006). .............................................. 1

*EON Corp. IP Holdings, LLC v. Sensus USA Inc.*,
    No. 6:09-CV-116, 2009 WL 9506927 (E.D. Tex. Dec. 18, 2009) ............................................ 2

*E-Watch, Inc. v. Lorex Canada, Inc.*,
    No. H-12-3314, 2013 WL 55425298, (S.D. Tex. Sept. 26, 2013)) ........................................... 1

*Impinj, Inc. v. NXP USA, Inc.*,
    No. 6:21-CV-00530-ADA, 2023 WL 7476358 (W.D. Tex. May 18, 2023) ......................... 4, 7

*Kirsch Rsch. & Dev., LLC v. IKO Indus. Inc.*,
    No. 6:20-CV-00317- ADA, 2021 WL 455610 (W.D. Tex. Oct. 5, 2021).................................. 1

*Malikie Innovations LTD. et al v. Mara Holdings INC.*,
    No. 7:25-cv-00222-DC-DTG (W.D. Tex. June 1, 2026)............................................................ 1

*MediaTek, Inc. et al v Redstone Logics LLC*,
    IPR2025-00085, Paper 7 (PTAB Apr. 22, 2025).......................................................................5

*MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*,
    2015 WL 11573771 (W.D. Tex. Jan. 5, 2015) .......................................................................... 3

*NXP USA, Inc. f/k/a NXP Semiconductors USA, Inc. et al. v. Redstone Logics LLC*,
    IPR2025-00485, Paper 1 (PTAB Jan. 22, 2025)....................................................................... 2

*NXP USA, Inc. f/k/a NXP Semiconductors USA, Inc. et al. v. Redstone Logics LLC*,
    IPR2025-00485, Paper 11 (PTAB Jul. 10, 2025) ..................................................................... 2

*Realtime Data, LLC v. Rackspace US, Inc.*,
    No. 6:16-CV-00961-RWS-JDl, 2017 WL 772654 (E.D. Tex. Feb. 27, 2017) .......................... 1

*Redstone Logics LLC v. Advanced Micro Devices, Inc.*,
    No. 7:25-cv-00182, Dkt 40 (W.D. Tex. May 8, 2026) .............................................................. 5

*Redstone Logics LLC v. MediaTek Inc. et al*,
   No. 7:24-cv-00029 (W.D. Tex. Jan. 26, 2024) .............................................................. 3

*Redstone Logics LLC v. Samsung Electronics Col, Ltd et al*,
   No. 2:23-cv-00485 (E.D. Tex. Oct. 17, 2023) ............................................................... 3

*TC Tech. LLC v. T-Mobile USA*,
   No. 6-20-CV-00899- ADA, 2021 WL 8083373 (W.D. Tex. 2021) ........................................ 3

*Videoshare, LLC v. Meta Platforms Inc.*,
   No. 6-21-CV-00254-ADA, 2022 WL 3142622 (W.D. Tex. Aug. 5, 2022) ............................... 6

*Walker Digital, LLC v. Google, Inc.*,
   No. CV 11-318-LPS, 2014 WL 2880474 (D. Del. June 24, 2014) ........................................ 3

*Worldwide Oilfield Mach., Inc. v. Ameriforge Grp., Inc.*,
   No. H-13-3123, 2015 WL 12780757 (S.D. Tex. June 5, 2015) .................................................. 1

## I.    INTRODUCTION

After just shy of two years of litigation, with trial in sight, and after sitting on the underlying EPR decision for four months, Defendants now ask the Court for a stay. It is too late. Although, based on Defendants delays and conflicts, no trial has been set in this case, it is entirely certain that the average and median time to completion of EPRs places the conclusion of this EPR well after trial in this case. If that were not enough, a stay will offer no simplification here, any claim likely to be canceled will be narrowed out and unlike an IPR no estoppel can attach meaning the Court will have to consider the exact issues raised in the EPR regardless. The only result will be costly delay, a cost born only by Plaintiff. As such, a stay is not justified here and Defendants motion should be denied.

