# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **REDSTONE LOGICS LLC,**<br>*Plaintiff,* | §<br>§<br>§<br>§ | |
| *v.* | §<br>§<br>§ | **7:24-CV-00231-ADA** |
| **QUALCOMM INC.; QUALCOMM TECHNOLOGIES, INC.,**<br>*Defendants.* | §<br>§<br>§<br>§ | |

## ORDER

Having considered Defendants' Motion to Stay (Dkt. 62, 64), Plaintiff's Response (Dkt. 65), and the applicable facts and law, the Court is of the opinion that it should be **GRANTED**.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In patent cases, courts commonly consider three familiar factors in deciding whether to order a stay: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

Here, the United States Patent & Trademark Office ("PTO") is reexamining all asserted claims of the only asserted patent ("the '339 patent"). Dkt. 62 at 1. The Court does not find any undue prejudice or clear tactical disadvantage to Plaintiff. If any asserted claim survives reexamination, Plaintiff can still seek damages. Additionally, the stage of the case favors a stay. Discovery is still ongoing, and there is no trial date currently scheduled.

Accordingly, the Court hereby **GRANTS** Defendants' Motion to Stay (Dkt. 62, 64).

**SIGNED** this 16th day of June, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE