**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **REDSTONE LOGICS LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **NO. MO:24-CV-00231** |
| | § | |
| **QUALCOMM INC., ET AL.,** | § | |
| *Defendants.* | § | |

**ORDER**

On this day the Court considered the above-styled and numbered cause. The Court previously stayed this action pending the United States Patent and Trademark Office's reexamination of U.S. Patent No. 8,549,339 ("the '339 patent"). *See* Doc. No. 67.

In light of the stay, and for administrative purposes only, the Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case.[1] This administrative closure is not a dismissal or final adjudication and does not affect the stayed status of this action.

All provisions of the Court's prior stay order remain in full force and effect, including to file a joint status report every six-months and within seven (7) day of the completion of the reexamination of the '339 Patent, and to move for entry of an amended scheduling order within fourteen (14) days of the completion of the reexamination.

It is so **ORDERED**.

**SIGNED** this 27th day of August, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

[1] *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stay (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay. . . .")