## II.    LEGAL STANDARD[1]

Patent infringement suits are not automatically stayed pending the resolution of parallel USPTO proceedings. *See Kirsch Rsch. & Dev., LLC v. IKO Indus. Inc.*, No. 6:20-CV-00317-ADA, 2021 WL 455610, at *2 (W.D. Tex. Oct. 5, 2021) (quoting *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961-RWS-JDl, 2017 WL 772654, at *2 (E.D. Tex. Feb. 27, 2017)). Rather, courts must first determine if the stay's benefits outweigh its inherent costs. *Id*. (quoting *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006). To do so, courts generally weigh (1) whether a stay would unduly prejudice or tactically disadvantage the non-movant; (2) the stage of the proceedings; and (3) whether a stay would simplify the issues in this case. *See id*.; s*ee also Worldwide Oilfield Mach., Inc. v. Ameriforge Grp., Inc*., No. H-13-3123, 2015 WL 12780757, at *1 (S.D. Tex. June 5, 2015) (citing *E-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-3314, 2013 WL 55425298, (S.D. Tex. Sept. 26, 2013)).

---

[1] *See Malikie Innovations LTD. et al v. Mara Holdings INC.*, Case No. 7:25-cv-00222-DC-DTG (W.D. Tex. June 1, 2026).

1

III.     **ARGUMENT**

A.      **Redstone Will Be Prejudiced By A Stay**

Defendants ignore the law and the circumstances in an attempt to get not a second, but a third bite at the proverbial apple. A stay will permit Defendants a full three attacks at the validity of Plaintiff's patent on largely the same grounds. Moreover, a stay will materially damage Redstone, harming its licensing position, while the only "prejudice" Defendants can allege is simply continuing its litigation.

First, while Defendants attempt to hide this issue in a footnote, it is indisputable that a stay would grant Defendants a full three attempts at the same invalidity argument. First, Defendants assert invalidity in this case, including based on White. Ex. 1 at 10. Second, Defendants sought to have an IPR instituted raising White as its primary reference. *See NXP USA, Inc. f/k/a NXP Semiconductors USA, Inc. et al. v. Redstone Logics LLC*, IPR2025-00485, Paper 1 (PTAB Jan. 22, 2025). This IPR was defeated on discretionary grounds. *See NXP USA, Inc. f/k/a NXP Semiconductors USA, Inc. et al. v. Redstone Logics LLC*, IPR2025-00485, Paper 11 (PTAB Jul. 10, 2025). Third, though brought by a different defendant, the EPR at the heart of Defendants motion likewise raises White and other references Defendants also raises in its contentions. *Compare* Motion Ex. 4 with Ex. 1. A stay will permit Defendants to learn not only from its failed IPR (which although it was denied on discretionary grounds, Redstone still had to file its patent owner preliminary response addressing the merits), but to also learn from Plaintiff's EPR arguments and modify their invalidity arguments in this case based on those arguments. Effectively, Defendants will have three attempts to invalidate Redstone's patent when justice grants them but one. This is real prejudice to Redstone. *See EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, No. 6:09-CV-116, 2009 WL 9506927, at *2 (E.D. Tex. Dec. 18, 2009).

Second, contrary to Defendants arguments, Redstone is still prejudiced by a stay even if only seeking monetary damages. As this Court has previously held, a patent owner that seeks solely monetary relief still has an interest in enforcing its patent right. *TC Tech. LLC v. T-Mobile USA*, No. 6-20-CV-00899- ADA, 2021 WL 8083373, at *2 (W.D. Tex. 2021) (citing *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd*., 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015)). As recognized by now Federal Circuit Judge Stark, the longer Defendants are allowed to fragrantly infringe the patent-in-suit, the lower the value of the patent-in-suit. *Walker Digital, LLC v. Google, Inc.*, No. CV 11-318-LPS, 2014 WL 2880474, at *1 (D. Del. June 24, 2014). Other infringers seeing Apple practice without payment will be less inclined to take a license and that damage cannot be cured by a monetary award when such an award is limited to a reasonable royalty.

Moreover, Redstone has not delayed its case. While Qualcomm identifies its infringement dating back to 2015, Redstone only came to possess the '339 in late 2022. Ex. 2. Shortly thereafter, Redstone began enforcing its rights. *See Redstone Logics LLC v. Samsung Electronics Col, Ltd et al*, Case No. 2:23-cv-00485 (E.D. Tex. Oct. 17, 2023); *Redstone Logics LLC v. MediaTek Inc. et al*, Case No. 7:24-cv-00029 (W.D. Tex. Jan. 26, 2024); *Redstone Logics LLC v. NXP Semiconductors NV et al*, Case No. 7:24-cv-00028 (W.D. Tex. Jan. 26, 2024); *Redstone Logics LLC v. Qualcomm Inc. et al*, Case No. 7:24-cv-00231 (W.D. Tex. Sep. 20, 2024). Redstone should not be faulted for not having brought suit against Defendants sooner,[2] unlike Defendants, Redstone's resources are limited and it cannot support unlimited litigation and must instead

---

[2] While Defendants attempt to blame Redstone for the prior patent owner not having brought suit, it has no support for such a contention. Indeed, the case Defendants cite addresses laches and specifically explained that laches had already rendered the patent unenforceable before the assignment and "[a] patentee cannot avoid the consequences of his laches by transferring the patent." *Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*, 114 F.3d 1547, 1559 (Fed. Cir. 1997), abrogated by *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448 (Fed. Cir. 1998). Unlike the unenforceability associated with laches that had attached to the patent prior to transfer, in this case when Redstone acquired the patent the EPR in question had not even been filed and no case against Defendants had been brought.

approach litigation piecemeal. As such, while Redstone's limited resources have delayed its case against Defendants, that is no basis to contend further delay will not prejudice Redstone.

By contrast, Defendants are not entitled to claim prejudice. A prejudice here is an injury or harm not merely failing to gain a boon to which Defendants never had a claim. Defendants' claim of prejudice is having to litigate this action. That is not prejudice, that is standard litigation.

Because Redstone's prejudice here will be serious and indefinite and Defendants have no claim to prejudice if a stay is not granted, this factor weighs against a stay.

**B.      There Is No Simplification To Be Had By A Stay**

"[W]hether a stay would likely result in a simplification of issues before the court" is the most important factor (*Impinj, Inc. v. NXP USA, Inc.*, No. 6:21-CV-00530-ADA, 2023 WL 7476358, at *4 (W.D. Tex. May 18, 2023)) but Defendants argument on this factor misrepresents how this case will proceed. First, unlike with an IPR, there will be no estoppel here narrowing the invalidity case. The only possible simplification is to Redstone's infringement case, but this simplification will occur regardless of the stay and thus there is no simplification to be gained by staying this action. Second, the history of the '339 Patent demonstrates it is particularly unlikely any claim will be canceled. And last, any conclusion of the EPR will arrive well after trail and thus not arrive in time to simplify any issues for trial.

It is a simple fact that the parties are not going to litigate every single claim of the '339 Patent and Redstone will be well positioned to avoid claims likely to be changed or canceled. Indeed, the parties have already agreed to narrow the number of asserted claims in this action with a deadline to meet and confer in September. Dkt. 59. Redstone's choice in narrowing its claims will be informed by the progression of the *ex parte* reexamination. The examiner will enter office actions informing Redstone and the public of its position as to what claims are or are not valid. Redstone will aim to avoid claims it might need to change or that will be canceled. In the meantime,

4

there is nearly no difference in the effort the parties and the Court will expend in addressing Redstone's patent claims. The effort required to litigation even one patent claim is largely equivalent to that of litigating multiple claims from that same patent. The claims, by their nature, have a similar scope and common subject matter.

While Defendants contend this means "the target is moving" and a stay is "the most appropriate and efficient solution," it offers no explanation why. The target is not "moving," the examiner is not going to decide some claims are valid in the first office action but then in the second action are invalid. Nor has Qualcomm identified any additional effort that the Court or parties will expend by following this path. As such it is unclear why a hugely disruptive stay, at the close of fact discovery, would be more efficient.

Only if all of the claims of the '339 Patent are canceled will Redstone not be able to simply assert only the claims expected to be confirmed. Historically, that has only occurred in about 15% of EPRs. Motion Ex. 3 at 2. But here, the EPR is particularly weak and unlikely to result in any cancelation or changing of any claim.[3]

Indeed, Redstone has already defeated three prior patent office challenges to its '339 Patent, including one from Apple. *See MediaTek, Inc. et al v Redstone Logics LLC*, IPR2025-00085, Paper 7 (PTAB Apr. 22, 2025); *NXP USA, Inc. f/k/a NXP Semiconductors USA, Inc. et al. v. Redstone Logics LLC*, IPR2025-00485, Paper 11 (PTAB Jul. 10, 2025); *Apple Inc. v. Redstone Logics LLC*, IPR2025-01532, Paper 10 (PTAB Jan. 27, 2026). More strikingly, the EPR cites only a single reference not included in these failed IPRs. *See* Motion Ex. 4. While two of these IPRs were denied on discretionary factors, those factors include weakness of the petition. The Patent

---

[3] Indeed, the original party to file the EPR recognized this and took a license settling Redstone's action against AMD. *Redstone Logics LLC v. Advanced Micro Devices, Inc.*, 7:25-cv-00182, Dkt 40 (W.D. Tex. May 8, 2026).

Office has thus spoken, the grounds underlying the EPR are weak and unlikely to result in cancellation of any, much less all claims.

Last, under the current schedule, trial can be expected between 6 months and a year before the EPR concludes. The median pendency for an EPR places the certificate issuing in August of 2027 with the average pendency placing it at January 2028. *See* Motion Ex. 3 at 2. This case will be ready for trial in December of 2026, *see* Dkt. 59, and while trial is not currently set a delay of more than 6 months is not reasonable. When "the USPTO will not complete the reexamination until after trial has occurred, [] the reexamination decision will not arrive in time to simplify any issues for trial." *Videoshare, LLC v. Meta Platforms Inc.*, No. 6-21-CV-00254-ADA, 2022 WL 3142622, at *2 (W.D. Tex. Aug. 5, 2022).

Because any simplification is unlikely, untimely, and will be achieved regardless of a stay, this factor weighs strongly against staying this case.

## C.    Two Years Of Litigation Do Not Favor a Stay

This case was not just filed, the parties have argued multiple motions to dismiss, claim construction, and discovery disputes. The parties are exchanged discovery with deposition scheduled and expert discovery just around the corner. While trial is not set, the case will be prepared for trial by December. That is a significant investment that the Court should not simply discard.

Moreover, Defendants has been lackadaisical not diligent in this matter. If Defendants were going to seek a stay in this case, it should have done so in March, when the EPR was granted. Motion Ex. 1. Instead, Defendants delayed four months. Four months in which the parties litigated this case, engaged in discovery, and ran up legal bills. For Defendants to now claim a stay "would avoid the most burdensome and expensive phases of patent litigation" rings entirely hollow.

6

Defendants' counter arguments misconstrue this factor and flip it on its head. Defendants are correct there is still significant work to be done on this case, but this factor is backwards looking; "the question is whether the court has expended significant resources already, not whether the most burdensome part of the case has occurred, which will inevitably result in further expenditures." *Impinj, Inc. v. NXP USA, Inc.,* No. 6:21-CV-00530-ADA, 2023 WL 7476358, at *3 (W.D. Tex. May 18, 2023) (internal citations omitted). The parties have accomplished much in this action, this weighs against a stay.

## IV.    <u>CONCLUSION</u>

In light of Defendants' many months of delay, placing its request for a stay nearly 2 years into this case and that a stay will grant no greater simplification than simple rational litigation on the part of Redstone will, Defendants' motion to stay should be denied for the same reasons as Apple's motion.

Dated: June 11, 2026                    Respectfully submitted,

*/s/ Joshua Scheufler*
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
Joshua Scheufler
TX State Bar No. 24123406
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email : jscheufler@raklaw.com

Qi (Peter) Tong
TX Bar No. 24119042
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474
 Email: ptong@raklaw.com

*Attorneys for Plaintiff Redstone Logics LLC*

8

9

**CERTIFICATE OF SERVICE**

I certify that on June 11, 2026, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Joshua Scheufler*
Joshua Scheufler